UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

**ELETSON HOLDINGS, INC. and
ELETSON CORPORATION,**

                    Petitioners,                Civil No. _____

                          v.                        **PETITION TO CONFIRM
ARBITRAL AWARD**

**LEVONA HOLDINGS LTD,**

                    Respondent.

Petitioners Eletson Holdings, Inc. ("Holdings") and Eletson Corporation ("Corp") (collectively "Eletson") hereby petition this Court for an order to confirm an arbitration award issued by the Hon. Ariel Belen of JAMS on August 15, 2023, and state as follows:

**PRELIMINARY STATEMENT**

1.      Eletson is commencing this proceeding to recognize and enforce an arbitration award rendered in New York City, New York and to have judgment entered thereon, pursuant to Section 207 of the Federal Arbitration Act, 9 U.S.C. § 207 (the "FAA"). A true and correct copy of the Corrected Interim Award, dated August 15, 2023 (the "Award"), is annexed to the Declaration of Louis M. Solomon ("Solomon Decl.") as Exhibit A.

**PARTIES**

2.      Petitioners Holdings and Corp are both corporations formed under the laws of Liberia. Holdings holds the common shares in non-party Eletson Gas LLC (the "Company"), a limited liability company formed under the laws of the Republic of the Marshall Islands. Corp,

1

among other things, is responsible for management services for the vessels owned directly or indirectly by the Company. (Solomon Decl., Ex. A at 4).

3. Respondent Levona Ltd. ("Levona") is a special purpose entity formed on October 20, 2021 and is incorporated under the laws of the British Virgin Islands. Levona is 60% owned by Nomis Bay Ltd. and 40% owned by BPY Limited — two hedge funds which are controlled by Murchinson Ltd. ("Murchinson"), an alternative management firm that manages and wholly controls the two funds. (*See* Solomon Decl., Ex. A at 6).

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 9 U.S.C. §§ 202 and 203, in that this is a civil action seeking recognition and enforcement of an award rendered in an arbitration falling under the Convention on the Enforcement and Recognition of Foreign Arbitral Awards (the "New York Convention").

5. This Court has personal jurisdiction over the parties to confirm the Award because the arbitration was held in New York, and the parties have consented to enforcement of any arbitral award, as agreed in section 12.14 of the Company's Third Amended and Restated LLC Agreement ("LLC Agreement"), which regulates the relationship among the holders of membership interests in the Company, including the resolution of disputes. (Solomon Decl., Ex. B, § 12.14).

6. Venue is proper in this judicial district pursuant to 9 U.S.C. § 204 because this Petition seeks confirmation of an arbitration award made within this District.

## BACKGROUND FACTS

7. This is a petition to confirm an award governed by the New York Convention and the FAA and awarded pursuant to the terms of a contract involving Petitioner and Respondent.

8.      On or about August 16, 2019, Holdings, Corp, and Levona's predecessors in interest, BTO Eletson Holdings L.P., Blackstone Family Tactical Opportunities Investment Partnership (Cayman) ECS L.P., and Blackstone Family Tactical Opportunities Investment Partnership (Cayman) SMD L.P., (collectively, "Blackstone") entered into the LLC Agreement. Section 12.14 of the LLC Agreement is entitled "Disputes", and subsection 12.14(a) provides:

> Any dispute, claim or controversy arising out of or relating to this Agreement or the breach, termination, enforcement, interpretation or validity thereof (including the determination of the scope or applicability of this agreement to arbitrate) shall be determined by arbitration in New York County in the State of New York or any other mutually agreeable location, before a single arbitrator. The arbitrator shall be selected by agreement of the parties. If the parties are unable to agree on an arbitrator within 15 days after the demand for arbitration is made, JAMS shall designate the arbitrator. The arbitration shall be administered by JAMS pursuant to its Comprehensive Arbitration Rules and Procedures. The Federal Arbitration Act shall govern the interpretation and enforcement of such arbitration proceeding. The arbitrator shall apply the Law of the State of Delaware and the Republic of the Marshall Islands, as the case may be, in accordance with Section 12.13.

(Solomon Decl., Ex. A. at 11).

9.      At some point in 2021, Blackstone and Murchinson reached an agreement whereby Murchinson would purchase Blackstone's interest in the Company.  Murchinson then created Levona to hold these interests.  On November 2, 2021, Blackstone assigned its interest in the Company to Levona.  Accordingly, Levona joined the LLC Agreement on or about November 2, 2021.  (Solomon Decl., Ex. A at 6).

10.     In early 2022, Eletson and Levona entered into discussions to finalize the terms of a transaction wherein Eletson acquired Levona's membership interests in the Company.  On March 11, 2022, the parties effectuated the buyout of Levona's interests in the Company pursuant to various transaction documents (the "Transaction Documents").  (Solomon Decl., Ex. A at 7).

11.     However, during the course of the parties' dealings, Levona, fraudulently and in bad faith, deprived Eletson of the benefits of its bargain and unjustly enriched itself at the expense of Eletson and the Company.  Among other things, Levona failed to acknowledge Eletson's compliance with the terms of the Transaction Documents, asserted they had not transferred the preferred interests in the Company, and continued to act on behalf of the Company in complete bad faith, including by entering into a Letter of Intent with the Company's competitor, Unigas, in order to sell substantially all of the Company's vessels.  (*See* Solomon Decl., Ex. A at 72).

## **ARBITRAL PROCEDURAL HISTORY AND AWARD**

12.     On July 29, 2022, Eletson commenced arbitration in New York under the LLC Agreement.  (Solomon Decl., Ex. A at 10).  Pursuant to the parties' agreement, JAMS appointed Justice Belen to act as the sole arbitrator of the dispute on August 16, 2022.

13.     Levona filed its Response to Statement of Claims and Statement of Counterclaims on August 19, 2022.  On September 12, 2022, Levona moved to strike Eletson's claims, asserting that the claims were not within the jurisdiction of JAMS.  (Solomon Decl., Ex. A at 10).

14.     On September 30, 2022, Justice Belen issued an Order denying Levona's motion, holding that "the arbitration provision in the LLC Agreement is broad, encompasses the claims asserted, and the parties agree that this arbitration provision was not replaced or superseded by the arbitration [provision] in the Transaction Documents."  Justice Belen also found that Levona had waived its jurisdictional challenges when it availed itself of the JAMS forum by filing counterclaims.  (Solomon Decl., Ex. A at 11-12).

15.     On Eletson's application, Justice Belen also issued a temporary restraining order, providing that "during the pendency of this Temporary Restraining Order the parties hereto shall

maintain the status quo and shall not, among other things: (1) engage in the transfer or sale of any assets of Eletson Gas LLC (the "Company") absent the joint written consent of the parties, which shall be sent to the undersigned Arbitrator; or (2) notice or conduct of any board meetings for the purposes of proposing or considering transfer or sale of any assets of the Company." (Solomon Decl., Ex. A at 12-13).

16. Justice Belen further clarified the parameters of the "status quo" on November 7, 2022, holding that "[a]ny attempt to sell or otherwise transfer the Symi and Telendos vessels [two of the assets in dispute] will be deemed to be in violation of the TRO." (Solomon Decl., Ex. A at 13).

17. On January 12, 2023, Justice Belen issued a decision on the parties' cross-motions for preliminary injunctions and entered a Preliminary Injunction extending the temporary restraining order's prohibition on actions altering the status quo until further notice. Specifically, the preliminary injunction stated the following:

> The parties hereto shall maintain the status quo and shall not, among other things:
> (a) engage in the transfer or sale of, or attempt to sell or otherwise transfer, any assets of Eletson Gas LLC (the "Company"), or assets in dispute in this arbitration, absent the joint written consent of the parties, which shall be sent to the undersigned Arbitrator; or (2) notice or conduct of any board meetings for the purposes of proposing or considering the transfer or sale of any assets of the Company or other assets in dispute in this arbitration.

(Solomon Decl., Ex. At 13).

18. Discovery proceeded, and Eletson amended its Statement of Claims based on evidence it uncovered indicating that Levona, through and directed by Murchinson, bribed Corp's Chief Financial Officer, Peter Kanelos, and caused him to disclose sensitive, non-public, and confidential Company information before and after Levona acquired the preferred interests in the Company. Murchinson also improperly communicated directly with Company financiers

5

and lenders, and engaged in industrial sabotage that led to the arrest of Company vessels prior to and after Levona's acquisition of the preferred interests in the Company.  (*See* Ex. A at 21-24).

19.     A nearly two-week arbitration hearing was scheduled to begin on May 15, 2023. Prior to the hearing, Levona stipulated that it would not object to or challenge the arbitration "on fairness grounds or on the basis that it ha[d] not been granted enough time to prepare for or present its case."  (Solomon Decl., Ex. A at 15-16).

20.     The hearing proceeded for eight days, in which Justice Belen heard testimony from representatives of both Eletson and Levona, expert witnesses, and others.  (Solomon Decl., Ex. A at 3).

21.     At the conclusion of the Arbitration, the parties consented to a 15-day extension of the 30-day deadline under the JAMS Rules to issue an award.  *See* JAMS Rule 24(a).

22.     On June 4, 2023, Justice Belen issued an email order contemplating that the award that would be issued at the conclusion of 45 days would be a final resolution of the claims: "***in order to ensure that the award addresses each item of relief requested by each party***, I request that each party provide a proposed order in their post-hearing submissions which lists the specific rulings, orders, or declarations that they are seeking in the award."  (Solomon Decl., Ex. C) (emphasis added).

23.     On July 28, 2022, Justice Belen issued an "interim" ruling and award ("Interim Award") in Eletson's favor, but clearly specified that the, "Interim Award resolves all issues submitted for decision in this arbitration, except as expressly reserved relating to the amount of Claimants' attorney's fees, costs, expenses and pre-judgment interest."  (Solomon Decl., Ex. D).

24.     On August 11, 2023, Levona sought to argue that the Interim Award was not an award subject to JAMS Rule 24's provisions regarding finality.

6

25. On August 14, 2023, Justice Belen soundly rejected Levona's argument holding, "there is absolutely no merit to Respondent's argument that the Interim Award was not a final determination with respect to all the issues and arguments raised in this arbitration relating to the merits of the claims and counterclaims." (Solomon Decl. Ex. D).  However, Justice Belen granted Levona an extension under the JAMS rules to identify, "any computational, typographical or other similar error in the Interim Award." (*Id.*).

26. On August 15, 2023 Levona submitted its request for corrections.  Eletson responded to Levona's proposed changes the same day.

27. On August 15, 2023, Justice Belen issued his rulings on the proposed corrections and the Award.  Thus, the Award was considered "final" under the JAMS Rules as of August 15, 2023.  *See* JAMS Rule 24(k) (providing that an award is considered "final" "as of the effective date of service of a corrected Award.").

28. The Award contains the following findings:

> 1. Eletson effectively exercised the buyout option granted in the Binding Offer Letter dated February 22, 2022 on and as of March 11, 2022, and any alleged precondition to the exercise of that option was either satisfied or waived.
>
> 2. As of March 11, 2022, Respondent Levona had no membership interest in the Company, Eletson Gas.
>
> 3. The Company exercised its rights under the BOL to nominate three entities—Fentalon, Apargo, and Desimusco, (the Preferred Nominees)—affiliated with the principals of Claimants, as the parties to receive the preferred interests in the Company, previously held by Levona.
>
> 4. The preferred interests in the Company were transferred to the Preferred Nominees, effective as of March 11, 2022, and the Preferred Nominees are permitted transferees under the LLC Agreement. They have stipulated to be bound by this Award and any Judgment entered hereon.
>
> 5. Eletson Holdings and Eletson Corporation never held any of the preferred interests in the Company.

6. The shares of the subsidiaries which control the Symi and Telendos were transferred to Levona as of March 11, 2022 as the Purchase Option Consideration in connection with the BOL. Since March 11, 2022, Levona retains all rights associated with ownership of the subsidiaries of those vessels.

7. The Status Quo Injunction shall stay in effect until the later of the final court judgment being entered on any Award or any further order of this Arbitrator.

8. Levona, Murchinson, and Pach Shemen, are each alter egos of the other concerning every fact proven in this matter and every item of relief awarded herein. Any references to Levona herein are therefore to all the alter-egos and for the avoidance of doubt, any judgments against Levona are also against each alter-ego.

9. Levona breached its LLCA and related obligations, including without limitation common law and contractual duties to Claimants and the Company, in at least the following ways:

   i. Bribing an Eletson Corporation employee, and Company representative, Peter Kanelos, and causing him to disclose the Company's confidential information;

   ii. Violating confidentiality obligations by disclosing the Company's confidential information to third parties, failing to take steps to recover such information, and then deceiving Claimants and the Company concerning said breaches after it became a member of the Company;

   iii. actively engaging in unlawful behavior by wrongfully influencing Company financiers to turn against the Company and Claimants, including without limitation by causing the arrest of five of the Company's vessels and not disclosing this misconduct to Eletson or the Company after it became a member of the Company;

   iv. Failing to acknowledge that Eletson fully complied with the terms of the BOL Purchase Option, and failing to act in good faith by remaining silent about its purported belief that the Company would or might fail to meet its BOL terms;

   v. Improperly purporting to act on behalf of the Company in its business dealings with third parties, including by attempting to sell the Company's assets to its primary competitor, Unigas, and concealing such misconduct from Claimants;

  vi. Improperly threatening Eletson and affiliated officers and directors, including by pursuing litigation against them;

  vii. Improperly purporting to seize control of the Company's board of directors post-March 11, 2022;

  viii. Improperly purporting to direct the day-to-day operations of the Company post-March 11, 2022;

  ix. Improperly purporting to assert control over the assets of the Company post March 11, 2022;

  x. Improperly purporting to call and hold meetings of the Board of the Company without following proper procedures and for unlawful and improper purposes of approving unlawful and improper conduct post March 11, 2022;

  xi. Breaching its obligations under the LLCA, including without limitation by purporting to terminate management agreements that Eletson Corporation has with the Company's subsidiaries, purporting to change management of the Company's subsidiaries, precluding Eletson Corporation from communicating with the Company's financiers, all of which Levona knew was unlawful and in breach of the LLCA;

(Ex. A at 74-77.) Justice Belen also found that Respondent had violated the Status Quo Injunction by:

  i. Wrongfully declaring the Company in default of the loan from Levona and wrongfully purporting to accelerate payment of the principal;

  ii. Trying to sell vessels, including the Symi and Telendos, while the Status Quo Injunction was in effect; and

  iii. Directing and/or causing Levona's affiliates to purchase a controlling position in securities of Eletson Holdings in January 2023 for the purpose of wrongfully commencing and then actually causing the commencement of litigation against Eletson Holdings and the filing an involuntary bankruptcy petition against Eletson Holdings.

(Solomon Decl., Ex. A at 77-78).

  29. Justice Belen also awarded Eletson damages as follows:

### B. Compensatory Damages

Levona, Murchinson and Pach Shemen, as alter-egos, jointly and severally, shall pay $43,455,122.21 in compensatory damages as follows:

1. $21,777,378.50, to be paid to Eletson Gas, as compensatory damages for the improper arrests of Eletson Gas vessels, which includes prejudgment interest at a rate of 10% from the date of the arrests (or approximate date the expenses were incurred) through January 2023;

2. $19,677,743.71, to be paid to the Preferred Nominees, constituting the lost profits (EBITDA) due to Levona's unjust enrichment arising from available use of the Symi and Telendos since March 11, 2022, without the reciprocal transfer of the preferred interests, which includes pre-judgment interest through January 2023;

3. $2,000,000 to be paid to Eletson Gas, as compensatory damages arising out of Levona's other breaches of contract, with prejudgment interest at 10% from the date of this Corrected Interim Award until the earlier of the payment of either this award or confirmation in a court of competent jurisdiction of this award.

4. The entities referred to in B.1 and B.2 respectively shall also be awarded prejudgment interest on the principal amount of the compensatory damages in paragraph B.1. above, (damages for improper arrests), and paragraph B.2. above (damages for lost profits due to Levona's unjust enrichment) at a rate of 10% running from January 30, 2023 through the earlier of either the payment of the award or confirmation of the award in a court of competent jurisdiction.

### C. Punitive Damages

Levona, Murchinson and Pach Shemen, as alter-egos, jointly and severally, shall pay punitive damages in the total amount of $43,455,122.21, as follows:

1. $23,777,378.50, to be paid to Eletson Gas; and

2. $19,677,743.71 to be paid to the Preferred Nominees.

### D. Attorney's Fees

> Levona, Murchinson and Pach Shemen, as alter-egos, jointly and severally, shall pay, in amounts to be determined:
>
> Attorney's fees, costs, and expenses to Claimants incurred to date in connection with this arbitration, the Bondholder Litigation, and the bankruptcy proceeding pursuant to the LLCA Section 12.14(d) and JAMS Rule 24(g).

(Solomon Decl., Ex. A at 78-79).

30. The Award finally and conclusively disposes of the substantive claims submitted by the parties, merely bifurcating the issue of the prevailing party's attorneys' fees and costs for later resolution. Accordingly, the Award is a final award and is ripe for confirmation. *See Adult Use Holdings Inc. v. Faze Clan Inc.*, 631 F. Supp. 3d 174, 182 (S.D.N.Y. 2022) ("[a]n award that finally and conclusively disposes of a 'separate independent claim' may be confirmed even if it does not dispose of all the claims that were submitted to arbitration.") (citing *Kerr-McGee Ref. Corp. v. M/T Triumph*, 924 F.2d 467, 471 (2d Cir. 1991)); *Ecopetrol S.A. v. Offshore Expl. & Prod. LLC*, 46 F. Supp. 3d 327, 337 (S.D.N.Y. 2014) (granting a petition to confirm interim awards stating that "the Interim Arbitral Awards are 'specific and final and [do] not need to be followed by a concluding award.'").

31. As of the date of this Petition, Levona has failed to comply with the Award.

32. Pursuant to 9 U.S.C. § 207, this Petition is timely brought within three years of the delivery of the Award to Petitioner.

33. The Award has not been vacated, modified, or corrected by order of any court of competent jurisdiction and is still in full force and effect.

**COUNT ONE**

**(Recognition and Enforcement of the Arbitration Award)**

34. Petitioner repeats and realleges paragraphs 1 through 33, as if fully set forth within.

35. Because the Award was entered in the United States and involves parties from countries other than the United States, the award falls under the New York Convention and may be enforced in federal court. 9 U.S.C. §§ 202-203; *see Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us,* Inc., 126 F.3d 15, 19 (2d Cir. 1997).

36. The Award is final and ripe for confirmation because it finally and conclusively disposes of the substantive claims submitted by the parties. *See Adult Use Holdings.*, 631 F. Supp. 3d at 182; *Ecopetrol S.A.*, 46 F. Supp. 3d at 337.

37. Under the Convention, "any party to the arbitration may apply to any court having jurisdiction" for "an order confirming the award as against any other party to the arbitration." 9 U.S.C. § 207. "The court ***shall*** confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." *Id* (emphasis added).

38. No grounds exist for the Court to refuse or defer recognition or enforcement of the Award under the New York Convention or the FAA.

39. Pursuant to 9 U.S.C. § 9, Petitioners are entitled to a judgment confirming the Award.

## RELIEF SOUGHT

40. Petitioners seek confirmation of the Award by way of a Judgment entered in favor of Eletson against Levona, as set forth in the award.

41. Petitioners seek such other and further relief as the Court deems proper, including, if applicable, an Order enjoining Levona from selling or transferring its assets, including its shares in two Greek Special Maritime Enterprises ("SMEs") holding the *Symi* and *Telendos*, vessels until the Judgment is fully satisfied, unless the parties agree in writing that such assets will be used in order to satisfy the Judgment in whole or in part.

**WHEREFORE**, Eletson respectfully requests that this Court issue an order pursuant to 9 U.S.C. § 207 confirming the Award and entering a judgment in favor of Petitioner and against Respondent in accordance with the Award and such other relief as the Court deems proper.

Dated: August 18, 2023

RESPECTFULLY SUBMITTED,

**REED SMITH LLP**

By: _____
Louis M. Solomon
Colin A. Underwood

599 Lexington Avenue
New York, New York 10022
Tel: (212) 521-5400
Fax: (212) 521-5450
lsolomon@reedsmith.com
cunderwood@reedsmith.com

*Counsel for Petitioners*