UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__1/23/2024__
```

---------------------------------------------------------------------X
                             :

ELETSON HOLDINGS, INC. and ELETSON     :
CORPORATION,
                             :

              Petitioners,     :         23-cv-7331 (LJL)
                             :

       -v-                  :       MEMORANDUM AND
                             :          ORDER

LEVONA HOLDINGS LTD.,           :

                             :

             Respondent.     :

                             :
---------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

On January 11, 2024, Respondent filed a letter motion seeking leave to file an amended cross-petition to vacate the arbitral award, to conduct discovery from Petitioners concerning their capacity and authority from 2018 through the present, and to file supplemental briefs on the results of that discovery. Dkt. No. 75. Petitioners filed a letter opposing each of those requests on January 16, 2024. Dkt. No. 79. The Court heard argument on Respondent's motion on January 22, 2024. For the following reasons, the motion is denied.

## DISCUSSION

Respondent asserts that it "recently learned of certain irregularities related to Petitioner Eletson Holdings' board of directors because of required disclosures in the co-pending bankruptcy case." Dkt. No. 75 at 1. Specifically, Respondent contends that revelations in the parallel bankruptcy proceeding suggest that Eletson Holdings, Inc. ("Holdings") does not have at least two independent directors on its board, as required under Holdings's articles of incorporation. *Id.* at 2. Discovery is therefore necessary, Respondent argues, to discern "whether Petitioners had authority and capacity to (1) enter into the arbitration agreement

contained in the LLCA on August 16, 2019; (2) commence the arbitration on July 29, 2022; and (3) file the petition to confirm the Final Award on August 18, 2023." *Id.* Petitioners retort that Respondent has waived its capacity and authority challenges by failing to raise them in a timely manner. Dkt. No. 79 at 2–3.

A party cannot raise in a motion to vacate an arbitral award or in opposition to a motion to confirm an argument it could have made but failed to make in the arbitration itself. *See Life Corp. v. Lincoln Nat'l Life Ins. Co.*, 273 F. Supp. 3d 307, 319 (D. Conn. 2017) ("Failure to raise an issue in an arbitration proceeding waives the issue in a confirmation or enforcement proceeding." (quoting *Am. Nursing Home v. Loc. 144 Hotel, Hosp., Nursing Home & Allied Servs. Union*, 1992 WL 47553, at *4 (S.D.N.Y. Mar. 4, 1992))), *aff'd*, 909 F.3d 544 (2d Cir. 2018); *see also N.Y. Hotel & Motel Trades Council v. Hotel St. George*, 988 F. Supp. 770, 778 (S.D.N.Y. 1997) ("[P]ermitting a party to oppose confirmation of an award based on a claim that it did not raise before the arbitrator would also offend the general principle that a party 'cannot remain silent, raising no objection during the course of the arbitration proceedings, and when an award adverse to him has been handed down complain of a situation of which he had knowledge from the first.'" (quoting *York Res. Corp. v. Landgarten*, 927 F.2d 119, 122 (2d Cir. 1991))). That waiver rule is indispensable "[f]or arbitration to serve its purpose as a relatively fast, inexpensive, and final method of resolving disputes." *DigiTelCom, Ltd. v. Tele2 Sverige AB*, 2012 WL 3065345, at *5 (S.D.N.Y. July 25, 2012) (Sullivan, J.).

Respondent's argument that Holdings lacked the capacity or authority to enter into the arbitration agreement and commence arbitration should have been raised before the arbitrator. The argument is predicated on the notion that Holdings's articles of incorporation require it to have a three-person board with at least two independent directors (who are named as Jim

LaChance and Scott Vogel) and that, as of October 10, 2023, none of Holdings's directors were described as independent.  Dkt. No. 75 at 2; Dkt. No. 76 ¶ 15.  Respondent states that it "only recently" learned of these purported irregularities with Holdings's board.  Dkt. No. 75 at 1.  But Respondent knew during the arbitration the identity of Holdings's directors and that they were not independent.  On January 12, 2023, Respondent deposed Laskarina Karastamati, a director of Holdings, in the arbitration.  *See* Dkt. No. 79-5.  Respondent asked Karastamati for the names of Holdings's other directors and she provided their names.  *Id.* at 25:25–26:13.  Karastamati identified each as a member of the family.  *Id.*  And, if Respondent did not know during or before the arbitration of the requirement that certain of Holdings's directors be independent,[1] it certainly had access to that information.  Additionally, as Respondent's motion makes clear, Holdings's articles of incorporation were publicly available from the Liberian Ministry of Foreign Affairs.  Dkt. No. 75 at 2.  Respondent therefore had access to the information underlying its capacity and authority defenses during the arbitration.  Respondent also had the opportunity to raise those challenges before the arbitrator, as he permitted the parties to include defenses in their written submissions due on May 5, 2023, yet warned that any "defense . . . raised at or after the evidentiary hearing, but not included in [that written submission] will be denied."  Dkt. No. 67-39, ¶ 10.  Thus, "[b]ecause Respondent failed to make such an argument during the arbitration, . . . the argument is waived."  *Summers Lab'ys, Inc. v. Shionogi Inc.*, 2020

---

[1] Respondent asserted during oral argument on the motion that the requirement that Holdings have independent directors was intended to protect the interests of the lenders to Holdings and the holders of the Preferred Interests.  But the principals of Respondent were also principals to lenders to Holdings.  Dkt. No. 67-58 at 21, 60.  Thus, if the provision were really intended to protect the interests of the lenders to Holdings and the holders of the Preferred Interests, it is dubious that Respondent would be unaware during the arbitration of what it now claims to be an irregularity with Holdings's board.

WL 423400, at *6 (S.D.N.Y. Jan. 27, 2020); *see also Europcar Italia, S.p.A. v. Maiellano Tours, Inc.*, 156 F.3d 310, 315 (2d Cir. 1998).

Likewise, Respondent's contention that Holdings lacks the capacity to maintain the instant proceeding in federal court is untimely.  "Capacity to sue is non-jurisdictional in nature and can be waived."  *Revitalizing Auto Comtys. Env't Response Tr. v. Nat'l Grid USA*, 10 F.4th 87, 98 (2d Cir. 2021) (cleaned up).  To preserve a capacity defense, a party must include that defense in its "initial responsive pleading to a claim."  *Dennis v. JPMorgan Chase & Co.*, 342 F. Supp. 3d 404, 411 (S.D.N.Y. 2018).  Courts excuse a party's failure to do so, however, "where the defense is raised at the first pragmatically possible time and applying it at that time would not unfairly prejudice the opposing party."  *Id.* (quoting *Animazing Ent., Inc. v. Louis Lofredo Assocs., Inc.*, 88 F. Supp. 2d 265, 268 (S.D.N.Y. 2000)).  Respondent first raised its capacity defense on January 11, 2024—more than four months after Respondent filed its cross-petition to vacate the arbitral award, *see* Dkt. No. 28, and nearly six months after the commencement of this proceeding, *see* Dkt. No. 1.  Given that Respondent had access to the information relevant to its capacity defense as early as January 2023, Respondent failed to assert the defense at the first pragmatically possible time.  Thus, Respondent has waived its challenge to Holdings's capacity to bring this lawsuit to confirm the arbitral award.

Because Respondent's capacity and authority defenses are waived, the Court denies Respondent's motion.  Although a court "should freely give leave" to replead "when justice so requires," Fed. R. Civ. P. 15(a)(2), leave to amend "should generally be denied in instances of futility."  *United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 28 (2d Cir. 2016) (quoting *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008)).  Amending a pleading to assert a waived claim or defense is futile.  *See In re IBM Arb. Agreement Litig.*, 2022

WL 2752618, at *10 (S.D.N.Y. July 14, 2022), *aff'd*, 76 F.4th 74 (2d Cir. 2023); *see also ARC DBPPROP001, LLC v. Easton Buffet LLC*, 842 F. App'x 772, 775–76 (3d Cir. 2021).  As a result, Respondent cannot amend its cross-petition to vacate the arbitral award in order to raise its untimely capacity and authority challenges for the first time.  Introducing those waived defenses in the midst of this proceeding would be particularly inappropriate, as "confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court."  *Chongqing Loncin Engine Parts Co. v. New Monarch Mach. Tool, Inc.*, 552 F. Supp. 3d 341, 346 (N.D.N.Y. 2021) (quoting *Salus Cap. Partners, LLC v. Moser*, 289 F. Supp. 3d 468, 476 (S.D.N.Y. 2018)).  Indeed, Congress enacted the Federal Arbitration Act to ensure "expedited judicial review to confirm, vacate, or modify arbitration awards."  *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 578 (2008).  Granting Respondent leave to raise its waived defenses would subvert those ends.

Discovery on Respondent's capacity and authority defenses is equally unwarranted. "[D]iscovery in a post-arbitration judicial proceeding to confirm . . . is available only in limited circumstances, where relevant and necessary to the determination of an issue raised by such an application."  *Frere v. Orthofix, Inc.*, 2000 WL 1789641, at *4 (S.D.N.Y. Dec. 6, 2000); *see also Lyeth v. Chrysler Corp.*, 929 F.2d 891, 898 (2d Cir. 1991) ("The district court has discretion to deny discovery in a proceeding to confirm an arbitral award.").  The limits on post-arbitral discovery "rest[] principally on the premise that arbitration is intended to be a relatively prompt and inexpensive procedure."  *Frere*, 2000 WL 1789641, at *4.  The requested discovery is not relevant to any issues contained either in the petition to confirm the arbitral award or in the motion to vacate.  In addition, Respondent "was given the opportunity to obtain [the discovery it now seeks] during the arbitration proceedings."  *Doscher v. Sea Port Grp. Sec., LLC*, 2017 WL

6061653, at *5 n.4 (S.D.N.Y. Dec. 6, 2017), *aff'd*, 752 F. App'x 102 (2d Cir. 2019).  Having

missed that opportunity, the Court will not interrupt the current proceeding to afford Respondent

a second bite at the apple.  *See Imperial Ethiopian Gov't v. Baruch-Foster Corp.*, 535 F.2d 334,

337 (5th Cir. 1976) ("The loser in arbitration cannot freeze the confirmation proceedings in their

tracks and indefinitely postpone judgment by merely requesting discovery.").  Finally, as the

Court denies Respondent's request to conduct discovery, its motion to file supplemental briefing

on the fruits of that discovery is denied as moot.  *See Carrier Corp. v. Goodman Glob., Inc.*, 49

F. Supp. 3d 430, 434 (D. Del. 2014).

## CONCLUSION

For the foregoing reasons, Respondent's motion to file an amended cross-petition, to

conduct discovery into Petitioners' capacity and authority, and to file supplemental briefing on

that discovery is DENIED.


SO ORDERED.

Dated: January 23, 2024
       New York, New York                          _____
                                                        LEWIS J. LIMAN
                                                    United States District Judge