UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
                                                :

ELETSON HOLDINGS, INC. and ELETSON       :
CORPORATION,
                                                :

                    Petitioners,       :              23-cv-7331 (LJL)
                                                :

                 -v-                 :      MEMORANDUM AND
                                                :         ORDER

LEVONA HOLDINGS LTD.,                  :

                    Respondent.      :

---------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Respondent Levona Holdings, Ltd. ("Levona" or "Respondent") moves, Dkt. No. 107,

pursuant to Local Civil Rule 6.3 of the United States District Court for the Southern District of

New York, for an order: (i) granting reconsideration of the Court's Memorandum and Order

dated April 19, 2024, *see* Dkt. No. 106, remanding for clarification a final arbitration award (the

"Award") issued by the Honorable Ariel Belen (the "Arbitrator") of the Judicial Arbitration and

Mediation Services, Inc. ("JAMS"), *see* Dkt. No. 67-58; and (ii) upon reconsideration, vacating

all punitive damages in the Award.

For the following reasons, the Court grants in part and denies in part the motion for

reconsideration, and clarifies its direction on remand to the Arbitrator.

## BACKGROUND

The facts of the case are set forth in the Court's Opinion and Order dated April 19, 2024,

familiarity with which is presumed.  Dkt. No. 104.

In brief, Eletson Holdings, Inc. ("Holdings") and Eletson Corporation ("Corp." and

together with Holdings, "Eletson" or "Petitioners") petitioned the Court for an order confirming

the Award.  Dkt. No. 62.  Levona moved to dismiss the petition, and cross-petitioned the Court

to vacate the Award.  Dkt. No. 49.  Among other things, the Award found that Levona had

breached the agreement between Levona and Eletson under which the arbitration proceeded—the

Third Amended and Restated LLC Agreement (the "LLCA")—and awarded Eletson

$43,455,122.21 in compensatory damages, $43,455,122.21 in punitive damages, $12,619,855.29

in fees, and $2,496,081.88 in pre-judgment interest.  Dkt. No. 67-58 at 99–100.  Of particular

relevance to the instant motion, the Arbitrator cited as a justification for the punitive damages

award that Levona and its affiliates had violated a status quo injunction that he had issued during

the arbitral proceedings (the "Status Quo Injunction").  *See id.* at 68–69.

On April 19, 2024, the Court issued an Opinion and Order granting in part and denying in

part Eletson's motion to confirm the Award and granting in part and denying in part Levona's

motion to vacate the Award.  Dkt. No. 104.  In particular, the Court concluded that the Arbitrator

exceeded his powers under applicable law and the parties' arbitration agreement by awarding

relief based upon his finding that an affiliate of Levona—which was not itself a party to the

arbitration—violated the Status Quo Injunction when the affiliate caused the commencement of a

bondholder litigation against Holdings and filed an involuntary bankruptcy petition against

Holdings.  *Id.* at 90–111.  Accordingly, the Court declined to confirm "[a]ll awards of relief,

including compensatory and punitive damages, based upon violations of the Status Quo

Injunction," which the Arbitrator had interpreted to prohibit the affiliate's filing of the

involuntary bankruptcy petition and commencement of the bondholder litigation.  *Id.* at 124.

The Court directed the parties to each submit a proposed judgment consistent with the Court's

Opinion and Order.  *Id.*

Eletson and Levona each submitted proposed judgments.  *See* Dkt. Nos. 94, 96.  Eletson argued that the only portion of the Award that the Court should not incorporate into its judgment was the Award's grant of fees that were incurred "in connection with the Bankruptcy and Bondholder Litigation."  Dkt. No. 94 at 3 (quoting Dkt. No. 67-58 at 100); Dkt. No. 100 at 3.  Additionally, Eletson suggested that if the Court found that the Award lacked sufficient clarity for the Court to enter a judgment consistent with its Opinion and Order, that the Court should remand the Award to the Arbitrator for clarification.  Dkt. No. 100 at 5.  Levona argued that the punitive damages award should be vacated in its entirety because the punitive damages award was based, at least in part, on violations of the Status Quo Injunction—which the Court found to be an impermissible basis for an award of damages—and because the "arbitrator provided no way to separate the punitive damages that were based on violations of the Status Quo Injunction from any that were not."  Dkt. No. 96 at 1.

The Court found that the Award was ambiguous, and remanded to the Arbitrator "the questions of whether he would not have awarded punitive damages, but for the finding of a violation of the Status Quo Injunction, and whether he would have applied a different multiple of the compensatory damages in his calculation of the punitive damages award in the absence of the finding of a violation of the Status Quo Injunction."  Dkt. No. 106 at 7–8.

Levona filed the instant motion for reconsideration, along with a memorandum of law in support of the motion, on May 3, 2024.  Dkt. Nos. 107, 108.  Eletson submitted a memorandum of law in opposition to the motion for reconsideration on May 10, 2024.  Dkt. No. 113.  Levona submitted a reply memorandum of law in further support of its motion on May 15, 2024.  Dkt. No. 115.

**LEGAL STANDARD**

"A motion for reconsideration should be granted only if the movant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Spin Master Ltd. v. 158*, 2020 WL 5350541, at *1 (S.D.N.Y. Sept. 4, 2020) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)).  Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000).  "The standard for granting a motion for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matter, in other words, that might reasonably be expected to alter the conclusion reached by the Court.'" *Justice v. City of New York*, 2015 WL 452314, at *1 (E.D.N.Y. July 27, 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).  A motion for reconsideration "is not a 'vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'" *Spin Master*, 2020 WL 5350541, at *1 (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)).

**DISCUSSION**

Levona raises three arguments in support of its motion for reconsideration.[1]  *See* Dkt. Nos. 108, 115.  First, it argues that the Court erred in finding relevant parts of the Award to be

---

[1] In addition to its substantive arguments in favor of reconsideration, Levona also states that it did not have the opportunity to brief the issue of remand, which Eletson raised in its responsive submission on the parties' proposed judgments. Dkt. No. 108 at 1.  But six weeks elapsed between the date Eletson suggested the possibility of a remand, *see* Dkt. No. 102, and the date of the Court's Memorandum and Order directing a remand, *see* Dkt. No. 106.  Levona could have responded at any point during that time period.

ambiguous by overlooking the Second Circuit's established standards for ambiguity.  Dkt. No. 108 at 5–9.  Second, it asserts that the remand as directed by the Court would not just clarify the Award but would necessarily result in its impermissible modification.  *Id.* at 9–10.  Third, Levona argues that a remand contravenes the parties' intent as reflected in the arbitration clause of the underlying LLCA.  *Id.* at 10–11.  None of these arguments supports reconsideration.

Levona first argues that the Court "overlooked or misapprehended" the Second Circuit's standards governing when an arbitral award may be remanded to an arbitrator for clarification. Dkt. No. 108 at 6.  Under Second Circuit law, an award may be remanded only when it is "ambiguous," *Gen. Re Life Corp. v. Lincoln Nat'l Life Ins. Co.*, 909 F.3d 544, 549 (2d Cir. 2018), and when the Court cannot discern "what it is being asked to enforce," *Rich v. Spartis*, 516 F.3d 75, 83 (2d Cir. 2008) (quoting *Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir. 1987)).  "An ambiguous award should be remanded to the arbitrators so that the court will know exactly what it is being asked to enforce."  *Trs. of N.Y. State Nurses Ass'n Pension Plan v. White Oak Glob. Advisors, LLC*, 2024 WL 2280632, at *26 (2d Cir. May 21, 2024) (quoting *Americas Ins. Co. v. Seagull*, 774 F.2d 64, at 67 (2d Cir. 1985)).  In the absence of an ambiguity, the *functus officio* doctrine, which "dictates that, once arbitrators have fully exercised their authority to adjudicate the issues submitted to them, their authority over those questions is ended," *Gen. Re Life Corp.*, 909 F.3d at 548 (quoting *T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 529 F.3d 329, 342 (2d Cir. 2010)), precludes "re-examination of an issue by a nonjudicial officer," *id.* (quoting *LLT Int'l Inc. v. MCI Telecomms. Corp.*, 69 F. Supp. 2d 510, 515 (S.D.N.Y. 1999)). Levona argues that the Court erred because the Award is clear regarding what it requires the Court to enforce, and the alleged ambiguity regards what the Arbitrator would have done in a counterfactual world in which the Arbitrator did not find that the Status Quo Injunction was

violated; according to Levona, such lack of clarity does not constitute an ambiguity that can give rise to a remand within the meaning of the Second Circuit standard.  Dkt. No. 108 at 8.

Levona provides no grounds for reconsideration.  The Court applied the precise standard that Levona argues the Court should have applied in determining whether to grant a remand.  It held that remand is appropriate only when "(1) the final award is ambiguous; (2) the clarification merely clarifies the award rather than substantively modifying it; and (3) the clarification comports with the parties' intent as set forth in the agreement that gave rise to the arbitration." Dkt. No. 106 at 6–7 (quoting *Gen. Re Life*, 909 F.3d at 549); *see also* Dkt. No. 108 at 5 (citing same).  The Award is ambiguous in that it awarded a lump sum for punitive damages based upon several different alleged wrongs by Levona, without specifying what portion of the punitive damages award was based on the alleged violations of the Status Quo Injunction and what portions were based on conduct other than the violations of the Status Quo Injunction.  The exception to the *functus officio* doctrine applies and remand is permitted either "where an arbitral award 'fails to address a contingency that later arises *or* when the award is susceptible to more than one interpretation.'"  *Gen. Re Life Corp.*, 900 F.3d at 548 (emphasis added) (quoting *Sterling China Co. v. Glass Molders, Pottery, Plastics & Allied Workers Loc. No. 24*, 357 F.3d 546, 554 (6th Cir. 2004)); *see also Rich v. Spartis*, 516 F.3d 75, 83–84 (2d Cir. 2008) (directing that, because it was impossible to tell whether a lump sum award was based on a permissible ground, an action be remanded to an arbitral panel "to specify whether the . . . trading losses suffered by the [plaintiff-appellants] are represented in all, part, or none of the lump-sum Award and, if part, the amount thereof"); *Clarendon Nat'l Ins. Co. v. TIG Reinsurance Co.*, 990 F. Supp. 304, 311 (S.D.N.Y. 1998) ("In the instant case, the arbitrators did not explain what portion of the Damage Award as regards Issue II was principal and what part was interest.  Without this

information, this Court is unable to modify the Damage Award to exclude the interest calculation.  Therefore, the award will be remanded, and the Panel is directed to exclude the interest which was improperly added to the principal in contradiction of the MOU.").  As in previous cases in this Circuit that have warranted remand, the Court is unable to discern what portion of the punitive damages award cannot be confirmed because it is based upon impermissible grounds.  Levona fails to identify any case law that the Court overlooked in reaching such determination.

Second, Levona argues that "the requested clarification supplementing the existing arbitration award will constitute an improper substantive modification of that award."  Dkt. No. 108 at 9.  The Court noted in its prior opinion remanding to the Arbitrator that remand is appropriate when "the clarification merely clarifies the award rather than substantively modifying it."  Dkt. No. 106 at 6 (quoting *Gen. Re Life Corp.*, 909 F.3d at 549).  Levona's argument is based on the premise that "whatever the arbitrator does on remand will improperly result in a new, modified award of either a lower amount or the same amount but for a different reason."  Dkt. No. 115 at 5.  But the conclusion that the Arbitrator's determination on remand will be improper does not follow from the premise.  If the amount of the punitive damages award that the Court ultimately confirms is less than the full amount contained in the Award, that will not be the result of a substantive modification of the Award on remand by the Arbitrator.  It will be a result of the Arbitrator's breakdown of the portion of the punitive damages award to identify those portions that are based on what the Arbitrator found to be a violation of the Status Quo Injunction and those which are not based on the Status Quo Injunction.  And, to the extent that the Arbitrator identifies either that none or all of punitive damages were predicated upon violations of the Status Quo Injunction, he need not provide a different reason than that he

already has provided.  Put differently, the Court is not asking that the Arbitrator modify the Award in any manner.  He is being asked to clarify the Award.  It will be the Court that declines to confirm a portion of the Award that can only be identified upon clarification by the Arbitrator.

Third, Levona argues that the Court "overlooked that remand here will thwart the parties' intent" because the LLCA imposes a 150-day deadline for resolution of the arbitration, and because the JAMS rules, which the parties contracted to arbitrate under in the LLCA, "do not contemplate that [the] matter could go back to the arbitrator outside of a narrow time frame . . . and for narrow purposes."  Dkt. No. 108 at 10.  The argument is not convincing.  The 150-day deadline is for resolution of the arbitration; it does not foreclose a Court that is being asked to confirm an award from requesting clarification when such clarification is necessary for the performance of the judicial function.  In other words, the arbitration is resolved and a remand for clarification of the Award will do nothing to disturb that resolution.  Nor are the JAMS rules cited by Levona inconsistent with the limited remand ordered by the Court; those rules govern when the parties can ask for corrections by the Arbitrator, *see id.* at 10 n.3 (citing 2021 JAMS Comprehensive Arb. R. & P. 24(j)), or when an arbitral appeal panel may remand to the Arbitrator, *see id.* (citing 2003 JAMS Optional Arb. Appeal Procs. (d)), but do not govern when a Court operating under the New York Convention and the Federal Arbitration Act ("FAA") can remand to an arbitrator for clarification.  The LLCA clearly stipulates that "[t]he Federal Arbitration Act shall govern the interpretation and enforcement of such arbitration proceeding." Dkt. No. 67-2 § 12.14(a).

Levona argues that "a remand for clarification is *not* an option under the FAA."  Dkt. No. 115 at 7–8 (emphasis in original).  But the Second Circuit has on many occasions affirmed, or directed district courts to issue, orders of remand to arbitrators when an ambiguity in an award

would frustrate the Court's function under the FAA of confirming or vacating that award. *See, e.g.*, *Rich*, 516 F.3d at 82–84 (directing district court to remand to the arbitration panel because "the lack of clarity in the arbitration panel's award [did] not permit [the court] at [that] time to determine whether the Award was issued in manifest disregard of the law, or exceeded the powers of the arbitrators" as required of a reviewing court under the FAA (internal citations omitted)); *Ottley v. Schwartzberg*, 819 F.2d 373, 375–376 (2d Cir. 1987). As the Court noted in its prior Memorandum and Order remanding to the Arbitrator, the Second Circuit has long recognized that "[w]hen an arbitration award provides no clear instruction as to how a court asked to enforce the award should proceed, the court should remand to the arbitrator for guidance." *N.Y. Bus Tours, Inc. v. Kheel*, 864 F.2d 9, 12 (2d Cir. 1988).

The Court does, however, acknowledge that certain parts of its prior Memorandum and Order require clarification. The Court stated in that Memorandum and Order that the Arbitrator should limit his clarification "simply to the questions of whether he would not have awarded punitive damages, but for the finding of a violation of the Status Quo Injunction, and whether he would have applied a different multiple of the compensatory damages in his calculation of the punitive damages award in the absence of the finding of a violation of the Status Quo Injunction." Dkt. No. 106 at 7–8. That language admittedly could be read, despite the Court's explicit statement that the Arbitrator is not required to explain his reasoning upon clarification, *see* Dkt. No. 106 at 8, to require the Arbitrator to provide new reasoning for the Award. Such reading would be mistaken. The Court's intent was to limit the Arbitrator to the identification of what portion of the lump-sum punitive damages award, if any, was based upon the conduct violating the Status Quo Injunction. The Court thus clarifies its prior Memorandum and Order to ensure that it does not violate the *functus officio* doctrine or require the Arbitrator to

substantively modify the Award.  On remand, the Arbitrator shall specify the portion of the

lump-sum punitive damages award that was based on the violations of the Status Quo Injunction,

which the Court determined exceeded the ambit of the Arbitrator's authority; alternatively, the

Arbitrator shall specify the portion of the lump-sum punitive damages award that was not based

upon the violations of the Status Quo Injunction.  *See Rich*, 516 F.3d at 84 (directing that the

arbitral panel "specify whether the WorldCom trading losses suffered by the Riches are

represented in all, part, or none of the lump-sum Award and, if part, the amount thereof").[2]

## CONCLUSION

The motion for reconsideration is GRANTED IN PART and DENIED IN PART. The

Award is remanded to the Arbitrator for further clarification in accordance with this Order. The

parties are directed to submit a joint letter to the Court within two weeks of any substantive

decision of the Arbitrator.[3]

The Clerk of Court is respectfully directed to close Dkt. No. 107.


SO ORDERED.


Dated: June 12, 2024
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge

---

[2] The Arbitrator may provide this clarification either by identifying what portion of any multiplier was based on violations of the Status Quo Injunction, or by identifying what portion of the lump-sum punitive damages award was based on violations of the Status Quo Injunction.

[3] In its reply memorandum of law, but not in its motion for reconsideration or in its initial memorandum of law in support of the motion, Levona argues that the Court should permit an interlocutory appeal.  Dkt. No. 115 at 9.  Arguments made for the first time in reply are not properly cognizable.  *See Rowley v. City of New York*, 2005 WL 2429514, at *5 (S.D.N.Y. Sep. 30, 2005)  ("This Circuit has made clear it disfavors new issues being raised in reply papers"); *see also United States v. Letscher*, 83 F. Supp. 2d 367, 377 (S.D.N.Y. 1999) (stating that "arguments raised in reply papers are not properly a basis for granting relief"); *Domino Media,*

---

*Inc. v. Kranis*, 9 F. Supp. 2d 374, 384 (S.D.N.Y. 1998) ("New arguments first raised in reply papers in support of a motion will not be considered." (emphasis omitted)); *Playboy Enters., Inc. v. Dumas*, 960 F. Supp. 710, 720 n.7 (S.D.N.Y. 1997) ("Arguments made for the first time in a reply brief need not be considered by a court."). In any event, Levona does not satisfy the standards for interlocutory appeal. Leave to appeal is granted under Section 1292(b) only where the appeal "involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "The party seeking leave to appeal bears the burden of demonstrating that all three criteria have been met." *In re Lehman Brothers Holdings Inc.*, 2019 WL 2023723, at *3 (S.D.N.Y. May 8, 2019). Moreover, that party must show "'exceptional circumstances' to 'overcome the general aversion to piecemeal litigation' and 'justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *MF Glob. Holdings Ltd. v. Allied World Assurance Co. Ltd.*, 2017 WL 2819870, at *2 (S.D.N.Y. June 29, 2017) (quoting *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave*, 921 F.2d 21, 24 (2d Cir. 1990)); *see In re Reifler*, 2018 WL 3212464, at *5 (S.D.N.Y. June 28, 2018) (stating same). "Even when all three criteria are met, a district court retains 'unfettered discretion' to deny leave to appeal for 'any reason,' including judicial economy." *In re Lehman Holdings*, 2019 WL 2023723, at *3 (quoting *Klinghoffer*, 921 F.2d at 24); *see also MF Glob. Holdings*, 2017 WL 2819870, at *2. Thus, even if Levona were to satisfy the criteria, the Court would exercise its discretion to deny leave to appeal given the stage of the proceedings.