UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  07/10/2024
```

-------------------------------------------------------------------X
:
ELETSON HOLDINGS, INC. and ELETSON                      :
CORPORATION,                                             :
:
                    Petitioners,           :             23-cv-7331(LJL)
:
    -v-                                                :             ORDER
:
LEVONA HOLDINGS LTD.,                                    :
:
                    Respondent.            :
                            X
-------------------------------------------------------------------

LEWIS J. LIMAN, United States District Judge:

      Respondent Levona Holdings Ltd. ("Respondent" or "Levona") seeks leave to file an amended answer and cross petition to vacate and related documents in a redacted form temporarily for a period of seven days.  Dkt. No. 122.  The application is consistent with the Court's Individual Rule 2H and Attachment B to the Court's Individual Rules, which, when a party seeks to file a document under seal because it contains information marked confidential by another party, gives the producing party (who claimed confidentiality) a seven day time period to support the request for confidentiality under the Second Circuit's standards in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006), and its progeny.  Petitioners now seek to have the Court keep the sealed materials under seal until the Court rules on the motion to amend, claiming that if the Court denies the motion to amend, it would *ipso facto* have to keep the documents under seal.

      The Court construes the letter as an application for relief from the Court's Individual Practices and Attachment B thereto and, so construing the letter, denies the application for relief. "'[O]nce [a document is] filed on the docket, the presumption of access attaches . . . and does not disappear.'"  *Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ireland) Ltd.*, 2021 WL 3540221, at *2 (S.D.N.Y. Aug. 11, 2021) (alteration in original) (quoting *Dawson v. Merck & Co.*, 2021 WL 242148, at *5 (E.D.N.Y. Jan. 24, 2021)).  In *Lugosch*, the Second Circuit held that it was "error for [a] district court to conclude that it could not" decide whether documents should remain under seal until after it had ruled on the underlying summary judgment motion.  435 F.3d at 120–21.  The public is entitled to know not only what the judge relied on but also what was conveyed to the judge that she did not rely on—what, from the public's perspective, "the judge should have considered or relied upon, but did not."  *Id*. at 123.  Thus, "[t]he public need not await the judge's decision before it can learn what is at stake in a litigation."  *Lohnn v. Int'l Bus. Machines Corp.*, 2022 WL 36420, at *7 (S.D.N.Y. Jan. 4, 2022), *appeal withdrawn*, 2022 WL 18232089 (2d Cir. July 25, 2022).  The "right of access attaches upon filing."  *Id*. at *9. Moreover, the Court must review the documents at issue "individually."  *Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019).

The Court has not prejudged Petitioners' request to keep the materials at issue under seal. However, in order to evaluate that request, the Court needs a submission from Petitioners that lays out all its arguments, and not just some of them.  Petitioners' letter leaves it unclear whether it has done so.  And the Court cannot and will not necessarily wait until it has decided the motion to amend.  Each passing day that a document is improperly kept under seal "may constitute a separate and cognizable infringement of the First Amendment."  *Lugosch*, 435 F.3d at 126 (internal citations omitted).

Accordingly, the Court will give Petitioners until July 15, 2024, to supplement their letter with any additional, individualized, information they wish the Court to consider.

SO ORDERED.


Dated: July 10, 2024
    New York, New York

LEWIS J. LIMAN
United States District Judge