```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/22/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
ELETSON HOLDINGS, INC. and ELETSON :
CORPORATION, :
:
Petitioners,     :     23-cv-7331(LJL)
:
-v-     :     ORDER
:
LEVONA HOLDINGS LTD., :
:
Respondent.     :
X
---------------------------------------------------------------------

LEWIS J. LIMAN, United States District Judge:

    Pending before the Court is the motion of Respondent and Cross-Petitioner Levona Holdings, Ltd. for leave to file an amended answer to the operative petition to confirm the arbitral award and second cross-petition to vacate the arbitral award to seek vacatur on the additional grounds of fraud and arbitrator misconduct and denial of confirmation on the ground that it was not able to present its case. Dkt. No. 136. Levona argues that amendment is proper under Federal Rule of Civil Procedure 15 or, in the alternative, under principles of equitable tolling. Dkt Nos. 136, 149. Eletson responds that vacatur of an arbitration award is available only by motion, that Rule 15 applies only to complaints and pleadings, and that a motion is not a pleading and also that equitable tolling is not available under the Federal Arbitration Act. Dkt. No. 147.

    In *Ching v. United States*, 298 F.3d 174 (2d Cir. 2002), the Second Circuit addressed whether Federal Rule of Civil Procedure 15 was applicable to a "motion" made by a prisoner in federal custody to vacate, set aside or correct his sentence. As in the Federal Arbitration Act, Section 2255 permits the party seeking relief to file a motion and not a complaint. The Rules Governing Section 2255 Proceedings for the United States District Courts contain language similar to that contained in Federal Rule of Civil Procedure 81. Rule 12 of the Rules Governing Section 2255 Proceedings provides: "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 12 (1977) (amended 2019). Tellingly, Congress did not provide with respect to Section 2255 motions what it provided with respect to applications for a writ of habeas corpus directed to a state judgment—that the application "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Like Section 12 of the Federal Arbitration Act, Section 2255 provides a time limit within which a motion must be made. A motion under Section 12 of the Federal Arbitration Act must be filed within three months after the award is filed or delivered. 9 U.S.C. § 12. A motion under Section 2255 must be filed within one year of certain events as laid out in 28 U.S.C. § 2255(f), generally within one year of the date the judgment of conviction

becomes final.  28 U.S.C. § 2255; *see also Clay v. U.S.*, 537 U.S. 522, 524 (2003).

Notwithstanding that Section 2255 refers to motions and Federal Rule of Civil Procedure 15 refers to pleadings, the Second Circuit held in *Ching* that a party who files a Section 2255 motion is permitted to amend that motion at any time while the motion is still pending under the standards set forth in Rule 15.  298 F.3d at 177.  To slightly paraphrase the Second Circuit, the time limit under Section 2255 "is a statute of limitations like any other statute of limitations in a civil proceeding" and thus a Section 2255 motion can be amended under Rule 15.  *See Fama v. Comm'r of Correctional Servs.*, 235 F.3d 804, 815 (2d Cir. 2000).

The parties are invited to submit letter briefs by August 28, 2024 no longer than three-singled spaced pages addressed to the question whether if, notwithstanding that they are motions and not pleadings, a Section 2255 motion can be amended under Rule 15, a similar result should not follow with respect to motions to vacate an arbitral award where the proceeding in which the motion is pending is not yet concluded.

SO ORDERED.

Dated: August 22, 2024
       New York, New York

_____
               LEWIS J. LIMAN
           United States District Judge