UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
                                                             :
Eletson Holdings, Inc. and Eletson Corp.                     :
                                                             :
         Petitioners/Cross-Respondents,                      :              ___23___-cv-__07331__ (LJL)
                                                             :
                                                             :              ~~LEVONA HOLDINGS, LTD.'S PROPOSED~~
         v-                                                  :              CASE MANAGEMENT PLAN AND
                                                             :              SCHEDULING ORDER
Levona Holdings, Ltd.                                        : :
                                                             :
         Respondent/Cross-Petitioner                         : :
                                                             :
-------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

   This Civil Case Management Plan and Scheduling Order is submitted by the parties in accordance with Federal Rule of Civil Procedure 26(f)(3):

1.   All parties [consent _____ / do not consent __X__] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed.*]

2.   The parties [have _____ / have not __X__] conferred pursuant to Federal Rule of Civil Procedure 26(f).

3.   The parties [have _X__ / have not _____] engaged in settlement discussions.

4.   Any motion to amend or to join additional parties shall be filed no later than <u>N/A _____</u>. [*Absent exceptional circumstances, a date not more than thirty (30) days following the initial pretrial conference.*] <u>Note</u>: Pursuant to Paragraph 3(C) of the Court's Individual Practices in Civil Cases, the Court will deny a motion to dismiss as moot, without prior notice to the parties, if a plaintiff amends its pleading without objection from the defendant. The moving party may then (a) file an answer or (b) file a new motion to dismiss. In the event the moving party wishes to rely on its initially filed memorandum of law, the party may so indicate in its motion to dismiss the amended pleading and need not file the memorandum of law again.

   **Pursuant to Paragraph 2(K) of the Court's Individual Practices in Civil Cases, parties may extend the deadlines set forth in Local Civil Rule 6.1 by an agreed-upon schedule, which shall govern as long as it is disclosed to the Court in a letter accompanying the initial motion. The parties should discuss any anticipated motion in advance of the Initial Pretrial Conference and should come prepared to discuss a proposed briefing schedule for any anticipated motion.**

5. Initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be completed no later than _____September 25, 2024_____. [*Absent exceptional circumstances, a date not more than fourteen (14) days following the initial pretrial conference.*]

6. All fact discovery is to be completed no later than \_Jan. 13, 2025_____. [*A date not more than one hundred twenty (120) days following the initial pretrial conference, unless the Court finds that the case presents unique complexities or other exceptional circumstances.*]

7. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in Paragraph 6 above.

    a. Initial requests for production of documents shall be served by \_September 25, 2024_____ .

    b. Interrogatories pursuant to Rule 33.3(a) of the Local Rules of the Southern District of New York shall be served by \_\_N/A 9/25/24_____ . [*Absent exceptional circumstances, a date not more than thirty (30) days following the initial pretrial conference.*] No Rule 33.3(a) interrogatories need to be served with respect to disclosures automatically required by Federal Rule of Civil Procedure 26(a). Contention interrogatories may be served at any time but only with leave of the Court.

    c. Unless otherwise ordered by the Court, contention interrogatories should be served consistent with Rule 33.3(c) of the Local Rules of the Southern District of New York.

    d. Depositions shall be completed by \_\_\_Jan. 13, 2025_____ .

    e. Requests to Admit shall be served no later than \_\_\_Dec. 11, 2024_____ .

8. All expert discovery, including disclosures, reports, rebuttal reports, production of underlying documents, and depositions shall be completed by \_\_\_\_[Parties do not currently anticipate that expert discovery will be necessary, but reserve the right to request it as discovery proceeds.]\_N/A_____ .[*Absent exceptional circumstances, a date forty-five (45) days from the completion of fact discovery.*]

9. All discovery shall be completed no later than \_\_\_\_\_Jan. 13, 2025_____ .

10. The proposed joint pretrial order shall be submitted on ECF in accordance with the Court's Individual Practices in Civil Cases and Federal Rule of Civil Procedure 26(a)(3) no later than \_\_\_N/A_____ .

11. A post-discovery status conference shall be held on: \_\_\_Jan. 17, 2025_____ at \_2 p.m.\_ . A joint letter updating the Court on the status of the case shall be filed on ECF by one

2

week prior to the status conference. The letter must be no more than three (3) single spaced pages and should include the following information in separate paragraphs:

    (1) all existing deadlines, due dates, and/or cut-off dates;

    (2) a brief description of any outstanding motions;

    (3) a brief description of the status of discovery and of any additional discovery that remains to be completed;

    (4) the status of settlement discussions;

    (5) the anticipated length of trial and whether the case is to be tried to a jury;

    (6) whether the parties anticipate filing motions for summary judgment; and any other issue that the parties would like to address at the pretrial conference or any other information that the parties believe may assist the Court.

12. Any motion for summary judgment must be filed no later than __N/A_____.
[*Absent exceptional circumstances, a date fourteen (14) days from the completion of all discovery.*]

13. This case [is ____ / is not __X__] to be tried to a jury.

14. The parties have conferred and their present best estimate of the length of trial is _____[As discovery proceeds, parties will discuss whether they believe an evidentiary hearing is necessary.] _____.

15. Counsel for the parties propose the following alternative dispute resolution mechanism for this case:

    a. _____ Referral to a Magistrate Judge for settlement discussions.

    b. _____ Referral to the Southern District's Mediation Program.

    c. __X__ Retention of a private mediator.

The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

16. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Federal Rule of Civil Procedure 26(f)(3), are set forth below.

_____See Appendix A, attached.

Counsel for the Parties:

| | |
|---|---|
| Louis M. Solomon<br>Colin A, Underwood<br>Reed Smith LLP<br>599 Lexington Ave.<br>New York, NY 10022 | William A. Adams<br>Isaac Nesser<br>Quinn Emanuel Urquhart & Sullivan LLP<br>51 Madison Ave.<br>**New York, NY 10010** |
| Dated:   September 13, 2024<br>           New York, New York | Dated: September 18, 2024 |

_____
LEWIS J. LIMAN
United States District Judge

4

# APPENDIX A

**Appendix To ~~Levona's Proposed~~ Case Management Plan And Scheduling Order**

Re: *Eletson Holdings, Inc. v. Levona Holdings Ltd.*, 23-cv-07331 (LJL)

The following ~~proposed~~ dates include and supplement those in the Court's ~~model~~ case management plan and scheduling order:

| Date | Event |
|---|---|
| Wed, Sept. 18, 2024 | Case management hearing |
| Wed., Sept. 25, 2024 | Serve initial disclosures and initial document requests~~[1]~~ |
| Wed., Oct. 2, 2024 | Serve responses to initial document requests |
| Wed., Oct. 9, 2024 | Complete meet & confer re discovery disputes and ESI protocol |
| Wed., Oct. 16, 2024 | File ~~pre-conference~~ letter briefs and proposed ESI protocol[*] |
| ~~Thurs., Oct. 24, 2024~~ | ~~Status conference[2]~~ |
| Mon., Nov. 25, 2024 | ~~Substantial~~ completion of party document productions[3] |
| Wed., Nov. 27, 2024 | Serve privilege logs |
| Wed., Dec. 11, 2024 | Complete meet & confer re document production and privilege; serve RFAs |
| Mon., Dec. 16, 2024 | File pre-conference letter briefs |
| **Mon., Dec. 23, 2024** | **Status conference[2]** at 12 p.m. at Courtroom 15C, 500 Pearl St. New York, NY 10007 |
| Fri., Jan. 10, 2025 | File pre-conference letters per Model CMP ¶ 11 |
| Mon., Jan. 13, 2025 | Complete discovery[4] |
| **Fri., Jan. 17, 2025** | **Post-discovery status conference per Model CMP ¶ 11[2]** |
| Mon., Jan. 27, 2025 | Levona files opening brief |
| Mon., Feb. 10, 2025 | Eletson files opposition brief |
| Mon., Feb. 24, 2025 | Levona files reply brief |
| ~~Mon., Mar. 10, 2025~~ | ~~Oral argument (and evidentiary hearing as appropriate)~~ |

Notes:

1. ~~Parties may serve contention interrogatories at any time, notwithstanding L.R. 7033-1.~~
2. Proposed date is an estimate subject to the Court's availability.
3. All documents are to be produced on a rolling basis.
4. Parties reserve rights to seek expert discovery, if deemed necessary.

[*] The letter briefs due on October 16, 2024 shall address deficiencies in the responses to the discovery requests or to the ESI protocol and any other issues requiring the Court's resolution that are ripe. Motions relating to discovery disputes other than the sufficiency or propriety of the responses to the discovery requests or regarding the ESI protocol should be made as soon as the dispute is ripe, according to the Court's Individual Practices. This includes the failure to produce documents responsive to the requests or to comply with the ESI protocol.