**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7253**

WRITER'S EMAIL ADDRESS
**isaacnesser@quinnemanuel.com**

October 28, 2024

<u>VIA ECF</u>

Honorable Lewis J. Liman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1620
New York, NY 10007-1312

Re:   <u>Eletson Holdings, Inc. v. Levona Holdings Ltd.</u>, No. 23-cv-07331 (LJL)

Your Honor:

I am writing on behalf of Levona Holdings Ltd. to (a) respectfully request a short stay of proceedings in this action in light of Judge Mastando's October 25, 2024 order confirming the Petitioning Creditors' plan of reorganization in Eletson Holdings' bankruptcy case and (b) inform the Court, pursuant to the Court's October 25, 2024 order (ECF 195) (the "Order"), that Levona intends to oppose Eletson's motions seeking discovery from third parties located outside the United States (ECF 184, 187, 192).

***A Short Stay Is Appropriate Given The Implications Of The Confirmation Order***

On October 25, 2024, Judge Mastando confirmed the Petitioning Creditors' chapter 11 plan of reorganization (the "PC Plan") and declined to confirm the Debtors' plan. *In re Eletson Holdings Inc.*, No. 23-10322 (JPM) (Bankr. S.D.N.Y.) ("Bk.") ECF 1212 (the "Confirmation Order"). The same day, Judge Mastando also overruled the Debtors' objections to the Petitioning Creditors' claims. Bk. ECF 1211 (the "Claim Objection Order"). The Confirmation Order, Claim Objection Order, and PC Plan (ECF 1132) are attached to this letter as Exhibits A, B, and C, respectively.

The PC Plan will become effective in approximately two weeks absent a stay. *See* Fed. R. Bankr. P. 3020(e)). Although Levona is continuing to assess the relevant issues, it is plain that the PC Plan will profoundly impact the matters before this Court. Most fundamental, the PC Plan shifts the ownership and management of Eletson Holdings (and thus its wholly-owned subsidiary, Eletson Corp.) to new shareholders, and transfers all causes of action to the reorganized entity.

Responsibility for determining whether and if so how to continue prosecuting Eletson's confirmation petition, and Eletson's opposition to Levona's vacatur petition, will therefore rest with Eletson's new management and board, including an independent director whose fiduciary duties run to the new shareholders—*i.e.,* to Pach Shemen and its designee, which will own approximately 99% of the equity in Eletson Holdings after the effective date.[1] That will be a marked change from current management, who answer to the three Greek families that purportedly designated their own Cypriot companies as nominees to receive the preferred shares of Eletson Gas.[2]

Relatedly, the PC Plan vests new management with authority to retain professionals, including the authority to select Eletson's outside counsel in this action. It is reasonable to expect that, in making those determinations, new management will consider relevant facts of which Eletson or Reed Smith are aware that would bear on the validity or enforceability of the arbitration award, including the substance of relevant attorney-client communications. Further, many of the parties' pending privilege disputes may become moot should new management elect to waive privilege. *See generally Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343 (1985).

In view of the foregoing, Levona respectfully requests that a status conference be scheduled in this action for a convenient date during the week of November 11, 2024, and that proceedings in this action be stayed pending completion of that status conference. That approach would serve the interests of judicial efficiency and economy and avoid wasting party and third-party resources because it would spare the Court, parties, and third parties from devoting significant time and resources to discovery and related matters in a context where it is reasonable to expect that Eletson's new owners/board and any new counsel may elect to pursue a different course than the one that the debtors in possession have charted. If the PC Plan has become effective by the date of the requested status conference, the Court and parties will at that time be able to discuss an approach to further proceedings in this action. If not, it will nonetheless be possible to discuss the then-current status and proposed next steps. Further, the approximate two-week stay that Levona is requesting will not cause any prejudice—and any arguable prejudice is far outweighed by the benefits of proceeding in the thoughtful and deliberate manner that Levona is suggesting. Indeed, a stay is at minimum warranted so as to avoid imposing potentially-unnecessary discovery burdens on the approximately 30 third parties from which the parties have already requested or are requesting discovery, including through the five pending discovery motions that Eletson has filed as discussed below.

---

[1] As the Confirmation Order explains, simplifying somewhat, "claims against Levona are retained by the reorganized Debtors and can only be resolved by the independent director," and "Pach Shemen will receive 100% of any value collected from Levona from the Final Award by virtue of its position as the equity holder of the reorganized Debtor." *Id.* at 75 (citing PC Plan at 32); *see also id.* n.65 at 44.

[2] These issues may also impact the authority and capacity of Eletson Holdings, Eletson Corp., and their respective management and counsel, as to which Levona reserves all rights.

***Levona Intends To Oppose Eletson's Discovery Motions***

As mentioned above, the Court has directed Levona to state whether it intends to oppose Eletson's recently-filed motions for issuance of a subpoena to Peter Kanelos (ECF 184), letters rogatory as to Murchinson Ltd. (ECF 187), and letters of request seeking discovery from Nomis Bay Ltd. and BPY Limited (ECF 192), as to which responses are currently due on October 31, 2024, November 1, 2024, and November 7, 2024, respectively. We note that Eletson has since filed two similar motions as to which responses are currently due on November 8, 2024: A motion for issuance of letters of request seeking discovery from Conyers Dill & Pearman, Levona's counsel in the ex parte freezing order proceeding Eletson Corp. and Eletson Gas filed in the British Virgin Islands ("BVI") (ECF 196), and a motion for issuance of letters of request seeking discovery from Rahman Ravelli Solicitors, Levona's counsel in its London-based arbitration against Eletson Gas (ECF 199).

Levona intends to oppose each of the foregoing motions (the "Discovery Motions"), including because they seek harassing, vexatious, and irrelevant discovery outside the scope permitted by the Court's order granting Levona leave to amend (ECF 162). As just one example, it is difficult to conceive how Eletson could be asserting in good faith that Levona's BVI counsel has nonduplicative discoverable documents "relevant to the issue of when Levona gained knowledge of the [Withheld] Documents" (ECF 197 at 1), or that Levona's BVI counsel has "critical documents" (*id.*)—to the contrary, the proceeding for which Levona retained BVI counsel was first filed by Eletson in *March 2024*, long after Levona had learned of the Withheld Documents. The other Discovery Motions are similarly improper and at best appear to be motivated by a mistaken view that Eletson's discovery requests may mirror, tit-for-tat, discovery sought by Levona, even though Eletson is the only party accused of fraud. Indeed, Eletson's recent opposition to Levona's letter motion concerning discovery disputes demanded "reciprocity" as to discovery no fewer than *four times* in the space of just three pages (ECF 189), always without explanation, as if there were some self-evident rule requiring that parties' discovery obligations be identical even where the issues are not. That is wrong.

The stay that Levona is requesting, as discussed above, is intended to apply equally to the Discovery Motions. If the Court is not inclined to grant a stay of all proceedings, Levona respectfully requests that its responses to each of the Discovery Motions should be adjourned to November 15, by which point the PC Plan is expected to have become effective, with Levona filing a single, consolidated response on that date. Such an adjournment is warranted because (a) it would be inefficient and potentially wasteful for Levona or the Court to devote time and resources to motions that may be withdrawn or modified; (b) it would permit the parties to brief the Discovery Motions with the benefit of the Court's forthcoming rulings on the overlapping issues presented in the parties' fully-briefed letter motions (ECF 177, 178, 182), and (c) the adjournment is short—just seven days, for example, in the case of the two most recently-filed Discovery Motions—and will cause no prejudice.

\*   \*   \*

We spoke with Eletson's current counsel earlier today and asked whether Eletson would consent to the foregoing proposals. We are awaiting a response and will immediately inform the Court if the parties are able to reach agreement.

Respectfully submitted,

*/s/ Isaac Nesser*

Isaac Nesser