```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                    :
ELETSON HOLDINGS INC. and ELETSON                                   :
CORPORATION,                                                        :
                                                                    :
                                    Petitioners,                    :      23-cv-7331 (LJL)
                                                                    :
                     -v-                                            :      MEMORANDUM AND
                                                                    :           ORDER
LEVONA HOLDINGS LTD.,                                               :
                                                                    :
                                    Respondent.                     :
                                                                    X
-------------------------------------------------------------------
```

LEWIS J. LIMAN, United States District Judge:

Respondent Cross-Petitioner Levona Holdings Ltd. moves for a limited stay of this action until a status conference is held the week of November 11, 2024. Dkt. No. 202. The motion is granted.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). On October 25, 2024, Judge Mastando issued a confirmation order in *In re Eletson Holdings Inc.*, No. 23-10322 (JPM) (Bankr. S.D.N.Y.), pursuant to which ownership and management of Eletson Holdings will be shifted to new shareholders and all causes of action will be transferred to the reorganized entity. Dkt. No. 202 at 1. Under the Confirmation Order, "claims against Levona are retained by the reorganized Debtors and can only be resolved by the independent director" to be appointed by Pach Shemen (which apparently is under common ownership with Levona) and "Pach Shemen will receive 100% of any value collected from Levona from the Final Award by virtue of its position as the equity holder of the Reorganized Debtor." Dkt. No. 202-1 at 75. The plan of reorganization goes into effect two weeks after entry of the order, absent a stay or

contravening court order. Fed. R. Bankr. P. 3020(e). If the Confirmation Order goes into effect, Eletson Holdings and its subsidiary Eletson Corp. may have different interests in pursuing this matter than the currently constituted Eletson Holdings and Eletson Corp.

Eletson Holdings argues that it is evaluating its rights in the bankruptcy proceeding during the 14-day period before the Confirmation Order goes into effect, including a possible appeal. Dkt. No. 204 at 2. It also asserts that Eletson Corp. is also a petitioner in this case and that Eletson Gas and the Preferred Shareholders have rights to protect in the underlying arbitration award. *Id.* But Eletson Corp. is a subsidiary of Eletson Holdings and there is reason to believe that if the management and interests of Eletson Holding change so too will those of Eletson Corp. Eletson Gas and the Preferred Shareholders are not currently parties to this proceeding and, until a motion to intervene is made and granted, they have no right to be heard. Finally, the limited stay accounts for the possibility that circumstances will change in the 14-day period from the date of entry of the Confirmation Order. If an appeal is taken or if the effective date of the Confirmation Order is stayed, the Court can revisit the question of a stay of this matter at the November conference.

Eletson Holdings further argues that the Court should condition a stay on Levona's agreement to stay a parallel proceeding in the LCIA and that the Court should not delay the third-party motion schedule. Dkt. No. 204 at 1-2. However, the Court would stay this action for the limited period even without a stay of the LCIA proceeding. There is thus no reason for the Court to address that proceeding. While the Court is not unsympathetic to the concerns of delay with respect to third-party discovery, third-party discovery from foreign persons is by nature a lengthy process. On balance, the limited stay that the Court issues to determine whether third-party discovery will continue is in the interests of judicial efficiency.

The Court will hold a status conference on November 12, 2024 at 10 a.m. in Courtroom 15C.  The case is stayed pending the conclusion of that status conference.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 202.

SO ORDERED.

Dated: October 31, 2024
      New York, New York

                                            LEWIS J. LIMAN
                                     United States District Judge