## quinn emanuel trial lawyers | new york

295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7253**

WRITER'S EMAIL ADDRESS
isaacnesser@quinnemanuel.com

December 20, 2024

*The Court will hold a telephonic public conference at 9:30am on Monday, December 23, 2024, on Levona's request that the stay be lifted. Parties should call 646-453-4442 and enter conference ID 358639322 followed by #.*

<u>VIA ECF</u>

Honorable Lewis J. Liman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1620
New York, New York 10007-1312

SO ORDERED.

Date: 12/20/24

LEWIS J. LIMAN
United States District Judge

Re:   <u>Eletson Holdings, Inc. v. Levona Holdings Ltd.</u>, 23-cv-07331 (LJL)

Your Honor:

I am writing on behalf of Levona concerning an effort by Eletson's former management to exploit the stay of proceedings here by pursuing a new foreign action seeking confirmation and/or enforcement of the arbitration award. Levona requests a status conference for the purpose of addressing these issues, including the possibility of lifting the stay and/or enjoining Eletson's threatened action in order to preserve the Court's ability to render meaningful relief.

By way of background, Reed Smith, purportedly acting on behalf of Eletson Holdings, Eletson Corp., and/or Eletson Gas, has argued to the Court at least three times over nearly two months that this case should not be stayed, including because Reed Smith has maintained that it can represent Eletson Gas in an intervention motion:

*First*, on October 30, 2024, Reed Smith filed a letter opposing a two-week stay that Levona had argued was appropriate based on the plan of reorganization that had been confirmed three days earlier in Eletson Holdings's bankruptcy case. ECFs 202, 204. Reed Smith not only opposed the stay on behalf of Eletson Holdings and Eletson Corp., but also asserted that Reed Smith "*as counsel to Eletson Gas*, and the Sidley Austin firm, as counsel to the Preferred nominees, are authorized to state that Gas and the Preferred Nominees intend to seek intervention." ECF 204, at 2 (emphasis added). The Court nonetheless stayed the case pending a November 12 conference. ECF 205.

*Second*, during the November 12 conference, Reed Smith again vigorously opposed the stay and any extension thereof, repeating its prior arguments about its desire to represent Eletson Gas in a motion to intervene. ECF 208 (Nov. 12, 2024 Hg. Tr.) at 5:20–6:23 ("[T]he Court should lift the stay, we should move forward …. I believe we have a statutory right to do that …."); 6:11–

23 ("Counsel for [Gas and the purported Preferred Nominees], which will include Reed Smith are here. No one has [yet] moved to intervene. At a minimum … your Honor should see those papers.")). The Court extended the stay until December 6 but permitted motions by "Eletson Gas and the Preferred Nominees, to intervene" in the interim. ECF 207. No such motion was filed.

*Third*, on November 25, 2024, shortly after Eletson Holdings's bankruptcy plan had become effective, Reed Smith filed a letter opposing a request by Eletson Holdings's new counsel for an extension of the stay. ECFs 217, 219. The letter was odd in at least two respects: It began by vaguely asserting "[w]e write as counsel" without ever specifying counsel *for whom*; and it was filed after the Court had already granted the extended stay. ECFs 218, 219. In any event, Reed Smith followed up with a second letter later that same day, again "writ[ing] as counsel" without specifying counsel *for whom*, and this time seeking an order permitting intervention motions to be filed notwithstanding the stay. ECF 220. The Court denied that request, staying all proceedings through January 10, 2025. ECF 221.

Apparently dissatisfied with the Court's rulings that have prevented Eletson Gas from filing an immediate intervention motion, Eletson's former owners, who lost control of Eletson when the bankruptcy plan became effective, and Reed Smith are attempting to proceed elsewhere. Specifically, on December 17, 2024, Levona's English counsel received an email from an attorney in Reed Smith's London office. The email, purportedly sent on behalf of Eletson Gas, states that Levona has not paid amounts purportedly payable to Eletson Gas pursuant to the JAMS arbitration award at issue in this action, and asks Levona's English counsel to accept service of papers associated with a putative new lawsuit in which Eletson Gas will seek "recognition and/or enforcement" of the JAMS award. *See* Ex. A. The email does not mention this proceeding; does not mention Levona's pending vacatur petition here; does not mention Eletson Gas's stated intention to intervene here so as to assert the same claims it apparently is now threatening to assert elsewhere; and does not mention that the Court forbade Eletson Gas from intervening during the period of the stay. Underscoring the gamesmanship, the email does not even copy counsel in this action—not Mr. Solomon or his colleagues at Reed Smith, not Quinn Emanuel, and not any of the other lawyers who have appeared.

At best, Eletson's former owners and Reed Smith are forum shopping in an effort to interfere with the Court's ability to render meaningful relief on Levona's pending vacatur petition. Levona respectfully requests a status conference at the Court's earliest convenience to address these matters, including for the purpose of considering whether to lift the stay of this action so that Levona may proceed with its fraud-based challenge to the JAMS award and/or seek to enjoin the threatened proceeding.[1]

---

[1] Levona separately reserves rights regarding Reed Smith's and Eletson's former owners' authority to act, including because Reed Smith was terminated as counsel to Eletson Gas; Reed Smith's conflicts of interest; and violations of the Bankruptcy Court's lift stay order and/or confirmation order (Bk. ECF 48, 1212).

2

Respectfully submitted,

*/s/ Isaac Nesser*

Isaac Nesser

cc:     Counsel of Record (via ECF)