UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELETSON HOLDINGS, INC. and ELETSON CORP.,<br><br>       Petitioners/Cross-Respondents,<br><br>v.<br><br>LEVONA HOLDINGS, LTD.,<br><br>       Respondent/Cross-Petitioner. | Civ. No. 23-cv-07331 (LJL) |

**LEVONA HOLDINGS LTD.'S MEMORANDUM IN OPPOSITION
TO REED SMITH LLP'S MOTION FOR STAY PENDING APPEAL
AND FOR EXTENSION OF TIME TO COMPLY WITH TURNOVER ORDER**

Levona Holdings Ltd. respectfully submits this Memorandum In Opposition To Reed Smith LLP's Motion For Stay Pending Appeal And For Extension Of Time To Comply With Turnover Order (ECF 273). Levona understands that Eletson is submitting a full opposition to Reed Smith's motion; Levona addresses here two issues of particular importance to it.

**1.** Staying the Court's displacement and turnover order and, by extension, permitting the ongoing participation of so-called "Provisional Holdings" in this case would greatly prejudice Levona by injecting further delay and confusion into these already stalled vacatur proceedings, while Reed Smith and its clients continue their global campaign to seek confirmation of the arbitration award elsewhere. Since the effective date of the Bankruptcy Plan more than three months ago, Reed Smith and "Provisional Holdings" have impeded the resolution of Levona's vacatur petition by claiming an entitlement to speak for Eletson Holdings and refusing to turn over files to Reorganized Holdings' new counsel. Granting a stay would extend that confusion for potentially months (or longer), with Levona unable to determine who controls, and which lawyers represent, the party against whom it is seeking relief—all while depriving Reorganized Holdings of documents that it has sought "to … help it evaluate the claims in this matter" (ECF 243 at 1).

The efforts of Reed Smith and "Provisional Holdings" to delay these proceedings appear to be part of a calculated plan to prevent this Court from rendering meaningful relief. Over the past several months, Reed Smith and the individuals behind "Provisional Holdings" have launched a coordinated effort to circumvent this Court's authority over Levona's vacatur petition altogether, including by seeking confirmation in multiple jurisdictions across the globe. This Court should not countenance such abusive tactics.

*First*, Levona previously informed the Court about an "effort by Eletson's former management to exploit the stay of proceedings here by pursuing a new foreign action seeking

confirmation and/or enforcement of the arbitration award." ECF 232 at 1. That foreign action, which Reed Smith filed in England on December 16, 2024, purportedly as counsel to Eletson Gas, plainly was and is an effort to forum shop, bypass this Court's rulings, and interfere with this Court's ability to render meaningful relief. *See In re Eletson Holdings,* No. 23-bk-10322 (Bk. S.D.N.Y.) ("Bk."), ECF 1435, Ex. I (English application) at ¶ 4.1 (seeking "leave to enforce the JAMS Award"); *see also* Bk. ECF 1367 (Levona's motion to enjoin the English action as a violation of the Bankruptcy Court's Stay Relief Order).

*Second*, Levona recently learned that yet another foreign enforcement proceeding was filed in Greece on November 28, 2024.[1] The plaintiffs in that Greek action are Eletson Gas and the purported Cypriot nominees; the defendants are Levona, Murchinson Ltd., and Pach Shemen; and the requested relief is "Recognition And Declaration Of Enforceability" of the arbitration award pursuant to the New York Convention. *See* Nesser Decl. Ex. 1. The 29-page application for relief details the facts underlying the arbitration, the claims asserted by Holdings and Corp. in the arbitration, and the procedural history and award in the arbitration—but says not one word about this existence or substance of this proceeding. *See id.* Indeed, the application seeks to confirm and declare enforceable the *entire* arbitration award, including as against Murchinson and Pach Shemen, without mentioning this Court's decision that "[a]ll awards of relief against Murchinson and Pach Shemen are vacated," that "[a]ll awards of relief … based upon violations of the Status Quo Injunction are vacated," and that "[a]ll awards of attorneys' fees, costs, and expenses relating to the involuntary bankruptcy petition and Bondholder Litigation are vacated" (ECF 104 at 123–24).

---

[1] Reed Smith has not appeared for any parties in that proceeding, or in the various other proceedings pending in Greece discussed below.

2

The Greek application also does not disclose or discuss Eletson's co-pending bankruptcy case (other than as necessary to its improper request to confirm now-vacated bankruptcy-related portions of the award). For example, there is no mention of the Bankruptcy Court's Stay Relief Order, pursuant to which enforcement of the arbitration award is "stayed" (Bk. ECF 48 at ¶ 4). There is likewise no mention of the Bankruptcy Court's October 25 order confirming a plan of reorganization (Bk. ECF 1212). Nor is there any mention that the confirmed plan became effective on November 19 (Bk. ECF 1258), nine days *before* the date of the Greek filing. And there is no mention that, on the effective date, the common shares in Eletson Gas (the first-listed plaintiff in the Greek action) became the property of Reorganized Holdings (*see* Bk. ECF 1132 at 29–30).

There has been a similar lack of disclosure in this action. Reed Smith failed to advise this Court of that proceeding after repeatedly representing to this Court, purportedly as counsel to Eletson Gas, that its client intended to seek leave to intervene in *these* proceedings in support of confirmation. *See* ECF 204, 208. Indeed, on November 25, Reed Smith specifically asked this Court to lift the stay on these proceedings for the limited purpose of permitting Eletson Gas, to intervene (ECF 220), a mere *three days* before Eletson Gas proceeded to seek essentially the same relief in Greece. Most recently, Reed Smith filed a letter on February 6 that opened with the pronouncement "***[w]e wish to call the Court's attention to recent developments in two proceedings taking place in Greece***," and closed by stating "[w]e are filing this letter and Declaration in both matters before the Court as **we believe the status of the Greek proceedings is relevant to motions pending before Your Honor in both actions**." ECF 262 (emphasis added). At no point in any of those written and oral submissions did Reed Smith say anything about a Greek recognition and enforcement proceeding. At minimum, that conduct raises issues regarding counsel's candor and calls into question the sincerity of counsel's recent repeated protestations

3

about the importance of "international comity." *See, e.g.*, ECF 274 at 11; Case No. 23-8672, ECF 46 at 2, 3, 5, & 19–27; Case No. 23-8672, ECF 61 at 8–10; *see also Curran v. Aetna Life Ins. Co.*, 2016 WL 3843085, *7 (S.D.N.Y. July 11, 2016) ("[T]his Court expects candor from counsel and parties … and it does not condone attempts to conceal or camouflage material facts pertinent to pending matters.").

*Third*, making matters worse, recently Levona received a copy of a February 19 petition filed in Greece by "Provisional Holdings," purportedly on behalf of Eletson Holdings, Eletson Corp., and Eletson Gas, as well as several associated shipping companies, against Levona, Murchison, Pach Shemen, certain principals of Reorganized Holdings, and others, seeking sweeping injunctive relief that would bar them from taking any action on behalf of Holdings, including several actions required under the confirmed plan and Judge Mastando's order, under threat of imprisonment. *See* Nesser Decl. Ex. 2. Although that petition references the proceedings in this Court, it repeatedly emphasizes that these proceedings, including Levona's vacatur petition are "purely internal, relating to the United States only and do[] not affect the recognition of the arbitral award in other states under the New York Convention." *Id.* at 15 n.3; *see, e.g.*, *id.* at 19 ("This internal, as already mentioned, exclusively US-related, procedure for the ratification of the 29.09.2023 Arbitral award … is still pending before the LIMAN Judge."). The filing further criticizes this Court for dismissing Provisional Holdings' effort to appeal Judge Mastando's confirmation order on behalf of Holdings by "in a short sitting and on summary judgment accept[ing] that the reorganization of ELETSON HOLDINGS had indeed taken place … ignoring the meritorious arguments of ELETSON HOLDINGS' genuinely legitimate solicitors, Reed Smith to the contrary." *Id.* at 22.

Not content with attacking just this Court's authority, "Provisional Holdings," purportedly on behalf of Eletson, also attempts to undermine the authority of the Bankruptcy Court in that same petition by contending that Holdings' voluntary conversion to Chapter 11 was "essentially forced and not voluntary," and a result of "bad faith manipulations by Levona and its coconspirators." *Id.* at 21. Thus, according to "Provisional Holdings," the confirmed plan should be deemed a legal nullity in Greece, the purported locus of Eletson's operations: the Bankruptcy Court's decisions "have not been recognized in Greece – nor could they be recognized … – therefore, they have no legal effect in Greece." *Id.* at 24. The petition further references a separate January 17, 2025 application apparently seeking a declaration that the Bankruptcy Court's order confirming the plan "do[es] not have any effect" on Holdings and that Holdings "has not been declared bankrupt and/or placed in any form of reorganization/restructuring by virtue of the" Bankruptcy Court's orders. *Id.* at 47.

In sum, "Provisional Holdings," aided by Reed Smith, is exploiting the delays that they have occasioned in these proceedings to further their effort to render the rulings of this Court and the Bankruptcy Court a nullity and prevent Levona from obtaining any meaningful relief for the fraud that the individuals comprising "Provisional Holdings" perpetrated on the arbitrator. The pendency of these foreign actions is a reason to accelerate, rather than prolong, proceedings here, so as to ensure that this Court is able to resolve Levona's first-filed vacatur petition before a misled foreign court issues a confirmation order.

2. Reed Smith's motion (at § I(A)(1)) fails to demonstrate a likelihood of success as to Article III jurisdiction for the reasons discussed in Levona's Reply Regarding Article III Jurisdiction (ECF 258), including insofar as it was adopted by the Court (ECF 270 at 110–112). Even were that not so, this Court would retain continuing jurisdiction to issue the turnover order

5

for the reasons the Court explained (*id.* at 112, *citing Kleiman v. O'Neill*, 2008 WL 5582453 at *4 (E.D.N.Y. Dec. 30, 2008)), such that the supposed absence of Article III jurisdiction in the confirmation/vacatur proceeding has no bearing on Reed Smith's appeal and thus provides no basis for a stay pending appeal.

***

For these further reasons, the Court should deny Reed Smith's motion.

DATED: March 3, 2025               QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ *Isaac Nesser*
Isaac Nesser
William B. Adams
Daniel M. Kelly
Michael A. Wittmann
295 Fifth Avenue
New York, NY 10016
Tel: 212-849-7253
isaacnesser@quinnemanuel.com
williamadams@quinnemanuel.com
danielkelly@quinnemanuel.com
michaelwittmann@quinnemanuel.com

Matthew Scheck
Matthew Roznovak (*pro hac vice*)
Alexander Van Dyke (*pro hac vice*)
300 W. 6th Street
Austin, TX 78701
Tel: 737-667-6100
matthewscheck@quinnemanuel.com
matthewroznovak@quinnemanuel.com
alexvandyke@quinnemanuel.com

*Attorneys for Respondent/Cross-Petitioner Levona Holdings, Ltd.*

## **CERTIFICATE PURSUANT TO LOCAL RULE 7.1(c)**

I, Isaac Nesser, certify that the foregoing opposition contains fewer than 8,750 words.

According to the word processing program used to prepare this opposition, it contains 1,663 words.

By */s/ Isaac Nesser*
Isaac Nesser
