# EXHIBIT 2

THEODOSIA THEODOSIA KAPELONI Digitally signed by
Date: 2025.02.17
19:45:58+02'00'

*ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION* Κωδικός
Ασφαλείας - Security OR Code :

**xf51FhhS1gf9TxjKKZPyPg**



K.F. KALAVROS LAW FIRM CH.P. FILIOS - TH.TH. KLOUKINAS BEFORE THE

SINGLE-MEMBER FIRST INSTANCE COURT OF PIRAEUS

[Interim Measures Proceedings]

APPLICATION FOR INTERIM MEASURES

1)    Of the foreign shipping company "ELAFONISSOS SHIPPING
CORPORATION", which is based at its registered office in Liberia, but de facto in
Greece, at 118 Kolokotroni Street, Piraeus, legally represented, lack a Tax Identification
Number

2)   Of the foreign shipping company "ELETSON CORPORATION", which is
based at its registered office in Liberia, but de facto in Greece, at 118 Kolokotronis
Street, Piraeus, with the Tax Identification Number 098035979/ Piraeus Shipping
Authority, legally represented.

3)   Of the foreign shipping company "ELETSON GAS LLC", which is based at its
registered office in the Marshall Islands, and de facto in Greece, at 118 Kolokotroni
Street, Piraeus, legally represented, lack a Tax Identification Number.

4)   Of the shipping company "KASTOS SPECIAL MARITIME ENTERPRISE",
which is based at its registered office in Piraeus (62, Iroon Polytechniou Avenue), with
Tax Identification Number 997904595, legally represented.

5)   Of the shipping company "KINAROS SPECIAL MARITIME ENTERPRISE",
which is based at its registered office in Piraeus (62, Iroon Polytechniou Avenue), with
Tax Identification Number 998049676, legally represented.

6)   Of the shipping company "KIMOLOS II SPECIAL MARITIME
ENTERPRISE", which is based at its registered office in Piraeus (62 Iroon Polytechniou
Avenue), with Tax Identification Number 997904024, legally represented

7)   Of the shipping company "FOURNOI SPECIAL MARITIME ENTERPRISE",
which is based in Piraeus (62, Iroon Polytechniou Avenue), with Tax Identification
Number 997904583, legally represented.

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

Page 1 of 56

*ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION*
*Κωδικός Ασφαλείας - Security OR Code :*

xf51FhhS1gf9TxjKKZPyPg

8)  Of the foreign shipping company "ELETSON HOLDINGS INC.", which is based at its registered office in Liberia, but de facto in Greece, at 118 Kolokotroni Street, Piraeus, legally represented by its temporary management by virtue of a letter of 12.11.2024 granted by the President of the Office of the Single Judge of the Piraeus Court of First Instance, Antonia MEGOULI, together with the Act of Election of the Members of the Board of Directors and representation of the Company (already registered on 19.11.2024 in the Company's register at the Register of Companies of the Republic of Liberia in Greece), lacking the Tax Identification (VAT) Number.

VERSUS

1)  The foreign special purpose vehicle "Pach Shemen LLC", which is based at its registered office in Delaware (1209 N. Orange Street, Wilmington, DE 19801), legaly represented, email: ml@murchinsonltd.com,

2)  The foreign special purpose vehicle "Levona Holdings Ltd.", which is based at its registered office in the British Virgin Islands (Sea Meadow House, P.O. Box 116, Road Town, Tortola, British Virgin Islands), legally represented, email: adam@ace148.com,

3)  The foreign special purpose vehicle "Murchinson Ltd", a foreign company based at its registered office in Canada (4th Floor, 145 Adelaide Street West Toronto, Suite 400, ON M5H 4E5 Canada), legally represented, email: mjb@murchinsonltd.com,

4)  Adam Spears, resident of Canada (17 Cortleigh Crescent, ON, M4R 2C6, Toronto, Canada), email: adam@ace148.com,

5)  Leonard Hoskinson, resident of New York City, namely at the offices of the foreign law firm Togut, Segal & Segal LLP (One Penn Plaza, Suite 3335, New York, NY 10119), email: kortiz@teamtogut.com, jboriello@teamtogut.com, bkotliar@teamtogut.com, bshaughnessy@teamtogut.com,

6)  Mark Lichtenstein, resident by virtue of his employment with the foreign special purpose vehicle "Murchinson Ltd" of Canada (4th Floor, 145 Adelaide Street West Toronto, Suite 400, ON M5H 4E5 Canada), email: ml@murchinsonltd.com

7)  Marc Bistricer, resident by virtue of his employment with the foreign special purpose vehicle company "Murchinson Ltd" ofCanada (4th Floor, 145 Adelaide Street West Toronto, Suite 400, ON M5H 4E5 Canada), email: mjb@murchinsonltd.com

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION
Κωδικός Ασφαλείας - Security OR Code :

xf51FhhS1gf9TxjKKZPyPg



8)  Ion Varouxakis, resident of Athens, at 1 Bakou Street, no. 1, holder of the ID with Number N033180, with Tax Identification Number 074097190.

9)  The company "BRASCHEL A GREECE MONOPOROSOPI I.K.E.", which is based at its registered office in Athens (26 Amalias Avenue), legally represented,

10) The company "BRASCHEL B GREECE MONOPOROSOPI I.K.E.", which is based at its registered office in Athens (26 Amalias Avenue), legally represented, and

11) The company "BRASCHEL C GREECE MONOPOROSOPI I.K.E.", which is based at its registered office in Athens (26 Amalias Avenue), legally represented.

*I. Introductory remarks - Relations between the parties*

A.    1. The multi-family shipping house "ELETSON" - Its parent company "ELETSON HOLDINGS INC." and its subsidiary 'ELETSON CORPORATION'

1.   ELETSON HOLDINGS INC. (hereinafter referred *to as "the Company" or "ELETSON HOLDINGS")* is the "parent" company of the maritime multi-family business, known in the maritime events on a global scale by the name "ELETSON". The Company is a Societe Anonyme (corporation), incorporated as early as 04.12.1985 under the laws of Liberia, having its real place of business in Greece where it maintains offices at Kolokotroni Street No. 118, in Piraeus, since it was and is managed by a board of directors consisting of eight members, which meets at its above mentioned place of business, all the members of which are Greek and resident in Greece, all decisions concerning its business activity and the fulfilment of its statutory purpose are taken at its offices, which it maintains at the above address, since the Company is a holding company of shipping companies, all its activities are carried out in Piraeus through its wholly owned subsidiary, Eletson Corporation - here third of the applicants, which maintains an office legally established in Piraeus in accordance with the provisions of Article 25 of Law No.27/1975, where it employs approximately 50 staff on land (and many more seafarers at sea), paid and insured in Greece, in accordance with the provisions of Greek law.

ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ
Μητρώο Πιστοποιημένων Μεταφραστών

HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS
Register of Certified Translators
https://metafraseis.services.gov.gr

*ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION*
*Κωδικός Ασφαλείας - Security OR Code :*

xf51FhhS1gf9TxjKKZPyPg

2.  As from 8.11.2024 the Company lacks management and legal representation, due to the resignation of four (4) of the then members of the Board of Directors. The Company is unable to take any action to defend its interests and/or to defend itself against the actions against it, as they will be detailed below in this document, two (2) of its shareholders, namely the foreign shipping companies, namely the second of the applicants, ELAFONISSOS SHIPPING CORPORATION, and KEROS SHIPPING CORPORATION, which hold 392 shares (shareholders) each of them, representing 3.92% each of the Company's share capital, have brought an action before the Greek courts, submitting a complaint dated 11.11.11.2024, with GAK/EAK 16655/7823/11.11.2024, before the Piraeus Court of First Instance (Single Member Court of First Instance) pursuant to Article 69 of the Greek Civil Code (AK), in order to appoint a temporary administration of the Company, in the procedure for interim measures, to protect the rights of the Company and in particular to manage the Company and to convene an Extraordinary General Meeting for the election of a new Board of Directors, as stated in particular in the application, and the hearing date of the above application was initially set for 4.2.2025.

Due to the existence of an urgent case, the aforementioned application included a request for the granting of a temporary injunction, the hearing of which took place before the President of the Court of First Instance of Piraeus on 12.11.2024, which was granted, and a temporary injunction was granted with the following content:

*" - Application for temporary order granted.*

*- Appoints the provisional management of the shipping company "ELETSON HOLDINGS INC" consisting of the following persons: 1) Vasilios Hatziefthereriadis son of Apostolos, 2) Konstantinos Hatziefthereriadis son of Apostolos, 3) Ioannis Zilakos son of Nikolaos, 4) Emmanuel Andreoulakis son of Stylianos, 5) Adrianos Psomadakis - Karastamatis son of Michael, 6) Panos Paxinos son of Ioannis, 7) Eleni Giannakopoulou daughter of Konstantinos, 8) Niki wife of Nikolaos Zilakos, in order to handle all urgent matters of the said company and in particular to take care of its legal representation (appointment of lawyers) before the Courts of New York USA for*

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

*the pending cases, a temporar-y basis until the hearing of the application at the appointed hearing and subject to the hearing of the application at the said hearing."[1]* The aforementioned temporary order granted was maintained by the aforementioned Court as the suspended order, following a request for intervention by the allegedly reorganized "ELETSON HOLDINGS INC." and purportedly represented by the fourth defendant herein, Adam Spears, and set for trial on April 2025

<u>These persons are the only ones authorized to represent the Company.</u>

3.   As mentioned above, the Company is a holding company and, among other things, holds all the shares of four Greek Special Maritime Enterprises (SSEs), which control the Greek flagged vessels MT Kastos, MT Kinaros, MT Kimolos and MT Fourni, which are tankers, namely the current 4th to 7th applicant Greek companies 'Kastos SPECIAL Maritime Enterprise', 'Kinaros SPECIAL Maritime Enterprise', 'Kimolos II SPECIAL Maritime Enterprise' and 'Fournoi SPECIAL Maritime Enterprise', respectively. The above vessels are managed by the Liberian company and herein the second of the applicants, Eletson Corporation *(hereinafter:    "ELETSON CORPORATION"),* which is also a 100% subsidiary of ELETSON HOLDINGS, as mentioned above, and is legally entitled, in accordance with the provisions of Article 25 of Law 27/1975 and Law No. 89/67, with an establishment in Greece, namely in Piraeus, at 118 Kolokotroni Street, with the registration number 098035979/Piraeus Shipping Authority.

---

[1] The aforementioned interim management of the Company was registered in the Company's register number C-40191 with the Ministry of Foreign Affairs of the Republic of Liberia and the corresponding Certificate of the latter was issued on 19.11.2024, by virtue of which the Members of the Board of Directors of the Company were published and as they were appointed as aforementioned by the 12.11.2024 by the interim order of Ms. President Service of the Piraeus District Court, while (a) Vassilios Hatzieλευθεriadis as Chairman and Treasurer and (b) Emmanuel Andreoulakis, as Secretary, were appointed as authorized officers / directors of the Company (Officers), who were given the power of attorney to sign on behalf of and bind the Company.

ἑΑ∐Α⫝̸∏·Η       ℙ⫫ΓΤ·Α·ΥΠ𝕧⫐⅋ΓΕΙΟ Ε Ξ Ω ΓΤ Τ Ἰ𝕓·ΠΩ
Μητρῴο Πιστοποιημένων Μεταφραστών

HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS
Register of Certified Translators
https://metafraseis.services.gov.gr

*ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION*
*Κωδικός Ασφαλείας - Security OR Code :*

xf51FhhS1gf9TxjKKZPyPg



A.    2. Eletson Gas LLC

Eletson Gas LLC *("Eletson Gas"),* was formed as a limited liability company (LLC) under Marshall Islands law providing for the formation of a limited liability company (LLC) by a Limited Liability Company Formation Agreement (LLC Agreement dated April 12, 2013, amended and codified as of August 16, 2019 - Amended and Restated LLC Agreement - to which subsequent amendments have been made). The shareholders of Eletson Gas were, *on the one hand,* ELETSON HOLDINGS, holding the common shares/shares, namely 13,000.000 ordinary shares, which were and are all (100%) of the ordinary shares, and *the* Blackstone investment fund, which held the preference shares/shares, i.e. having priority in the distribution of dividends and, under certain conditions, having a decisive influence over the company, namely 8,811,080 preference shares, which were all (100%) of the preference shares. ELETSON CORPORATION, as the ship management company, also became a shareholder in Eletson Gas by issuing to it certain 'special membership units'.

In Eletson Gas, ELETSON HOLDINGS contributed in kind five (5) new preexisting LPG carriers, all under the Greek flag, namely Anafi, Nisyros, TELOS, TELENDOS and SYMI and held all the common shares and Blackstone contributed significant funds for the construction/acquisition of another nine (9) state-of-the-art LPG carriers, capable of carrying ethylene products, and held all of the preferred units (shares), which, however, pursuant to the LLC Agreement *(hereinafter: "LLCA"),* had increased powers and controlled Eletson Gas LLC, i.e., could make significant corporate decisions and appointed a majority of the Board members.Σ..

As a result, at the beginning of 2022, Eletson Gas owned, directly or indirectly, fourteen (14) LPG carriers, making its fleet the second largest in the market - the first being the fleet of Unigas, ELETSON's main and direct competitor. Eletson Gas' revenues are mainly derived from the operation of these vessels, while the co-management of the above-mentioned Eletson Gas fleet was undertaken by ELETSON CORPORATION (technical management), on *the one hand, and* EMC GAS Corporation (commercial representation - monitoring - financial management), on the *other hand,* which was established as a subsidiary of Eletson Gas, with its registered office in the Marshall Islands and established as a shipping company under the legal framework of Article 25

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

*ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION*
*Κωδικός Ασφαλείας - Security OR Code :*

xf51FhhS1gf9TxjKKZPyPg

of Law No. 27/1975 and Law No. 27/1975. 89/67 (as a subsidiary of the aforementioned non-established Eletson Gas).

A.   3. The purchase of Blackstone's stake in Levona by Levona and the agreement to divest Levona [by transferring its (Levona's) shares to Eletson Gas or to companies it would nominate].

In November 2021, another hedge fund, - Murchinson Ltd *(hereafter Murchinson)* - here the third of the defendants, bought from Blackstone its share (for a price later revealed to be only USD 3 million), and thus became a partner (shareholder) in Eletson Gas, in place of Blackstone. The purchase was made through a company related to Murchinson, which was a special purpose vehicle, Levona Holdings Ltd *(hereinafter 'Levona'); now the second of the defendants,* incorporated under the laws of the British Virgin Islands.

Murchinson and Levona stated from the outset that they did not intend to be long-term investors, but wanted to exit soon with a significant profit on their investment. Negotiations therefore began, which took place mainly in January and February 2022 and resulted in the conclusion of a Binding Offer Letter *('BOL')* between Eletson Holdings, Eletson Corporation, Eletson Gas and Levona dated 22 February 2022, under which Eletson Gas would pay Levona USD 23 million.000,000) (or give it two ships of equivalent value, and more specifically the shares of the charterers of the bare two ships, namely SYMI II SME and TELENDOS II SME) and in return Levona would transfer the shares (preference shares) held by it to Eletson Gas, or to legal entities designated by the latter. At the same time, under the same agreement, Levona would provide a loan initially of USD 10 million, which was increased to USD 14 million (of which USD 12,8 million was eventually used), in order to pay Eletson Gas' short-term obligations to lenders. This loan was to be repaid in one lump sum over two (2) years.

Following the above, Levona under the terms of the BOL and as decided by virtue of the 29.09.2023 New York Arbitration Award (JAMS Arbitration Award), as we will set out below, was no longer a shareholder of the third applicant herein - Eletson Gas, while the latter indicated, as agreed in the BOL, and made 11.03.2022, the foreign Cypriot shipping companies, Fentalon Limited, Apargo Limited and Desimusco

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION
Κωδικός Ασφαλείας - Security OR Code :

xf51FhhS1gf9TxjKKZPyPg

Trading Limited *("The New Preferred Shareholders"),* nominated by Eletson Gas, as agreed in the BOL, became its preferred shareholders.

<u>A.</u>     4. Levona's allegations that it had not transferred the Eletson Gas shares; - Levona's unconventional, bad faith and contrary to good faith and fair dealing conduct; - Levona's breach of the terms of the LLC Agreement.

While, however, negotiations and procedures were continuing between Eletson and Levona for the change of flag of the above two (2) ships and their resale to third parties, Levona - now the second of the defendants (around mid-July 2022) suddenly started to claim that (while it had in fact been transferred the shares of SME SYMI and TELENDOS already in March 2022) it had allegedly not transferred to Eletson Gas its preferential shares in Eletson Gas, and this because according to the BOL [see the BOL of the European Union], it had not transferred to Eletson Gas its preferential shares in Eletson Gas. above under <u>paragraph A.3..</u>], Eletson Gas should also have followed certain formal procedures for exercising an option to acquire those preferred shares, which, according to Levona's allegations, had not happened. Consequently, Levona began to argue at that point that BOTH its two ships had been transferred AND the preferred shares it held in Eletson Gas had not been transferred and therefore the current fifth defendant company itself was still the preferred shareholder of the last and here fourth of the defendants, Eletson Gas. In fact, the whole of Levona's bad faith, unconventional and criminal conduct became most evident when it attempted to sell the other twelve (12) vessels in the Eletson Gas management fleet <u>to Eletson's main</u> <u>competitor, Unigas</u>. In particular, by a Letter of Intent (LOI) allegedly signed on 15 July 2022, between Unigas (which is Eletson Gas' main competitor, as already mentioned) and Eletson Gas, which allegedly signed it through a representative of Levona (who, however, was not entitled to sign in the name and on behalf of Eletson Gas) allegedly agreed to the sale and transfer of the other twelve (12) vessels to Unigas, thereby putting Levona in breach of the terms of the LLCA [see <u>A.3..</u>], in that since Levona had ceased to be a shareholder of Eletson Gas, it had no right under the LLCA to enter into the Unigas LOI or otherwise act on its behalf, while causing damages to both Eletson Gas and the New Preferred Shareholders by its bad faith, unconventional and contrary to the rules of good faith and fair dealing.

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

Page 8 of 56

ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION
Κωδικός Ασφαλείας - Security OR Code :

xf51FhhS1gf9TxjKKZPyPg

Levona's wholly unconventional, bad faith and contrary to good faith and morality conduct had one underlying cause: The fact that the values of the 12 LPG carriers that remained under the control of Eletson Gas had begun to rise significantly between the time the BOL was signed (i.e., February 22, 2022) and the time Levona dramatically changed its position (mid-July 2022). The reason for the increase was the (particularly critical for the gas market) geopolitical event of Russia's invasion of Ukrainian territories (which quite sympathetically started around the end of February 2022, and escalated in the following months). The Western world's attempt to find alternative routes for the extraction and especially transportation of LPG (i.e. not via Russian pipelines, but via ships), dramatically increased the demand for LPG carriers, resulting in a surge in the commercial value of ships of this type. Levona, therefore, as a hedge fund with the sole aim of making excess profits, instead of being satisfied with the already increasing value of the SYMI and TELENDOS vessels that it already controlled as of 11 March 2022, attempted to illegally reap benefits from the rest of the Eletson Gas fleet (i.e. the other 12 vessels mentioned above). In other words, it was not enough for Levona that while it had just invested USD 3 million and would have made at least USD 23 million based on the contract documents (!) from the two ships, but, as soon as it realised the new market prospects, it attempted to more than double its profits (by tens of millions more), claiming that it still owned the preferred shares and therefore had 'to receive' as a preferred shareholder also from the attempted sale of the 12 remaining ships (!!!).

II.  *The relevant facts*

A. The arbitration opened in New York; - The Arbitral Award issued in New York on 29.09.2023 by the Arbitral Tribunal, composed of retired Judge-Arbitrator Ariel E. BELEN *(hereinafter referred to as "the 29.09.2023 Arbitral Award").*

   1. As a result of Levona's aforementioned unconventional and wholly bad faith conduct, both Eletson Gas' shareholder and herein eighth applicant, Eletson Holdings, and its subsidiary and herein second applicant, Eletson Corporation, responsible for providing management services for the vessels owned by Eletson Gas through its subsidiaries (the management fees being an asset of Eletson Corporation and an obligation of Eletson Gas or the respective subsidiaries incurring the expense) have

ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ
Μητρώο Πιστοποιημένων Μεταφραστών

HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS
Register of Certified Translators
https://metafraseis.services.gov.gr

*ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION*
Κωδικός Ασφαλείας - Security OR Code :

xf51FhhS1gf9TxjKKZPyPg

brought an arbitration action in New York under a 29th Anniversary Arbitration Agreement.07.2022 written claim to Levona, on the basis of the arbitration clause contained in the concluded "LLC Agreement" [Article 12.14 (a) at p. 69 of the "Third Amendment and Restatement of the Limited Liability Company Agreement for Eletson Gas LLC" dated August 16, 2019 (LLC Agreement)], to resolve the dispute between them and "Levona" as to whether they had transferred to Eletson Gas or to companies that it would (and had already) represented the shares/units, namely its preferred shares (units/units) held by Levona in Eletson Gas and related partnership disputes arising from the "LLC Agreement" (LLCA).

More specifically, in the above application, the applicants (ELETSON HOLDINGS and ELETSON CORPORATION) sought a declaration that Levona had breached the terms of the LLCA, as well as the rules of good faith and fair dealing, since the defendant, Levona, had ceased to be a shareholder of Eletson Gas, following the exercise by Eletson of its Option to Purchase the Preferred Stock of the defendant (Levona) in Eletson Gas pursuant to the terms of the BOL, namely, the transfer to Levona of the shares held by Eletson Gas in the MT SYMI and MT TELENDOS shipowning companies for $23.000,000, pursuant to which (transfer) Levona's preferred shares were acquired and at the behest of Eletson Gas the foreign shipping companies, Fentalon Limited, Apargo Limited and Desimusco Trading Limited, became New Preferred Shareholders of Levona.

Accordingly, the above-mentioned applicant companies (ELETSON HOLDINGS and ELETSON CORPORATION) contended that Levona had no right under the LLCA to enter into the Unigas LOI or otherwise act on behalf of Eletson Gas, further that the actions it took resulted in property damage to Eletson Gas itself, as well as to its New Preferred Shareholders, Fentalon Limited, Apargo Limited, and Desimusco Trading Limited, for which (damage) they sought redress in the above application.

The said Arbitral Tribunal, consisting of the Honorable Judge Sole Arbitrator, Mr. Ariel E. Belen, having considered the case, in strict compliance with the principle of equality and the principle of hearing both sides, having invited the parties to appear at the hearing, and having taken into account the evidence adduced and having heard the counsel for both sides, as well as the testimony given at the hearing, which took place on

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr



xf51FhhS1gf9TxjKKZPyPg

15, 16, 18, 19, 22, 23 and 24 May 2023, issued its decision of 29.09.09.2023 final and conclusive decision, which was published in New York, United States of America (USA),

i. e. the place agreed as the seat of the arbitration.

According to that decision, the Arbitral Tribunal decided on *the one hand* that <u>Eletson exercised the option in accordance with the terms of the BOL</u>, *on the other* *hand* <u>it ruled on the</u> claims of the above-mentioned claimants and that Levona had indeed breached the terms of the LLCA, and that it, together with its affiliated legal entities, "Pach Shemen" and "Murchinson" - here the first and third defendants, respectively, had violated the rules of good faith and fair dealing, causing quantifiable harm to Eletson Gas and its New Preferred Shareholders.

According to the operative part of the said decision, the Arbitral Tribunal ruled in favour of the Complaint of ELETSON HOLDINGS and ELETSON CORPORATION[2] and, after rejecting the claims and demands and the claims of Levona in the Arbitral Counterclaim brought by it, ruled as follows *(e-^^phasis added):*

*" VIII. CONCLUSION AND FINAL A WARD"*

*This Final Award resolves all issues submitted for decision in this arbitration. The undersigned has considered and resolved all the issues and arguments raised relating to the merits of the claim, counterclaims, requests for attorneys' fees, costs, expenses and pre-judgment interest, including those not explicitly addressed herein. Any argument not addressed in this Final Award was found to be unavailing, without merit, academic, or unnecessary to reach.*

*This Final Award finds and orders as follows*

> *1.*     *Claimants have proven breaches of the LLCA and the covenant of good*
>
> *faith and fair dealing and established that Eletson exercised its option to purchase option pursuant to the BOL, and are therefore entitled to declaratory relief, compensatory damages, punitive damages, prejudgment interest, and attorneys' fees, as set forth below.*
>
> *2.*     *Defendant has not proven any of its counterclaims and they are dismissed.*

---

[2] It is noted that in the 29.09.2023 Arbitral Award, where **"ELETSON" or "Claimants"** is referred to **"ELETSON HOLDINGS"** and **"ELETSON CORPORATION"**, a subsidiary of the former, which are also the first and second claimants here, and where **"Company"** is referred to **"Eletson Gas" - here the third claimant**.

ἑΑΙΑ᛫ǀ᛫Η     ⱣΡᛒΤΓΑ᛫ΥΠᛈᏒΓΕΙΟ Ε Ξ ΩΤΓΙᛁᏒΠᎥΩ
Μητρῴο Πιστοποιημένων Μεταφραστών

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

*ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION*
*Κωδικός Ασφαλείας - Security QR Code :*



xf51FhhS1gf9TxjKKZPyPg

*The Defendant is entitled to recover nothing from Claimants.*

A. _Declaratory relief_

*I hereby enter the following findings, determinations and declarations:*

1. *Eletson effectively exercised the buyout option granted in the Binding Offer Letter dated February 22, 2022 on and as of March 11, 2022, and any alleged precondition to the exercise of that option was either satisfied or waived.*

2. *As of March 11, 2022, Respondent Levona had no ownership interest in the Company, Eletson Gas.*

3. *The Company exercised its rights under the BOL to nominate three entities - Fentalon, Apargo and Desimusco (the Preferred Nominees) - affiliated with the principals of Claimants, as the parties to receive preferred interests in the Company, previously held by Levona.*

4. *The preferred interests in the Company were transferred to the Preferred Nominees, effective as of March 11, 2022, and the Preferred Nominees are permitted transferees under the LLCA. They have stipulated to be bound by this Award and any Judgment entered hereon.*

5. *Eletson Holdings and Eletson Corporation never held any of the preferred interests in the Company.*

6. *The shares of the subsidiaries which control the Symi and Telendos were transferred to Levona as of March 11, 2022 as Purchase Option Consideration in connection with the BOL. As of March 11, 2022, Levona retains all rights associated with ownership of the subsidiaries of those vessels.*

7. *The Status Quo Injunction shall stay in effect until the later of a final court judgment being entered on any Award or any further order of this Arbitrator.*

8. *Levona, Murchinson and Pach Shemen, are each alter egos of the other concerning every fact proven in this matter and every item of relief awarded herein. Any references to Levona herein are therefore to all alter- egos, and for the avoidance of doubt, any judgments against Levona are also against each alter-ego.*

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION
Κωδικός Ασφαλείας - Security QR Code :

xf51FhhS1gf9TxjKKZPyPg

9.    Levona breached its LLCA and its related obligations, including without limitation common law and contractual duties to Claimants and the Company, in at least the following ways:

i.    Bribing an Eletson Corporation employee, and Company representative, Peter Kanelos, and causing him to disclose the Company's confidential information,

ii.    Violating confidentiality obligations by disclosing the Company's confidential information to third parties, failing to take steps to recover such information, and then deceiving Claimants and the Company concerning said breaches after it became a member of the Company,

iii.    Actively engaging in unlawful behavior by unlawfully influencing the Company's financiers to turn against the Company and Claimants, including without limitation by causing the arrest of five of the Company's vessels and not disclosing this misconduct to Eletson or the Company after it became a member of the Company,

iv.    Failing to acknowledge that Eletson fully complied with the terms of the BOL Purchase Option, and failing to act in good faith by remaining silent about its purported belief that the Company could or might fail to meet its BOL terms,

v.    Improperly purporting to act on behalf of the Company in its business dealings with third parties, including by attempting to sell the Company's assets to its primary competitor, Unigas, and concealing such misconduct from Claimants,

vi.    Improperly threatening Eletson and affiliated officers and directors, including by pursuing litigation against them,

vii.    Improperly purporting to seize control of the Company's board of directors postMarch 11, 2022,

viii.    Improperly purporting to direct the day-to-day operations of the Company postMarch 11, 2022,

ix.    Improperly purporting to assert control of the Company's assets post-March 11, 2022,

x.    Improperly purporting to call and hold meetings of the Board of the Company without following proper procedures and for unlawful and improper purposes of approving unlawful and improper conduct post-March 11, 2022,

ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ
Μητρώο Πιστοποιημένων Μεταφραστών

HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS
Register of Certified Translators
https://metafraseis.services.gov.gr

*ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION*
*Κωδικός Ασφαλείας - Security QR Code :*

xf51FhhS1gf9TxjKKZPyPg



*xi.    Breaching its obligations under the LLCA, i^cludi^g without limitation pur-p^^ting to have terminated management agreements that Eletson Corporation has with the Company's subsidiaries, purporting to change management of the Company's subsidiaries, precluding Eletson Corporation from communicating with the Company's financiers, all of which Levona knew were unlawful and in breach of the LLCA, and*

*10. Violating the arbitration's Status Quo Injunction:*

*i.   Wrongfully declaring the Company in default on the loan from Levona and wrongfully purporting to accelerate payment of the principal,*

*ii.   Trying to sell vessels, including the Symi and Telendos, while the Status Quo Injunction was in effect; and*

*iii. Directing and/or causing Levona's affiliated to purchase a controlling position in securities of Eletson Holdings in January 2023 for the purpose of wrongfully commencing and then actually causing the commencement of litigation against Eletson Holdings and the filing of an involuntary bankruptcy petition against Eletson Holdings."*

2.    Subsequently, the same Arbitral Award of 29.09.2023 of the Honorable Judge-Arbitrator Ariel E. BELEN recognized the obligation of the herein respondent companies, namely the first to the third of them (i.e. Levona, Pach Shemen and Murchinson respectively) to pay, jointly and severally liable, to the above mentioned companies the amounts mentioned therein as: (a) compensatory damages for consequential damages; and (b) punitive damages, plus (c) attorneys' fees, costs, expenses and additional interest; and specifically acknowledged that Levona, Murchinson and Pach Shemen [first through third defendants], as alter- egos, jointly and severally, shall pay: α) As Compensatory Damages

In the amount of $43,455,122.21, as more particularly set forth therein.

b) As Punitive Damages

Total amount of $43,455,122.21, as more particularly set forth therein.

c) For Attorneys' Fees, Costs, Expenses and Additional Interest

Among other things: (i) Attorneys' fees, costs and expenses due in connection with the arbitration amounting to $9,590,222.99; (ii) An additional amount of $22,366.10,

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

*ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ TRADUCTION OFFICIELLE OFFICIAL TRANSLATION*
Κωδικός Ασφαλείας - Security QR Code :

xf51FhhS1gf9TxjKKZPyPg

representing additional costs incurred by JAMS in connection with the pending arbitration; (iii) Attorneys' fees, costs and expenses due in connection with the Bankruptcy and Bondholders' Action in the amount of $3.007,266.20, (iv) Additional Default Interest on the principal amount of damages as awarded under the Amended Interim Arbitration Award through August 31, 2023 in the amount of $2,496,081.88, subj ect to the specific allocation of the foregoing amount to Eletson Gas and the Preferred Shareholders.

3. It is further noted that on 28 July 2023, the same as the Arbitral Tribunal, consisting of Judge et al.Arbitrator Ariel E. Belen, issued an Interim Arbitral Award in the above-mentioned arbitration, which was corrected by the same Arbitrator on 15 August 2023 by virtue of a Corrected Interim Arbitral Award, whereby he clarified that in Section VII. B4 of the arbitral *award "In the entities referred to in paragraphs under B.1 and B.2 respectively shall also be awarded default interest on the principal amount of the compensation referred to in paragraph B.1.".*

The critical 29.09.2023 Final Arbitral Award adopts, incorporates and republishes the Corrected Interim Arbitral Award in its entirety, amending the Corrected Interim Arbitral Award only to the extent necessary to make certain semantic and stylistic changes, and to incorporate the subsequent decisions of the undersigned arbitrator with respect to the Claimants' request for an award of costs and attorneys' fees. Section VII of the Corrected Interim Arbitral *Award entitled "Conclusion and Interim Arbitral Decision"* is not reproduced within the critical 29.09.2023 Final Arbitral Decision for the sake of brevity and clarity, although the findings and legal conclusions of that section are adopted in their entirety in Section VIII of the 29.09.2023 Final Arbitral Decision entitled *"Conclusion and Final Arbitral Decision "*[3].

---

[3]   For the sake of completeness of the history alone, we mention that on 19.10.2023 the aforementioned Applicants, and here the eighth and third of the Applicants, respectively, ELETSON HOLDINGS and ELETSON CORPORATION, brought an action in the United States District Court for the Southern District of New York, requesting that the aforementioned decision of 29.09.2023 Arbitration Award in order to enforce it in the United States, in accordance with their domestic law and specifically in accordance with the federal arbitration law governing the interpretation and enforcement of said arbitration proceedings in New York, as provided for in Section 207 of the Federal Arbitration Act codified as 9 U.S.C. §§ 1-16. It should be noted that this confirmation procedure is purely internal, relating to the United States only and does not affect the recognition of the arbitral award in other states under the New York Convention of 10.06.1958 on the Recognition and Enforcement of Foreign Arbitral Awards, which Greece has ratified by Law 4220/1961.

ι:^ΛιΛ^]^^]]^:η                                  ι^ ᴱ Ξ Ξ Ω
Μητρώο Πιστοποιημένων Μεταφραστών

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

Page 15 of 56

*ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION*
*Κωδικός Ασφαλείας - Security QR Code :*

xf51FhhS1gf9TxjKKZPyPg

B.

Subsequently, on 09.02.2024, Judge LIMAN issued a decision, by virtue of which the above Arbitral Award of 29.09.2023 of the Arbitral Tribunal composed of the Honorable Judge (retired) - Arbitrator Ariel E. BELEN was confirmed almost in its entirety, as stated in the said decision. In particular, Judge LIMAN upheld, inter alia, the following:

(a)  That Eletson effectively exercised the buyout right granted through the BOL dated February 22, 2022 on March 11, 2022, and each purported condition precedent to the exercise of such right was either satisfied or waived.

(b)  That as of March 11, 2022, Respondent Levona had no interest in Eletson Gas.

(c)  That the Preferred Shares in Eletson Gas have been transferred to the Preferred Shareholders, effective March 11, 2022.

(d)  The amount of $43,455,122.21 awarded by the Arbitrator to Eletson Gas and the Preferred Shareholders as compensation for consequential damages

(e)  The amount of $43,455,122.21 awarded by the Arbitrator to Eletson Gas and the Preferred Shareholders as punitive damages.

(f)  The amounts awarded by the Arbitrator for attorneys' fees, costs and expenses, with the sole exception of the awarded attorneys' fees, costs and expenses related to the involuntary bankruptcy petition and the bondholders' trial, in the amount of $3,007,266.20.

Also, although Judge Liman did not uphold the provisions of the arbitration award relating to Murchinson and Pach Shemen, holding that the Arbitrator *""exceeded his powers b^y extending his award against Murchinson and Pach Shemen because th^^ were neither signatories to the LLCA Agreement nor parties to the arbitration"'*, Judge Liman accepted that this " *does not in itself relieve Levona of liability for its role in the actions of these entities*".

Finally, the Judge did not uphold the relevant provisions of the operative provisions of the arbitration award and the damages awarded, which were based on violations of the status quo order, which prohibited the parties from changing the status quo, a prohibition that included the arbitration award and the filing of Eletson Holdings' involuntary

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION
Κωδικός Ασφαλείας - Security QR Code :

xf51FhhS1gf9TxjKKZPyPg

bankruptcy petition. However, as discussed immediately below, this non-confirmation in no way affected the amounts ultimately awarded by the above Arbitrator as consequential damages (i.e. the sum of $43,455,122.21) and punitive damages (i.e. the sum of $43,455,122.21), and the beneficiaries thereof (i.e. Eletson Gas and the Preferred Shareholders).

At the same time, Judge LIMAN requested the parties to file a Proposed Judgment form. In view of the fact that Judge LIMAN in his February 9, 2024 Judgment did not uphold all of the *"damages, including* punitive damages, *based on Status Quo Injunction violations",* Levona filed a Proposed Judgment form and proposed to delete the entire amount awarded as punitive damages (i.e., the amount of USD. US$ 43,455,122.21), while on the contrary, the Eletson side (HOLDINGS and CORPORATION) argued that the entire amount of the punitive damages should be retained because the Judge et al.Arbitrator Ariel E. BELEN had plenty of other reasons to award that amount of punitive damages and in any event the question of the percentage of punitive damages that should be upheld was a matter that only the Arbitrator himself was competent to decide.

4.  Thereupon, Judge LIMAN issued an order on 19 April 2024, in which he referred the relevant issue to Judge Emeritus-Arbitrator Ariel E. BELEN, requesting clarification as to whether part of the amount awarded as punitive damages relates to the violations of the Status Quo Injunction, and in case of an affirmative answer, what amount is attributable to those violations.

5.  On 9 August 2024, a clarifying decision was issued by the Judge et al.Arbitrator Ariel E. BELEN regarding the issue of remand, in which he accepted that the full amount of punitive damages ($43,455.122.21 USD) should be upheld, as he held that no part of the amount awarded as punitive damages corresponded to violations of the Status Quo Injunction, and this was because there were many other factors that had led him to hold that he should award such high punitive damages against Levona (now the second respondent).

In the meantime, Levona, based on allegations of alleged fraud on the part of Eletson, filed on 3 July 2024 before Judge LIMAN a motion to amend its opposition to Eletson's (i.e. ELETSON HOLDINGS and ELETSON CORPORATION) request for

ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ
Μητρώο Πιστοποιημένων Μεταφραστών

HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS
Register of Certified Translators
https://metafraseis.services.gov.gr

*ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION*
*Κωδικός Ασφαλείας - Security QR Code :*

xf51FhhS1gf9TxjKKZPyPg

confirmation of the arbitration award and its counterclaim for annulment of the arbitration award. Levona based its allegations of alleged fraud on the basis that certain documents allegedly should have been provided to the arbitration in the context of discovery and were not provided.

Thereafter, Judge LIMAN issued a decision on 6 September 2024, by which he allowed Levona to amend its defence to the application for confirmation of the arbitral award and allowed the production of documents (discovery) regarding the issue of alleged fraud in the Arbitration.

A *case management plan* was then drawn up, setting out what actions would follow and within what timeframe.

6. On October 25, 2024, two final judgments were entered by the United States Bankruptcy Court for the Southern District of New York in the proceedings before it against the Company and the Eighth Petitioner (see immediately below under III.A.), which dismissed the Debtors' objections to the claims of certain purported creditors and approved the amended plan of reorganization proposed by the Creditors *(the "Creditors' Amended Plan of Reorganization")* with respect to the Bankruptcy of ELETSON HOLDINGS, the Eighth Petitioner herein

In view of these two decisions of the Bankruptcy Court, and given that the management of ELETSON HOLDINGS, as well as its subsidiary, ELETSON CORPORATION, the two companies that were parties to the Arbitration and the proceedings to confirm the arbitration award, was expected to pass to the alleged Creditors (i.e. basically Pach Shemen, Levona, Murchinson - now the first to third of the Respondents respectively), if they (the Judgments) were recognized - applied in Liberia and Greece, Levona filed a letter before Judge Liman requesting a stay of the 29.09.2023 Arbitral Award.

Although Eletson's side responded to the above letter, with convincing arguments, on 30 October 2024, Judge LIMAN issued a decision on 31 October 2024, by which he suspended until 12 November 2024 the proceedings for the confirmation of the arbitral award.

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

*ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION*
Κωδικός Ασφαλείας - Security QR Code :

xf51FhhS1gf9TxjKKZPyPg

On November 25, 2024, Judge Liman ordered a complete stay of the proceedings, including the filing of motions to intervene, discovery and all pending motions and applications for discovery.

On 20.12.2024, Levona applied by letter sent to Judge Liman for a status conference for the purpose of lifting the stay granted on 25.11.2024.

On 23.12.2024 a status conference took place before Judge Liman and by his decision of 30.12.2024 Judge Liman ordered the lifting of the suspension of the proceedings for the ratification of the arbitral award on all issues, except for the issue of discovery in relation to Levona's application for annulment of the arbitral award on the grounds of fraud. The issue of discovery remains suspended until further order of the Court.

This internal, as already mentioned, exclusively US-related, procedure for the ratification of the 29.09.2023 Arbitral Award under the Federal Arbitration Act governing the interpretation and enforcement of the said arbitration proceedings in New York is still pending before the LIMAN Judge.

It is noted that both the third applicant here, "ELETSON GAS" and its New Preferred Shareholders, foreign Cypriot shipping companies, Fentalon Limited, Apargo Limited and Desimusco Trading Limited, have brought an action before the Piraeus Court of First Instance of 27.11.2024 with G.A.C. 18551/2024 and E.A.C. 8368/2024 against the respondents to the arbitration award, "Pach Shemen LLC", "Levona Holdings Ltd." and 'Murchinson Ltd', i.e. against the first to third parties, requesting the recognition of the said arbitral award of 29.09.2023 and its declaration of enforceability in Greece. The date of the above application of 27.11.2024 was set for 03.06.2025.

Γ. The bad faith filing of a bankruptcy petition against ELETSON HOLDINGS by its opponent in the Arbitration, Levona and its other affiliated companies.

Murchinson and Levona, now the third and second defendants respectively (constituting one and the same), when they perceived that they were increasingly likely to be defeated in the above-mentioned arbitration, which was the case with the Arbitral Award of 29.09.2023, put in place a plan to firstly prevent the issuance of the above Arbitral Award by filing a petition for the declaration of involuntary bankruptcy of

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

*ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION*
*Κωδικός Ασφαλείας - Security QR Code :*

xf51FhhS1gf9TxjKKZPyPg

ELETSON HOLDINGS. Specifically, Levona, acting through another affiliated (in fact, entirely self-interested) special purpose vehicle related to , namely the first of the defendants here, Pach Shemen LLC (which in certain correspondence that emerged during discovery they called Levona II), purchased old bonds issued by ELETSON HOLDINGS which had been largely repaid by the sale of all the ships securing those bonds, and subsequently the first defendant here, Pach Shemen LLC, filed on 7 July 2007 a report with the Court of First Instance of the European Communities.3.2023 filed for involuntary bankruptcy of ELETSON HOLDINGS (pursuant to Chapter 7 of the U.S. Bankruptcy Code). Since a prerequisite for filing an involuntary bankruptcy petition before the US Bankruptcy Court is that it must be filed by three creditors, the first of the Pach Shemen defendants here were two other companies, VR Global and Alpine Partners, which had also purchased bonds issued by ELETSON HOLDINGS. It is noteworthy that Pach Shemen appeared as a bondholder creditor of ELETSON HOLDINGS by illegally agreeing to purchase from the old bondholders, bonds with a face value of approximately USD 1,000,000. US $183 million for the humiliating price of approximately USD 183 million. USD 2 million (plus some additional returns if it won the Arbitration). That is, Levona through its alter ego Pach Shemen LLC spent just USD. USD 2 million but sought a repayment of USD 2 million. US$ 183 million and filed for bankruptcy against its counterparty in the already at that time pending ELETSON HOLDINGS Arbitration (!).

The filing of the said petition has the effect, under US (federal) bankruptcy law, of an automatic stay of all lawsuits and arbitrations (individual prosecutions), and therefore the arbitration opened at that time was stopped. However, after the strong opposition of ELETSON HOLDINGS, which sought to continue the arbitration, the side of Pach Shemen/Levona/Murchinson was forced to come to an agreement that turned into a Stipulation & Order and thus the Bankruptcy Court of the United States of America issued a decision on 17.04.2023 and allowed the said arbitration to continue. The Arbitration hearing lasted for about two weeks in May 2023 with the examination of a number of witnesses from both sides and subsequently the Arbitral Award of 29.09.2023 was issued in New York by the Arbitral Tribunal composed of the Honorable Judge- Arbitrator Ariel E. BELEN, as detailed above under A.4.

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ · TRANSLATION
Κωδικός Ασφαλείας - Security QR Code :

xf51FhhS1gf9TxjKKZPyPg



As, however, the involuntary bankruptcy proceedings of "ELETSON HOLDINGS" and the other two (2) companies of its interest, Agathonisos Finance LLC and Eletson Finance (US) LLC, continued before the Bankruptcy Court, given the circumstances prevailing at the time, the constant pressure from the opposing party (Levona), which was constantly using tricks to obstruct the progress of the Arbitration and in order for ELETSON HOLDINGS to have control of its assets, at least until the expected arbitral award is issued on September 9, 2023, upon agreement of the parties, ratified by the Bankruptcy Court, the involuntary bankruptcy proceeding (under Chapter 7 of the US Bankruptcy Code) was converted into a voluntary bankruptcy (restructuring) proceeding (under Chapter 11 of the US Bankruptcy Code). In other words, the entry into the voluntary reorganization (Chapter 11) proceedings in the present case was necessarily and due to the prevailing circumstances, i.e. essentially forced and not voluntary.

Subsequently, and following bad faith manipulations by Levona and its coconspirators, Murchinson/Pach Shemen, were issued on 25.10.2024 by the Bankruptcy Court of New York, consisting of Judge John P. MASTANDO, two judgments, which dismissed the objections of the alleged debtors (ELETSON HOLDINGS, Agathonisos Finance LLC and Eletson Finance (US) LLC) against the claims of certain alleged creditors (from Pach Shemen LLC, VR Global Partners L.P., Alpine Partners L.P.) and approved the Amended Creditor Plan of Reorganization.

Just on 04.11.2024, the Order of the Bankruptcy Court of New York, composed of Judge John P. MASTANDO, was issued, confirming the aforementioned Chapter 11 voluntary bankruptcy (restructuring) of ELETSON HOLDINGS and the other companies (Agathonisos Finance LLC and Eletson Finance (US) LLC) and the Amended CreditorsPlan of Reorganization[4].

D.  According to the provisions of the U.S. Bankruptcy Code, the time limit for ELETSON HOLDINGS and the other debtor companies to appeal is 14 days from the date of the judgment and commences from the date of the judgment (Rule 8002 Federal Rules of Bankruptcy Procedure) and therefore the appeal had to be filed by

08.11.11.2024  , since the aforementioned decision of the Bankruptcy Court was issued on

---

[4]  FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING PETITIONING CREDITORS' AMENDED JOINT CHAPTER 11 PLAN OF ELETSON HOLDINGS INC. AND ITS AFFILIATED DEBTORS.

ι:^ΑιΔ^]^^][^:η                                 ι^ Ε Ξ Ω
Μητρώο Πιστοποιημένων Μεταφραστών

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

*ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION*
Κωδικός Ασφαλείας - Security QR Code :

xf51FhhS1gf9TxjKKZPyPg

25.10.2024, which was the case, since the relevant introductory appeal was filed before the competent court, i.e. the District Court for the Western District of New York, with Judge LIMAN presiding, on 07.11.2024.

However, in a completely abusive and dilatory manner, a few days after the appeal was filed by the only truly legitimate lawyers of ELETSON HOLDINGS (a law firm called Reed Smith), a new law firm (called Goulston & Storrs) who purported to represent the restructured ELETSON HOLDINGS and filed a purported Stipulation and Agreement to Dismiss Appeal Under Rule 8023 of the Federal Rules of Bankruptcy Procedure (the "Stipulation and Agreement to Dismiss Appeal Under Rule 8023 of the Federal Rules of Bankruptcy Procedure") with the alleged Creditors. In other words, the purportedly restructured ELETSON HOLDINGS (with other attorneys) asked Judge LIMAN to dismiss the appeal filed by ELETSON HOLIDNGS' actual attorneys.

On 23.12.2024, a status conference took place before Judge LIMAN on the issue of the above alleged Agreement to Dismiss the pending Appeal. The critical issue in that discussion was whether the reorganization of ELETSON HOLDINGS had actually occurred on 19.11.2024 and whether the representation of the allegedly restructured ELETSON HOLDINGS by the new solicitors Goulston & Storrs was valid. Judge Liman (without giving the actually legitimate lawyers for ELETSON HOLDINGS (Reed Smith) the right to respond in writing) in a short sitting and on summary judgment accepted that the reorganization of ELETSON HOLDINGS had indeed taken place on 19.11.2024 and that the representation of the restructured ELETSON HOLDINGS by new solicitors Goulston & Storrs was valid and therefore upheld the Agreement to Dismiss the Appeal, ignoring the meritorious arguments of ELETSON HOLDINGS' genuinely legitimate solicitors, Reed Smith to the contrary.

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

*ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION*
*Κωδικός Ασφαλείας - Security QR Code :*

xf51FhhS1gf9TxjKKZPyPg



*III.*    *The dispute - The relevant facts in this case*

A. The lack of jurisdiction of the Bankruptcy Court of the United States - Southern District of New York, composed of Judge John P. Mastando, both with respect to the Chapter 11 bankruptcy of Eletson Holdings and the other companies issued in New York on 25.10.2024 and the Chapter 11 bankruptcy of 04.11.2024 order of the same bankruptcy court confirming the voluntary Chapter 11 bankruptcy order of

25.10.2024    of Eletson Holdings and the other companies and the amended CreditorsPlan of Reorganization.

*In this regard,* as already mentioned, ELETSON HOLDINGS Inc. is a limited liability company (corporation), which has been incorporated since 04.12.1985 under the law of Liberia, with its actual seat in Greece where it maintains offices at Kolokotroni Street no. 118, in Piraeus, since it is governed by an eight-member board of directors, which has been meeting at its above establishment for forty (40) years without interruption from the time of its incorporation until today, all members of which are Greek and resident in Greece, all decisions concerning its business activity and the fulfillment of its statutory purpose, are taken at its offices, which it maintains at the above address, since the company is a holding company (shipping companies) and all its activities are carried out in Piraeus through its wholly owned subsidiary Eletson Corporation, which maintains a legally established office in Piraeus in accordance with the provisions of article 25 of Law No.27/1975, where it employs a staff of approximately 50 persons on land, salaried and insured in Greece, in accordance with the provisions of Greek law. It should be noted for the sake of completeness that many more staff are employed at sea, including Greek seafarers, as Eletson is one of the traditional companies that historically and even today prefer the Greek flag for its ships.

Following the above and taking into account the fact that for more than forty years the place where the administration of the Company's interests has been exercised in an organised, permanent and continuous manner is Greece and in particular Piraeus, where the Company maintains ofTices at Kolokotroni Street No. 118, it follows that the courts of Greece and in particular, according to Greek law (CCP in conjunction with Article 78 of Law 4738/2020 and Article 51 of Law 2172/1993), the courts of Piraeus have exclusive jurisdiction to initiate insolvency proceedings.

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

*ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION*
*Κωδικός Ασφαλείας - Security QR Code :*

xf51FhhS1gf9TxjKKZPyPg

Accordingly, the Chapter 11 Bankruptcy Judgment issued in New York on 25.10.2024   against ELETSON HOLDINGS (now the eighth petitioner) and the other companies by the United States Bankruptcy Court for the Southern District of New York, composed of Judge John P. MASTANDO, as well as the Order of the same Bankruptcy Court of 04.11.2024 confirming the Chapter 11 Bankruptcy Judgment of 25.10.2024 of the same Bankruptcy Court of 25.10.2024 Chapter 11 of ELETSON HOLDINGS (now the eighth applicant) and the other companies and the Amended CreditorsPlan or Reorganization <u>do not have any effect on the current eighth applicant company in the Greek legal order, nor are they binding on it, and the present Eighth Applicant Company has not been declared bankrupt and/or placed in any form of reorganization by virtue of the aforementioned decisions, since the aforementioned US Bankruptcy Court lacked jurisdiction, taking into account that the Company's registered office is located in Greece.</u>

<u>In any case, these decisions of the US Bankruptcy Court have not been recognized in Greece - nor could they be recognized, as mentioned above - therefore, they have no legal effect in Greece.</u> In recognition of this fact, with the force of res judicata, as well as in recognition of the fact that the current eighth applicant company has not been declared bankrupt and/or placed in any form of reorganization/restructuring by virtue of the aforementioned decisions, all the current applicants have brought before the Piraeus Multi-Member Court of First Instance (Ordinary Procedure - Maritime Litigation Section) the action of 17.01.2025 with G.A.K.1260/2025 and E.A.K. 344/2025 against the current defendants, as well as against: 1. the foreign special purpose vehicle "VR Global Partners, L.P.", 2. the foreign special purpose vehicle named "Alpine Partners (BVI), L.P.", 3. the foreign fund management company named "DuPont Capital Management", and 4. The foreign company named "Mulberry Street Ltd".

ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ
Μητρώο Πιστοποιημένων Μεταφραστών

HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS
Register of Certified Translators
https://metafraseis.services.gov.gr

*ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION*
*Κωδικός Ασφαλείας - Security QR Code :*

xf51FhhS1gf9TxjKKZPyPg

B. The bad faith and utterly abusive conduct of the opposing parties to date. - The failure to comply with the local limits of the New York Chapter 11 Involuntary Bankruptcy/Reorganization Order of ELETSON HOLDINGS entered in New York on October 25, 2024, as confirmed by the November 4, 2024 Order of the United States Bankruptcy Court for the Southern District of New York consisting of Judge John P. MASTANDO. - The bad faith attempt by the opposing parties to obtain control and management of ELETSON HOLDINGS, ELETSON CORPORATION, ELETSON GAS, CASTOS SPECIAL MARITIME ENTERPRISE, KINAROS SPECIAL MARITIME ENTERPRISE, KIMOLOS II SPECIAL MARITIME ENTERPRISE, and FURNOS SPECIAL MARITIME ENTERPRISE.

As discussed immediately above, the New York Chapter 11 Bankruptcy Judgment of 25.10.2024 of ELETSON HOLDINGS (now the Eighth Petitioner) and the other companies of the United States Bankruptcy Court for the Southern District of New York, composed of Judge John P. MASTANDO, as well as the Order of 04.11.2024 of the same Bankruptcy Court confirming the Order of 25.10.2024 Chapter 11 Voluntary Bankruptcy Judgment of ELETSON HOLDINGS (now the eighth applicant) and the other companies and the Amended CreditorsPlan of Reorganization do not have any effect on the eighth applicant company in the Greek legal order, nor are they binding on it, and the applicant company has not been declared bankrupt and/or placed in any form of reorganization/restructuring by virtue of the aforementioned decisions, since the above US Bankruptcy Court lacked jurisdiction, taking into account that the Company's registered office is in Greece.

Moreover, the abovementioned involuntary bankruptcy petitions were not filed for the purpose of financial reorganization of Eletson Holdings, but were aimed at gaining a strategic advantage in the arbitration proceedings already opened between Eletson Holdings and Eletson Corporation, on the one hand, as plaintiffs/appellants, and Levona (a company wholly related to, if not identical to, Murchinson), on the other hand, as the defendant/appellant.

However, although the opposing parties are aware of the above, they have not ceased to date, despite our invitations to refrain from related actions devoid of any legality, to try to take control of the second to eighth applicant companies, namely,

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION
Κωδικός Ασφαλείας - Security QR Code :

xf51FhhS1gf9TxjKKZPyPg

ELETSON CORPORATION, ELETSON GAS, CASTOS SPECIAL Maritime Enterprise, KINAROS SPECIAL Maritime Enterprise, KIMOLOS II SPECIAL Maritime Enterprise and FURNOS SPECIAL Maritime Enterprise and ELETSON HOLDINGS respectively [detailed below under III.B.1 - III.B.7.].

More specifically, the opponents initially engaged in a global communication and defamatory "campaign" with a press release and multiple e-mails, claiming to be shareholders, managers and representatives of the allegedly restructured ELETSON HOLDINGS, to employees and directors (who are employed in Piraeus with the activities of ELETSON CORPORATION), while they do not hesitate to address banks in Greece and Germany with which the eighth of us and its companies of interest cooperate, in order to obtain control of the assets of these companies. In a desperate attempt to gain control even of ELETSON CORPORATION, ELETSON GAS, KASTOS SPECIAL Maritime Enterprise, KINAROS SPECIAL Maritime Enterprise, KIMOLOS II SPECIAL Maritime Enterprise and FURNOS SPECIAL Maritime Enterprise (which, as already mentioned, are not included in the alleged debtors of 25.10.2024 Decision and

04.11.2024  Order of the US Bankruptcy Court), proceed to draw up unsubstantiated Deeds, which allegedly remove the existing and legal members of their Board of Directors and appoint new ones, with new officers. The opponents have even gone so far as to harass the captains of ships at sea, attempting to mislead them with false orders (as discussed below).

In particular:

B.1. Letters to Directors, officers and employees of ELETSON CORPORATION.

On 20.11.2024, Adam Spears (4th defendant herein), posing in his capacity as a member of the purported Board of Directors of the reorganized "Eletson Holdings Inc." and as the purported Chief Executive Officer of the latter, through his email address "adam.spears@eletsonholdings.com", he sent several employees of ELETSON CORPORATION (i.e. a company that was not even a party to the U.S. Chapter 11 proceeding) an email regarding the alleged future role of these employees in the allegedly restructured parent company, Eletson Holdings.

More specifically, Adam Spears addressed the following groups of ELETSON CORPORATION employees, namely the operations team, the management team, the

ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ
Μητρώο Πιστοποιημένων Μεταφραστών

HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS
Register of Certified Translators
https://metafraseis.services.gov.gr

*ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION*
*Κωδικός Ασφαλείας - Security QR Code :*



xf51FhhS1gf9TxjKKZPyPg

legal team, and the information and technology team, and specifically Mr. Manolis Andreoulakis, who is the in-house counsel, stating that they can be a valuable asset to the allegedly restructured parent company Eletson Holdings.

It is worth noting that Adam Spears specifically asked the IT department to grant him immediate access to the electronic files located on servers owned by ELETSON CORPORATION (and not ELETSON HOLDINGS).

In addition to the above emails, Adam Spears (now 4th defendant) also sent emails to specific employees handling ELETSON CORPORATION matters, whom he considered critical to the success of the Company, referring to the future role of these employees in the allegedly restructured parent company ELETSON HOLDINGS and its subsidiaries . [5]

It is noted that in the context of the general effort by the fourth respondent here to amend Eletson Holdings' corporate documents in the Liberian International Ship & Corporate Registry (LISCR), Adam Spears asked Ms. Thekla Matthaiou which employee, if not her, has access to the LISCR.

2.  Further, on 20.11.2024, the respondent herein, Mark Lichtenstein, in his capacity as an employee of the purportedly reorganized ELETSON HOLDINGS and as purportedly authorized to sign and represent the reorganized Eletson Holdings Inc. on all accounts of the latter, who incidentally is a member of the Board of Directors of both Levona and Pach Shemen, sent an email from his also deceptively "fabricated" email address "mark.lichtenstein@eletsonholdings.com" to Mr. Vassilis Hadjieleftheriadis, Mr. Vassilis Kertsikov and Ms. Laskarina Karastamatis, who are the heads of the three

---

[5] The above email was sent to the following employees who are not even employees of ELETSON HOLDINGS, but are employed by other companies (not included among the debtors and were not parties to the Chapter 11 proceeding), namely:

α. To the Chief Operating Officer, Mr Lazaros Skoularikos.

β. The member of the Finance Department, Mr. Paschalis Radopoulos.

c. To the member of the Legal Department, Ms Elena Vandorou.

d.  To the member of the financial department, Ms Marina Orphanoudaki. ε. To

the member of the legal department, Ms. Thekla Matthaiou.

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

*ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION*
*Κωδικός Ασφαλείας - Security QR Code :*

xf51FhhS1gf9TxjKKZPyPg



families controlling the vast majority of the shares of ELETSON HOLDINGS, allegedly representing the "new *management of Eletson"* and pointing out to the above persons that they are not "authorized" to take any action on behalf of Eletson Holdings or its subsidiaries without prior written approval from him, Leonard Hoskinson or Adam Spears.

3. In addition, on the same day, the sixth defendant Mark Lichtenstein sent an email to the entire Eletson team (i.e. all of the above), informing them of some new procedures and precautions that will be implemented in the operation of the supposedly restructured ELETSON HOLDINGS.

B.2. Further letters to the directors, officers and employees of ELETSON GAS and ELETSON CORPORATION.

1. On 04.12.2024, Adam Spears (4th defendant), through his email address "adam.spears@eletsonholdings.com" (which, as mentioned above, was deceptively constructed by the opposing parties in order to create the impression that Adam Spears is an executive of Eletson) sent an email to Ms. Laskarina Karastamatis and Mr. Vassilis Kertsikov, who are the two members of the ELETSON GAS Board of Directors (which is not included among the debtors) appointed by Eletson Holdings, informing them that ELETSON HOLDINGS has "dismissed" them as members of the Board of Directors of Eletson Gas LLC effective December 2, 2024.

2. On 04.12.2024 again, Adam Spears, through his email address "adam.spears@eletsonholdings.com", sent another email to Ms. Laskarina Karastamatis and Mr. Vassilis Kertsikov, informing them that with effect from 2 December 2024, the unitholders and the members of the Board of Directors of ELETSON GAS (which, as mentioned above, is not included among the debtors) were dismissed by officials of the latter.

3. On 05.12.2024, Adam Spears, through his email address "adam.spears@eletsonholdings.com", sent an email to Mr. Paschalis Radopoulos, who handles the financial affairs of ELETSON CORPORATION (i.e. a company not included among the debtors), asking for explanations as to why the freight charges for the ships operated by Special Maritime Enterprises (SMEs) have not

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

*ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION*
*Κωδικός Ασφαλείας - Security QR Code :*

xf51FhhS1gf9TxjKKZPyPg

been paid, which are charterers of the naked ships and subsidiaries of ELETSON HOLDINGS (and therefore not included in the debtors), and requests information as to whether this employee receives orders from someone other than Adam Spears.

4. On 06.12.2024, the 7th defendant Marc Bistricer, who is the CEO of the third defendant Murchinson Ltd, which both independently and through Levona and Pach Shemen, has initiated endless legal proceedings against ELETSON HOLDINGS, its subsidiaries and its worldwide heads, sent an email to Ms. Laskarina Karastamatis, Mr. Vassilis Kerchikov and Mr. Vassilis Hadjieleftheriadis, ostensibly exploring ways to settle the disputes. Marc Bistricer is the ultimate/controlling shareholder of the respective companies, i.e. the first to the third of the respective companies. As revealed by shocking documents disclosed in the arbitration (before the Honorable Judge-Arbitrator Ariel E. BELEN), he is the mastermind (orchestrator) behind all the critical illegal, anti-competitive, and abusive acts that have taken place against the respondent companies for at least three years. It is noted that the other company, namely Mulberry Street Ltd. of Scotland, of which the above-named person is similarly the ultimate/controlling shareholder, is the special purpose vehicle that the 7s Defendants used to finance the Amended Plan of Reorganization of the alleged Creditors and is referred to in various U.S. pleadings as an affiliate of Pach Shemen.

5.  (a) On 21.11.2024, this 6th defendant Mark Lichtenstein, through his email address "mark.lichtenstein@eletsonholdings.com", sent an email to Mr. Vassilis Hadjieleftheriadis, informing him of the change in management of Eletson and setting out the new guidelines and restrictions under the alleged new management of ELETSON HOLDINGS and its subsidiaries.

6. (a) On 27.12.2024, Adam Spears (4th defendant), through his email address "adam.spears@eletsonholdings.com", sent an email to Mr. Vassilis Hadjieftheriadis, referring to the business activities of the subsidiaries of ELETSON HOLDINGS and reminding him that he is obliged to cooperate with him under the US Bankruptcy Order and the plan of reorganization.

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

*ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION*
*Κωδικός Ασφαλείας - Security QR Code :*

xf51FhhS1gf9TxjKKZPyPg

7.  On 28.11.2024, Adam Spears (4th defendant), through his email address "adam.spears@eletsonholdings.com", sent an email to groups of ELETSON CORPORATION employees, namely the operations team, management team, legal team, and information technology team, as well as to certain employees individually, in which, among other things, it accuses the current owners of ELETSON HOLDINGS of dishonesty and incompetence and that the current owners are responsible for all negative developments and not the alleged new management.

B.   3. Letters to the German bank Berenberg.

On November 19, 2024, the representative of Pach Shemen LLC, which is among the Creditors that proposed the Amended Creditors Plan of Reorganization, 4th Defendant Adam Spears, sent a letter to the German bank " Joh. Berenberg, Gossler & Co. KG", which holds bank accounts for ELETSON CORPORATION and EMC INVESTMENT CORPORATION, which are subsidiaries of ELETSON HOLDINGS (and are not even included among the alleged Chapter 11 Debtors), as well as bank accounts of EMC GAS CORPORATION, a subsidiary of ELETSON GAS (and not a subsidiary of ELETSON HOLDINGS, but only an affiliate of the latter, which is also not included among the alleged Chapter 11 debtors).

In this letter, Adam Spears, who even signed as the purported CEO of ELETSON HOLDINGS, requested in view of the purported reorganization of ELETSON HOLDINGS under a Chapter 11 plan certified by the United States Bankruptcy Court for the Southern District of New York, which purportedly became effective on 19.11.2024, and related subsequent corporate actions of the purportedly restructured ELETSON HOLDINGS and subsidiaries, the revocation of existing Authorized Signers, the exclusion of the latter from access to the accounts under review, and the reassignment of Authorized Signers.

In this letter Adam Spears attached the Order of the same Bankruptcy Court dated 04.11.2024  confirming the Chapter 11 voluntary bankruptcy of ELETSON HOLDINGS dated 25.10.2024.

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

*ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION*
*Κωδικός Ασφαλείας - Security QR Code :*

xf51FhhS1gf9TxjKKZPyPg

It is clear that this is a completely misleading letter, as no relevant subsequent corporate action by the allegedly restructured ELETSON HOLDINGS and its subsidiaries took place, and could not have taken place, since, as stated above, such actions require recognition of the US judgment in Liberia and Greece and/or in other countries where the claimants and their subsidiaries have assets, which has not happened to date.

The Bank, not realizing the misleading nature of the letter and without informing the existing Authorized Signatories, revoked the existing Authorized Signatories and excluded the latter from access to the accounts under review, as well as reassigned Authorized Signatories.

When Eletson's authorized signatories accidentally became aware of the above developments, they were quick to inform the Bank that the necessary corporate actions that Adam Spears claimed to have taken had not in fact taken place and therefore he could not receive instructions from anyone other than Eletson's existing authorized signatories.

As a result of the above actions of Adam Spears, not only were the accounts of the above companies rendered inoperable but, as evidenced by relevant email correspondence of January 2025, the bank even refuses to return to the shipper Novum Energy money that was erroneously deposited in the EMC Investment Corporation account and which it requests to be returned to it.

B.    4. Additional actions against Citibank and ABN.

1. On 16.12.2024 Adam Spears -4ˢ of the defendants forwards an email from Citi Bank to Ms. Laskarina Karastamatis. Just as the opposing parties, posing as the alleged new owners of Eletson Holdings, succeeded in causing a blockage in Eletson's accounts at Berenberg Bank, they also succeeded in doing the same with Citi Bank. Therefore, this correspondence is not a bribe and threat to the directors/employees of the Company, but worse, a bribe from the opposing parties to third parties (in this case the banks) and an obstruction of the legitimate management of the Company by the current directors.

2. More recently, on 21.1.2025, the lawyer of Eletson Corporation and the members of the provisional management of Eletson Holdings in Greece, Mr. Ioannis

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION
Κωδικός Ασφαλείας - Security QR Code :

xf51FhhS1gf9TxjKKZPyPg

Markianos-Daniolos, received an email from ABN AMRO Bank NV informing him that the bank had received correspondence from Adam Spears who claimed to the bank that the existing mandates to represent Eletson Holdings and its subsidiaries vis-a-vis the bank had been revoked and that new authorised signatories had been appointed. As a result of this correspondence, the bank froze the movement of the accounts of Eletson Holdings and its subsidiaries and only allowed payments for the operational needs of the vessels managed by Eletson Corporation against a guarantee from Eletson Holdings and its subsidiaries to indemnify the bank for any loss it might suffer in making these payments.

B.    5. Actions against charterers.

1. The actions of the opposing parties, which are devoid of any legality, are also directed against the charterers of the ships operated by the subsidiaries of ELETSON HOLDINGS Special Maritime Enterprises (charterers of the naked ships, i.e. the current 4th to 7th applicants), which are not included, as already mentioned, among the alleged debtors of the 25.10.10.2024 Order and the Order of the US Bankruptcy Court of 04.11.2024), with the result that the business activity of these companies is grossly impeded.

2.    a. Indicatively, on 03.01.2025, the company Novum Energy, which is the time charterer of the ships KASTOS and FOURNI, which are operated by the respective subsidiaries of ELETSON HOLDINGS Special Maritime Enterprises (SME) (charterers of the naked ships), namely the 4th applicant, KASTOS SPECIAL MARITIME ENTERPRISE and the 7th applicant, FURNOS SPECIAL MARITIME ENTERPRISE, apparently following false statements made by the defendants and in particular by the 8th defendant, Adam Spears (as shown in (e) below), sent an email to an Eletson employee, and citing the US Bankruptcy Court decisions and the alleged installation of new management in the ELETSON HOLDINGS' shipowning subsidiaries, stated that it had placed the payments for the charters of the two aforementioned vessels on treasury hold until further evidence was provided.

b. Of course, the charterer Novum Energy did not find the bankruptcy court decisions on its own, much less the alleged changes in the management of its subsidiaries ELETSON HOLDINGS, but they were clearly sent to it by the defendants and in particular by the 4th defendant Adam Spears. This is clear from what is stated below under (e) and (f).

ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ
Μητρώο Πιστοποιημένων Μεταφραστών

HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS
Register of Certified Translators
https://metafraseis.services.gov.gr

*ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION*
*Κωδικός Ασφαλείας - Security QR Code :*

xf51FhhS1gf9TxjKKZPyPg

c.  Further, on January 7, 2025, Defendants' 4ª Adam Spears emailed Martin Hugger, who is the executive of Meerbaum Capital, a company affiliated with Oaktree Tactical Opportunities and a key financier for several vessels operated by Special Maritime Enterprises (charterers of the naked vessels) owned by ELETSON HOLDINGS and ELETSON GAS, attempting gain control of companies that are not included among the debtors or were not otherwise parties to the Chapter 11 proceedings, i.e., subsidiaries of the Company.

d.  Further, the interference with the business operations of ELETSON GAS (which, as noted above, is not included among the Debtors nor was a party to the Chapter 11 proceeding) continues to this day, as on January 9, 2025, the 4th Respondent here, Adam Spears, sent an email to Tufton Investment Management, which is the financier of the ships "ANAFI", "NISYROS" and "TILOS", which are operated as charterers of the ships by naked Greek Shipping Companies owned by ELETSON GAS, stating the following (*the exact translation of this in Greek is provided*): *"We are preparing a response on behalf of Eletson Gas LLC to your letter," although it is not authorized to do so."*

e.  It is noteworthy that on 14 January 2025, Adam Spears, via his email address "adam.spears@eletsonholdings.com", sent an email to Mr. Vassilis Hadjieleftheriadis, legal representative of "GLAFKOS TRUST COMPANY", one of the main shareholders of "ELETSON HOLDINGS", in which he states that some amendments to the time charter agreements with Novum Energy (for the bank account in which the charters are paid) that took place in December 2024 were not approved by the alleged owners or management of the SMEs and are therefore invalid, while it claims that the payments by the time charter company Novum Energy for the fares of the vessels operated by the subsidiaries of ELETSON HOLDINGS' Special Maritime Enterprises should be frozen. The above leaves no doubt that he, by sending false and unsubstantiated minutes of a change of Board of Directors (cf. and to the alleged changes of the Board of Directors of KINAROS SME (below under B.7.(c)) misled the time charterer Novum Energy in order to freeze the fares (not even to collect them from the opposing parties but to freeze them in order to cause harm to the claimants and in particular to the 4th applicant KASTOS

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION
Κωδικός Ασφαλείας - Security QR Code :

xf51FhhS1gf9TxjKKZPyPg

SPECIAL MARITIME ENTERPRISE and the 7th applicant FOURNOI SPECIAL MARITIME ENTERPRISE).

B.    6. Letters to Lawyers.

1. On 23.11.2024, the Creditors' lawyers, Togut, Segal & Segal LLP, sent a letter to the lawyer, Ioannis Markianos Daniolos, who represents in Greece the members of the Board of Directors of Eletson Holdings Inc, accusing him that his actions violate the decision of the US Bankruptcy Court that confirmed the Creditors' Amended Plan of Reorganization and threatening him with penalties. Indeed, among other things, the Creditors claim that with the issuance of the U.S. Bankruptcy Court's decision upholding the Creditors' Amended Plan of Reorganization, a number of corporate actions, such as cancellation of existing shares, issuance of new shares, change of board of directors, were automatically taken without following the necessary legal actions under the applicable law.

2. On 27.1.2025 the same above-mentioned lawyers of the Creditors Togut Segal & Segal LLP sent an email to the same aforementioned Greek lawyer Ioannis Markianos- Daniolos (as well as to Vassilis Kertsikov, Vassilis Hadjieleftheriadis and the US law firms Reed Smith and Rimon) demanding, inter alia, that Adam Spears be appointed as the person with access to the Liberian company register on behalf of Eletson Holdings, waiver of all pleadings filed in the Liberian courts in relation to Pach Shemen's pending application there for recognition of the US bankruptcy judgment; and setting dates for the delivery of keys and passwords to the Piraeus offices of Eletson Holdings.

ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ
Μητρώο Πιστοποιημένων Μεταφραστών

HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS
Register of Certified Translators
https://metafraseis.services.gov.gr

*ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION*
*Κωδικός Ασφαλείας - Security QR Code :*

xf51FhhS1gf9TxjKKZPyPg

B.7 The additional actions of the Defendants against ELETSON CORPORATION, ELETSON GAS, KASTOS SPECIAL MARITIME ENTERPRISE, KINAROS SPECIAL MARITIME ENTERPRISE, KIMOLOS II SPECIAL MARITIME ENTERPRISE and FURNOS SPECIAL MARITIME ENTERPRISE. - The unsubstantiated Minutes of the allegedly 'shareholders' of ELETSON CORPORATION, ELETSON GAS and KINAROS SPECIAL MARITIME ENTERPRISE which purport to remove the members of the duly elected Boards and appoint new ones and the Minutes of the purportedly new Boards appointing officers.

Finally, the actions of the defendants after the entry into force of their plan of reorganization did not stop at Eletson Holdings and its subsidiaries, but were extended, as already briefly mentioned above, to companies that have no legal connection with Eletson Holdings and therefore the restructuring plan of Eletson Holdings, even if it had indeed entered into force and produced legal effects, which we deny, would not have any basis to apply to them.

a. Letters to lawyers of ELETSON GAS.

Specifically, on 21.11.2024, the representative of Pach Shemen LLC, which is among the Creditors that proposed the Creditors' Amended Plan of Reorganization, Adam Spears, sent a letter to the London-based lawyers of the third applicant company here, Eletson Gas LLC, which is not a subsidiary of Eletson Holdings Inc, and attempted to unlawfully sever the business relationship between Eletson Gas and those lawyers.

Further, on 30.12.2024, herein 4th defendant Adam Spears sent a letter signed by himself as (purported) CEO of Eletson Holdings, herein 9th defendant Leonard J. Hoskinson as (purported) CEO of Eletson Corporation and Eletson Gas LLC to the attorneys representing in the British Virgin Islands Eletson Corporation and Eletson Gas LLC, namely Harney Westwood & Riegels LP. citing and relying again on the issuance of the U.S. Court order upholding the Amended Creditors' Plan of Reorganization.

b. The unsubstantiated Minutes of the appointment of new Board of Directors and officers of ELETSON CORPORATION and ELETSON GAS.

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

*ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION*
*Κωδικός Ασφαλείας - Security QR Code :*

xf51FhhS1gf9TxjKKZPyPg

On 25.11.2024, the purportedly restructured Eletson Holdings Inc (represented by the appointed Bankruptcy Court Board) filed an emergency petition before the US Bankruptcy Court for sanctions primarily against the lawyers of the first of us in the US, Reed Smith, but also against anyone else who did not comply with the confirmed Amended Creditor Plan of Reorganization.

By the declaration (affidavit) submitted to the above Court by the Creditors' Counsel, J.C. Borriello (of the law firm of Togut) filed as supporting documents (for sanctions) a series of unsubstantiated transcripts for Eletson Corporation and Eletson Gas (attached as relevant documents (Exhibits) 3 through 8 of the above-mentioned affidavit), of which the third and fourth of us have been made aware for the first time, since no meeting was held to keep minutes while these are supposedly "Unanimous Written Consents of the Board of Directors" which are signed by all participants without a call or even a meeting. <u>Furthermore, none of these unsubstantiated Minutes have been recorded</u> either in the ELETSON CORPORATION's share in the Corporate Registry of the Republic of Liberia or in the ELETSON GAS share in the Corporate Registry of the <u>Marshall Islands.</u> Accordingly<u>, these unsubstantiated Minutes</u> (of purported Board or purported shareholder meetings) are in the form of "Unanimous Written Consent" (corresponding to minutes signed "by rotation") and are referred to below as Minutes.

In particular, the following unsubstantiated minutes were submitted:

i.    *The unsubstantiated Record of Eletson Corporation 19.11.2024 (Exhibit 3 of Borriello's certificate)*

Said minute purports to be a resolution of the sole director of Eletson Corporation and as sole director appears to be signed by Leonard J. Hoskinson, herein the fifth of the defendants, who resolves to remove from office all pre-existing officers of the Corporation and appoints himself as President, Secretary and Chief Executive Officer (CEO) of said Corporation.

ii.   *The unsubstantiated Record of Eletson Corporation 19.11.2024 (Exhibit 4 of Borriello's certificate)*

α. This minute is purported to be a minute of the shareholder of Eletson Corporation (i.e. Eletson Holdings, which Adam Spears purportedly represents).

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

*ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION*
*Κωδικός Ασφαλείας - Security QR Code :*

xf51FhhS1gf9TxjKKZPyPg

β. By this minute it is assumed that:

(i)  dismiss all directors (Board members),

(ii)  amend and replace the Bylaws,

(iii)  appoints as a Director (Board member only) the 5th defendant Leonard J. Hoskinson,

(iv) take some other general decisions.

iii.  <u>*The unsubstantiated Minutes of Eletson Gas 29.11.2024 (Exhibit 5 of Borriello's certificate)*</u>

The minutes in question purport to be a decision of the holder of Eletson Gas' ordinary shares, namely Eletson Holdings (allegedly represented by Adam Spears), by virtue of which Laskarina Karastamatis and Vassilios Kerchikov were allegedly dismissed from the Board and Leonard Hoskinson - now 5th of them - was appointed in their place.

iv.  <u>*The unsubstantiated Record of Eletson Gas 01.12.2024 (Exhibit 6 of Borriello's* certificate</u>

The said minutes purport to be a unanimous decision of the senior alleged board members to appoint officers and in particular appoint (now 6th of the defendants) Mark Lichtenstein as secretary.

v.  <u>*The unsubstantiated Minutes of Eletson Gas 02.12.2024 (Exhibit 7 of Borriello's certificate)*</u>

The minutes in question purport to be a resolution of the Board of Directors of Eletson Gas on the basis of which:

a.   the existing officers are dismissed and the 5th defendant, Leonard Hoskinson is appointed CEO of Eletson Gas, to whom all management powers are delegated, and all officer powers are delegated to the current 6th defendant, Mark Lichtenstein (authorized designee); and

d.   the 5th defendant, Leonard Hoskinson is given bank authorization powers to represent the company in dealings with banks.

vi.  <u>*The unsubstantiated Minutes of Eletson Gas 29.11.2024 (Exhibit 8 of Borriello's certificate)*</u>

α. The said minutes purport to be minutes of the members-partners of Eletson Gas LLC, namely a resolution of Eletson Holdings (as holder of the common units), allegedly

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

*ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION*
*Κωδικός Ασφαλείας - Security QR Code :*

xf51FhhS1gf9TxjKKZPyPg

represented by (now 4th of the defendants) Adam Spears as President and CEO, and Levona (as holder of the preferred units), represented by Eliyahu Hassett. Pursuant thereto, "the Shareholders" confirm the Board consisting of Mark Lichtenstein (now 6(th) of the Defendants), Eliyahu Hassett, Joshua Fenttiman, Adam Spears (now 4th of the Defendants) and Leonard J. Hoskinson (now 5th of the Defendants).

c. The invalid Act of amendment of the Articles of Association and the appointment of a new Board of Directors of KINAROS SPECIAL MARITIME ENTERPRISE.

On 7 January 2025, a Deed of Kinaros Special Marintime Enterprise dated 6.12.2024 was filed by the opposing parties in a court of the State of Texas, USA, purporting to be a deed of the sole shareholder of Kinaros Special Maritime Enterprise (i.e. Eletson Holdings, purportedly represented by the current 5 th defendant Leonard Hoskinson). By this minute it is alleged that the shareholder under its new purported representation: i) amends the company's articles of association to change its registered office; ii) elects a new Board of Directors of the company consisting of Greek IKE BRASCHEL A GREECE SINGLE-MEMBER Private Capital Company (9h of the Defendants), BRASCHEL B GREECE SINGLE-MEMBER Private Capital Company (10h of the Defendants) and BRASCHEL C GREECE SINGLE-MEMBER Private Capital Company (11h of the Defendants); and iii) amend the Articles of Association of the Company to change its counterpart.

It is reasonable to assume that similar Minutes have been signed by Eletson Holdings for the other three subsidiaries of EME, namely KASTOS SPECIAL Maritime Enterprise, KIMOLOS II SPECIAL Maritime Enterprise and FURNOS SPECIAL Maritime Enterprise, which simply have not yet come to our attention.

It is hereby emphasized that based on the data published in the G.E.M.H., the administrator of the above mentioned (9th -10th) Greek IKE BRASCHEL A GREECE ΜΟΝΟΠΡΟΣΩΠΗ I.K.E., BRASCHEL B GREECE ΜΟΝΟΠΟΣΟΠΠΙ IKE. and BRASCHEL C GREECE ΜΟΝΟΠΟΣΟΠΠΙ IKE.) is the current 8th defendant, Ion Varouxakis (resident of Athens, at 1 Bakou Street, No. 1, holder of D.A.T. N033180, A.F.M. 074097190, profession businessman, nationality Greece and e-mail address (email) braschelltd@gmail.com). Judge-Arbitrator Ariel E. BELEN) proves the decisive role of Ion Varouxakis, as the "right hand man" in Greece, i.e. the direct

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION
Κωδικός Ασφαλείας - Security QR Code :

xf51FhhS1gf9TxjKKZPyPg

collaborator of both Marc Bistricer (now 7th[th] Respondent) and Adam Spears (now 4th Respondent) in critical anti-contractual and abusive acts that have already taken place against ELETSON GAS (now 3rd[th] Claimant) since the beginning of the dispute.

δ. The very recent attempted conservative seizure of the Kinaros in conjunction with the attempted misleading of the Captain and crew of the Kinaros

As if the foregoing were not enough, the opposing parties did not merely limit themselves to amending the record of the Kinaros Special Maritime Enterprise, but obtained unilaterally (ex parte) an order of conservatory attachment of the Vessel from the United States Federal Court for the Southern District of Texas and contacted, by

10.01.2025   email sent by Leonard Hoskinson, even with the captain of the vessel KINAROS, threatening him and instructing him, as alleged representatives of KINAROS SME (which operates the vessel as the charterer of the naked ship) to dock the vessel in Brownsville, Texas. The ship KINAROS, contrary to the above, was removed from Brownsville, Texas, however the above email to the master and the ship is a clear example of the confusion and damage caused to a Greek flagged ship by the opposing parties.

ε. The unsubstantiated Minutes of the Board of Directors of Eletson Gas dated January 13, 2025 purporting to terminate Eletson Gas' engagement with the law firm of Reed Smith LLP.

On 14 January 2025, a Deed purporting to be that of ELETSON GAS dated 13 January 2025 was filed by the second of the defendants Levona Holdings Ltd in the London Court of International Arbitration (LCIA), purporting to be a "Unanimous Written Consent of the Board of Directors", signed by all participants without any invitation or even a meeting. By this minute it is assumed that the Board of Directors of ELETSON GAS:

(i)  Acknowledges and ratifies the alleged termination of Eletson Gas' engagement of Reed Smith Law Firm for legal services as of December 4, 2024, and all actions taken to that end,

(ii) grants certain general powers to the officers of Eletson Gas.

ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ
Μητρώο Πιστοποιημένων Μεταφραστών

HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS
Register of Certified Translators
https://metafraseis.services.gov.gr

Page 39 of 56

*ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION*
*Κωδικός Ασφαλείας - Security QR Code :*

xf51FhhS1gf9TxjKKZPyPg

This minute, like the minutes above, has not been registered in the Eletson Gas register of companies in the Marshall Islands.

f. New provocative claims (letter dated 27 January 2025)

On January 24, 2025, a hearing took place before Judge Mastando, where the Court issued an oral ruling on the allegedly restructured Eletson Holdings' application for sanctions. Specifically, Judge Mastando orally ruled that the CreditorsPlan of Reorganizati on is binding on the former shareholders, officers, directors, legal advisors, agents and other persons identified in the Plan of Reorganization and that such persons must comply with the Plan of Reorganization and take all reasonably necessary actions as requested by the board of directors of Restructured Eletson Holdings.

Following this oral judgment of Judge Mastando, which has not been recognized in Greece, the lawyers of the opposing parties, Togut Segal & Segal LLP, sent on

27.01.2025   letter to the lawyers representing the debtors, the lawyers representing the majority of the shareholders of Eletson Holdings, the lawyer representing in Greece the members of the Board of Directors of Eletson Holdings, and the individuals associated with the shareholders of Eletson Holdings, threatening them to take a series of actions, which in fact involve companies that have never been parties (litigants) to the bankruptcy proceedings in New York and are not covered by the US Court's decisions.

In particular, the opponents' lawyers state the following in their letter of 27.01.2025:

*" As you're aware, this past Friday, the Court directed Holdings' former shareholders, officers, directors, counsel, and others to comply with the Plan and Confirmation Order to assist in effectuating the Plan, including by taking all steps "reasonably necessary as requested by the board of Reorganized Eletson Holdings Inc. or its agent to assist in amending the AOR and updating the corporate governance documents." See Jan. 24, 2025 Hr'g Tr. at 43:16-44:3 (copy attached). This is in addition to your and the other parties' obligations already set forth in the Plan and Confirmation and required by the Bankruptcy Code.*

*We are requesting that you take the following actions as soon as possible. Again, given this recent ruling, your obligations to cooperate in good faith with us under paragraph 5 of the Confirmation Order, and the injunctive provisions of the Confirmation Order,*

ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ
Μητρώο Πιστοποιημένων Μεταφραστών

HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS
Register of Certified Translators
https://metafraseis.services.gov.gr

*ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION*
*Κωδικός Ασφαλείας - Security QR Code :*

xf51FhhS1gf9TxjKKZPyPg

*we expect that y^-u will wo^k with us in good faith to accomplish these and other tasks to effectuate the Plan.*

*1.   Update or amend Holdings' AOR to reflect that Adam Spears is Holdings' AOR, by no later than seven days from the entry of the order to be entered by the Court*

*2.   Assist with the filing of further amended articles of incorporation with LISCR by the current AOR or Mr. Spears as the new AOR, by no later than seven days from the entry of the order to be entered by the Court.*

*3.   Withdraw all pleadings filed in opposition to the recognition proceeding currently pending in Liberia, including, without limitation, the opposition to the petition, the motion to strike, the motion to intervene, and the motion to dismiss.*

*4.   Update or amend all other AOR or similar filings with applicable authorities for Holdings' subsidiaries, including, without limitation, the four SMEs and Eletson Corp.*

*5.   Obtain or provide certificates of incumbency for Holdings and each of its wholly owned subsidiaries, including, without limitation, the four SMEs and Eletson Corp, reflecting their new management.*

*6.   Provide days and times that Holdings' representatives can obtain keys and passwords for Eletson Maritime's offices located in Stanford, CT and Eletson Corp.'s offices located in Greece.*

*7.   Describe all property located at the Stanford, CT office and Greek offices and identify all property that has been removed from those locations since November 19, 2024 (or confirm in writing that no property has been removed since such date)*

*8.   Contact all banks andfor all accounts maintained by Holdings and its wholly owned subsidiaries, including the four SMEs and Eletson Corp., instruct the banks to remove access and authorizations for all existing personnel and replace and direct new authorizations and access for Adam Spears, Len Hoskinson, and Mark Lichtenstein*

> *o We have been in contact with what we understand to be the significant majority of the existing banks. o We will email the banks which we ^^ve had contact with, copy you into the email chain as well as Laskarina Karastamati, Vasilis Kertsikoff, and*

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

*ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION*
*Κωδικός Ασφαλείας - Security QR Code :*

xf51FhhS1gf9TxjKKZPyPg

*Vasilis Hadjieleftheriadis, and issue a joint instruction on yours and their behalf.*

  o *To the extent that the banks respond with any questions, you are directed to inform them of the foregoing instructions and changes to the authorizations.*

  o *You are also directed to cooperate with us and the banks in providing all paperwork requested by the banks, such as various corporate documents to the extent that your assistance is needed with doing so.*

*9.  File the necessary pleadings with the Greek Court to withdraw or dismiss with prejudice the proceedings filed there concerning the appointment of the "provisional board."*

*10.  Withdraw all instructions provided to Novum and any other SME charterers and contact all charterers and identify Adam Spears as the new contact moving forward.*

*11.  Provide a list of and contact information for all key employees and contact such key employees and put them in touch with Adam Spears.*

*12.  Instruct all counsel or former counsel acting or purporting to act on behalf of Holdings or any of its wholly owned subsidiaries to only take instructions from the new boards.*

*This list is not exhaustive and is not intended to be a complete list of all things needed from you to effectuate the Plan and we reserve all rights, including to amend or supplement this list at any time.*

*Given this recent ruling, we expect your prompt good faith cooperation. We also expect that you will share this message with anyone not included on this email chain that you know are needed to effectuate these and other implementation tasks.*

*Please respond to this email by no later than January 28 at 5:00p.m. (ET) confirming that you will work with us in good faith."*

g.  The last actions of the 4th defendant in Greece, as the alleged representative of the foreign company under reorganization under the name "ELETSON HOLDINGS INC"

Most recently, and specifically on 3.2.2025, the 4th defendant went so far as to claim in pleadings filed before the Piraeus Single-Member Court of First Instance [jurisdiction

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

*ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION*
*Κωδικός Ασφαλείας - Security QR Code :*

xf51FhhS1gf9TxjKKZPyPg

in absentia], as well as before the Athens Multi-Member Court of First Instance [jurisdiction in absentia], that on the one hand he represents in Greece the <u>foreign company under reorganization</u> <u>under the name "ELETSON HOLDINGS INC"</u>, on the <u>other hand, that its actual alleged</u> <u>registered office is</u> in the State of New York, where <u>the</u> <u>centre of its main interests</u> is allegedly located, namely at One Pennylvania Plaza Suite 333, New York, NY 10119, United States, where, it should be noted, the offices of the law firm Togut, Segal & Segal LLP, representing 4⁽ᵗ⁾current defendant in litigation arising in the United States.

<u>h.</u>   <u>Conclusion:</u>

It is clear that all of the above decisions are invalid under the law of Liberia, the Marshall Islands and Greece. Obviously these and probably others that we do not yet know are being formulated by the opposing parties and sent to the banks, creating serious problems for the second and third of us, ELETSON CORPORATION and ELETSON GAS, but also for the companies operating the four ships, i.e. the fourth to seventh of us. <u>It is in the legitimate interest of all the</u> <u>applicant companies to apply for interim</u> judicial protection from Your Court, in order to prevent irrevocable situations against us.

<u>*IV.*</u>   <u>*Clarification regarding the US Bankruptcy Court Decision*</u>

By this Motion, Petitioners do not intend to show disrespect to the United States Bankruptcy Court for the Southern District of New York or its October 25, 2024 decision regarding the reorganization of Eletson Holdings, Inc. (joined as a petitioner herein to obtain full judicial protection), or to any other decision of that Court. However, the United States Bankruptcy Court has not ruled, nor did it intend to rule, on the validity or enforceability of its decisions under Greek law or other non-U.S. law. In particular, the above decisions have local application and in order to be effective in the Greek legal order and in other legal orders outside the United States, they must be recognized under the law of those legal orders.

Instead, the defendants in this case are the ones who have shown disrespect and blatantly violated the decisions of the United States Court by falsely and deliberately

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION
Κωδικός Ασφαλείας - Security QR Code :

xf51FhhS1gf9TxjKKZPyPg

stating that those decisions are applicable in jurisdictions outside the United States without proper recognition by those jurisdictions. Respondents falsely and knowingly assert that they have authority to act on behalf of Eletson Holdings, Inc. and other entities (such as the 2[h] through 7[h] Petitioners) that were not and have never been parties (litigants) to the New York bankruptcy proceedings and are not covered by the U.S. Court's orders. Moreover, they seek to exercise this nonexistent authority in dealings with third parties who are not familiar with the issues, attempting to mislead those parties and, at the very least, create confusion and doubt. These actions threaten Applicants with serious harm, including, but not limited to, causing bank account entanglements and interference with financial and business relationships, intimidating and misleading employees on land and seamen at sea, and interfering with payments from shippers.

This action by the Defendants, as well as other illegal, irregular and abusive conduct on their part that was not presented to, approved or authorized by the United States Bankruptcy Court, makes the filing of the present petition highly necessary in order to protect the legal rights of the Petitioners against the Defendants in the Greek legal system.

Rather, the opposing parties blatantly violate the 20.12.2024 decision of the same Judge Mastando, by which the only authority given to Adam Spears in a jurisdiction outside the US was to file applications in Liberia and Greece for recognition of the Court's bankruptcy judgment, making it clear that this does not prevent (nor can the opposing parties claim to prevent) or limit any party from defending against the recognition.

*V. Imminent risk*

1. From the provision of Article 682 par. 1 of the CCP it follows that in order to order a protective measure the Court must first presume that: [a] the claim alleged to be capable of being secured has arisen, that is to say, that all the necessary elements of justification for it exist under the provision of the substantive law which is held to be applicable in concreto; and [b] there is an urgent situation or imminent danger which makes it necessary, in order to secure or preserve the right or to regulate the situation, to take appropriate conservatory or regulatory measures of interim protection. These are two concepts that are obviously not identical, because otherwise both would not have a place in the text of the law. Urgency is the existence of an urgent need to temporarily

ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ
Μητρώο Πιστοποιημένων Μεταφραστών

HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS
Register of Certified Translators
https://metafraseis.services.gov.gr

*ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION*
*Κωδικός Ασφαλείας - Security QR Code :*

xf51FhhS1gf9TxjKKZPyPg

activate the legal relationship (legal consequence) that constitutes the main dispute. In this sense, urgency is understood to be the case when the provisional adjudication of a claim (Articles 728 et seq. CCP) and the provisional adjustment of a situation (Article 731 et seq. CCP) is requested and occurs when there is a need for the temporary enjoyment of the secured right by the claimant because, in the course of time, damage of any nature is likely to occur either to the material object of the claim or to its beneficiary. An imminent risk arises where the insured right is about to be frustrated, in which case its occurrence must be prevented in order to prevent the creditor's satisfaction from being frustrated by the acceleration of enforcement after the final conclusion of the diagnostic proceedings. Such a situation arises when interim measures other than those referred to in Articles 728 and 731 of the CCP must be ordered. With regard to the above requirement of the existence of an imminent danger or an urgent case, in order for the application for interim measures to be complete, it must contain, even if only briefly, a statement of the facts which suggest the existence of an imminent danger or an urgent case. It is not sufficient, therefore, to refer to the stereotyped wording of the law, but it is necessary to set out, even briefly, the specific circumstances of the conceptual definition of those conditions. The conditions for granting interim judicial protection (urgency and risk) are in fact the applicant's legitimate interest in obtaining the protective measure. They are therefore characterised as procedural requirements of the proceedings and, if their existence is not presumed, the application for interim measures will be dismissed, not as essentially unfounded, but as inadmissible.

2.  α. In the present case, as set out immediately above, the eighth applicant, by virtue of a proceeding instituted against her, was placed in insolvency by a Court which lacked the jurisdiction to do so and despite the fact that she had no debt to her alleged Creditors, with the result that it is in danger of being definitively deprived of the possibility of managing its assets and its corporate affairs in general, and, as is apparent from the very recent and increasingly frequent actions of the opposing parties to that end, the risk of that happening is very real.

This was at a time when the only reason for the initiation of these proceedings against the Company was, as stated above, the desire of Levona and other, related companies or

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

*ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION*
*Κωδικός Ασφαλείας - Security QR Code :*

xf51FhhS1gf9TxjKKZPyPg

individuals, to suspend the arbitration proceedings initiated by the Company, so as not to be awarded against the defendants in the relevant (arbitration) claims. In particular, as mentioned above (under A.7.3.), from numerous documents and as has already been ruled by the retired Judge-Arbitrator Ariel E. BELEN in the 29.09.2023 final arbitral award, the conduct of Levona, as well as of its affiliated companies Murchinson and Pach Shemen, about which the aforementioned Arbitrator states that "each is an alter ego of the other", towards ELETSON HOLDINGS is completely illegal, unconventional, abusive and in total bad faith.

It was this bad faith behaviour that led to the bankruptcy of ELETSON HOLDINGS, which, although it was vindicated in the Arbitration Decision of 29.09.2023, was in a state of alleged voluntary bankruptcy due to the illegal and abusive actions of the current first and third defendants and other companies of their interests.

2.    β. The other applicants are also exposed to a similar risk and this is because the first applicant is a shareholder of the eighth applicant, with the consequence that its financial interests are directly and inextricably linked to the autonomous operation of the latter, and these interests are directly affected as the Amended Plan of Reorganization provides for the cancellation ('annihilation') of the shares held by ELAFONISSOS SHIPPING CORPORATION for 40 consecutive years in ELETSON HOLDINGS. Absolutely directly and inextricably linked to the autonomous operation of the first applicant are the financial interests of the second and third applicants, as well as the fourth to seventh applicants, as subsidiaries of the Company, which are the ones operating the four ships mentioned above, since the opposing parties, using the alleged decision of the voluntary bankruptcy of the latter as a vehicle, proceed to draw up a series of unsubstantiated Deeds on their behalf (see above under B.7)..b.), in order to take de facto control of these companies, as set out in detail above in this document, and boast to third parties that they also control these companies, creating enormous problems in their operation.

3. In order to safeguard their interests, the current applicants have brought an action before the Piraeus Court of First Instance (Ordinary Procedure - Maritime Disputes Division), dated 17.01.2025 with G.A.K.1260/2025 and C.A.C. 344/2025 against the current defendants, as well as against: 1. the foreign special purpose vehicle "VR Global

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION
Κωδικός Ασφαλείας - Security QR Code :

xf51FhhS1gf9TxjKKZPyPg

Partners, L.P.", 2. the foreign special purpose vehicle "Alpine Partners (BVI), L.P.", 3. the foreign fund management company named "DuPont Capital Management" and 4. A foreign company named 'Mulberry Street Ltd', seeking, inter alia: (a) a declaration that both the New York issued 25.10.2024 Chapter 11 Bankruptcy Judgment in respect of ELETSON HOLDINGS Inc. (of the Bankruptcy Court of the United States - Southern District of New York, composed of Judge John P. MASTANDO, as well as the Order of

04.11.2024   of the same Bankruptcy Court confirming the aforementioned Judgment of

25.10.2024   Decision of Voluntary Bankruptcy (Chapter 11) and the Creditors' Amended Plan of Reorganization, do not have any effect on the company in question in the Greek legal order, nor are they binding on it, and that ELETSON HOLDINGS has not been declared bankrupt and/or placed in any form of reorganization/restructuring by virtue of the aforementioned decisions, (b) to recognize the invalidity of the decisions of the alleged new Boards of Directors, (c) to declare that ELETSON HOLDINGS has been declared bankrupt and/or placed in any form of reorganization/restructuring by virtue of the aforementioned decisions.Board of Directors appointed pursuant to the aforementioned bankruptcy court order; and (c) to declare that the above-mentioned natural persons or anyone else deriving or claiming to derive rights from the aforementioned orders of the Bankruptcy Court for the Southern District of New York are not entitled to represent or claim (boast) to represent any of the petitioners or any of their subsidiaries, nor to perform any acts of administration or management thereof.

4. Based on the above, it follows that the bad faith and defiant behavior and arbitrary actions of the current defendants, which have escalated over the last few days, causing substantial damage to the current applicants, since these actions of the defendants impede the smooth operation of our company and at the same time threaten to cause us irreparable financial damage, the occurrence of which we cannot prevent otherwise, except by means of an action before Your Court, so that we may obtain the protection required until such time as the dispute hereby brought before You is finally settled by the judgment of the Piraeus Court of First Instance on the above-mentioned action.

In conclusion, it has become imperative to grant interim judicial protection to the current applicants, so that they can, on the one hand, manage their businesses smoothly and defend their interests in the legal disputes already opened, both within and outside

ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ
Μητρώο Πιστοποιημένων Μεταφραστών

HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS
Register of Certified Translators
https://metafraseis.services.gov.gr

Page 47 of 56

*ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION*
*Κωδικός Ασφαλείας - Security QR Code :*

xf51FhhS1gf9TxjKKZPyPg

the country's borders, and, on the other hand, not to suffer further financial damage as a result of the arbitrary and bad faith actions of the current defendants.

## VI.  *The requested interim measure*

1.    α. Pursuant to Article 731 of the Code of Civil Procedure, the Court is entitled to order as a protective measure the doing, omission or tolerance of a certain act by the person against whom the application is directed, while, pursuant to Article 732 of the same Code, the Court is entitled to order as a protective measure any other measure which, in the circumstances, it considers appropriate for securing or preserving a right or for regulating a situation. Provisional regulation of the situation is not a protective measure with a predetermined content, but the framework for taking appropriate measures (692(1) CCP), by which a certain situation (682 CCP) which has arisen or is tending to arise in the legal relations of the parties is temporarily dealt with until a final judgment is given on their legal relations, in respect of which a dispute has arisen and if there is an immediate and pressing need (urgency) to activate them by that time or to inactivate them in whole or in part, as the case may be, in order to avoid the creation of irrevocable or irreversible consequences for the probable outcome of the main proceedings. In other words, the situation to be regulated must be based on the existence of a right which has been infringed or is at risk of being infringed or a legal relationship in substantive law, which is why mere factual situations are not subject to regulation. In this sense, the provisional regulation of a situation is covered by Articles 731-736 of the CCP and has a broader content than simply securing or maintaining a right by means of measures of a regulatory nature, since it may also concern any other type of regulation, which serves the legal relations of the parties which cannot be postponed and at the same time consolidates legal peace. In that context, Article 731 provides for the imposition of an obligation to act, to refrain from acting or to refrain from acting or to tolerate a certain act as a suitable protective measure, by which the court's regulatory intervention is manifested. The applicant may be anyone who claims that his legal relations with his opponent have been disturbed. The act provided for in Article 731 of the CCP must correspond to the disruption and the limits of his substantive claim. In essence, the provision of Article 731 CCP is a provisional award of the corresponding claim for an

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

*ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION*
*Κωδικός Ασφαλείας - Security QR Code :*

xf51FhhS1gf9TxjKKZPyPg

act, omission or forbearance of an act. The type of disturbance in the legal relations of the parties is irrelevant and may come from the whole range of their substantive legal relations, in whichever branch of law they belong, as long as there is jurisdiction of the civil courts (Single-Member Court of First Instance of Athens 7591/2022, 1167/2022, Single-Member Court of First Instance of Piraeus 1/2019, Single-Member Court of First Instance of Rhodes 148/2018, Single-Member Court of First Instance of Sparti 66/2018, Single-Member Court of First Instance of Herakleion 195/2017) [Single-Member Court of First Instance of Rhodes 288/2024, Legal Information Bank NOMOS].

1.    β. According to Article 691A of the CCP, as introduced by Law No. 4335/2015, the possibility is established for the Court to issue a temporary injunction, either at the request of the parties or ex officio by the Court until a decision on the application for a provisional measure is issued. The issuance of an temporary order is intended to address the need for an absolutely temporary protection, when the temporary protection provided by interim measures is not sufficient, due to a particularly urgent case or an imminent immediate danger, to prevent irreparable damage that could occur until the decision on interim measures is issued. The Court of Justice, in which the application for interim measures is pending, is competent to issue the temporary order, even if it still lacks jurisdiction (Single-Member Court of First Instance of Thessaloniki 12256/2019 ■ Legal Information Bank NOMOS).

2. In this regard, based on the detailed disclosures herein, it is lawful for Your Honor to enjoin each of the fourth through eighth current Defendants, as well as the Defendants' attorneys appearing as representatives, and any other person deriving or purporting to derive rights from the judgments of the Bankruptcy Court for the Southern District of New York herein:

(i)  Represent or claim (boast) to represent any of the applicants or any of their subsidiaries,

(ii)  To perform any acts of administration or management thereof,

(iii) Use the highly misleading @eletsonholdings.com address created by the defendants herein, based on the detailed disclosures herein,

(iv) Claim that the boards of directors of the applicants have changed,

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

*OFFICIAL METAPHRASE / TRANSLATION*
*Κωδικός Ασφαλείας - Security QR Code :*

xf51FhhS1gf9TxjKKZPyPg

(v) Attempt to register such changes with any authority and in particular with the Register of Shipping Companies Department of the Ministry of Maritime Affairs and Insular Affairs or the Department of Companies established under Article 25 of Law 27/1975 of the aforementioned Ministry or for Liberian companies to the Liberian International Ship and Corporate Registry (LISCR) (which has an office in Greece under the name LISCR HELLAS Single-Member Societe Anonyme for the Provision of Services

Monopolie Anonyme Societa Anonyme Societa Anonyme de Provision de Servicios para la Societa Maritime et de Societas) and for Marshall Islands companies to the International Registries, Inc (IRI) (which have an office in Greece under the name INTERNATIONAL REGISTRIES LLC HELLAS SINGLE-MEMBER LTD).

Order the respondents to refrain from all of the above until the final decision of the Court of Your Honour on the present case is rendered in the case of 17.01.2025 with G.A.K.1260/2025 and E.A.C. 344/2025, filed by the current applicants before the Piraeus Court of First Instance [Ordinary Procedure - Maritime Disputes Division], directed, inter alia, against the current defendants, threatening against the defendants, namely against the representatives of the first to the third and the ninth to the eleventh of them, as well as against the fourth to the eighth of them, a fine of five thousand (5.000) and a personal detention order for three (3) months, for each infringement of the operative part of the judgment of the Court of First Instance delivered on this application.

VII.

Whereas the judgments of the aforementioned Bankruptcy Court of the Southern District of New York[6] have not been recognized in Greece, nor have the conditions for their recognition been met, the defendants and in particular the natural person defendants (i.e. the 4th through 8th of the current defendants) or anyone else deriving or claiming

---

[6] Namely, the Chapter 11 Bankruptcy Judgment issued in New York on 25.10.2024 regarding the already eighth petitioner ELETSON HOLDINGS (and regarding the other two companies that are not parties to the present proceedings) by the Bankruptcy Court of the United States - Southern District of New York consisting of Judge John P. MASTANDO, as well as the Chapter 11 Bankruptcy Judgment of 04.11.2024 Order of the same aforementioned Bankruptcy Court affirming the 25.10.2024 Chapter 11 Involuntary Bankruptcy Judgment of the already eighth petitioner ELETSON HOLDINGS (and two other companies not parties to this litigation) and the Creditors' Amended Plan of Reorganization and any other order that may have been issued by the same Court,

ι:^ΛιΛ^]^^ι^:η                    ι^ Ε Ξ Ω
Μητρώο Πιστοποιημένων Μεταφραστών

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
Register of Certified Translators
https://metafraseis.services.gov.gr

*ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION*
*Κωδικός Ασφαλείας - Security QR Code :*

xf51FhhS1gf9TxjKKZPyPg

to derive rights from the aforementioned judgments of the Bankruptcy Court of the Southern District of New York, shall not be entitled to represent or purport (boast) to represent any of the current petitioners or any of their subsidiaries, nor to perform any acts of administration or management thereof, nor to purport to change the boards of directors thereof, nor to attempt to register such changes with any authority, including but not limited to the Registry of Shipping Companies of the Department of Shipping and Insular Affairs or the Registry of Companies established pursuant to Section 25 of L.27/1975 of the same registry or for Liberian companies to the Liberian International Ship and Corporate Registry (LISCR) (which has an office in Greece under the name LISCR HELLAS Single-Member Societe Anonyme for the Provision of Services on Shipping Issues and Companies) and for Marshall Islands companies to the International Registries, Inc (IRI) (which have an office in Greece under the name INTERNATIONAL REGISTRIES LLC HELLAS MONOPORED LTD).

Whereas our present petition is admissible and well founded in law and in substance.

Whereas in this case, on the basis of the details set out in this application, there is an urgent need for the Court to grant, at the hearing of this application before it, an temporary order pursuant to Article 691$^A$ of the Civil Code, by virtue of which the defendants are ordered to refrain from all of the above-mentioned acts [under V.2. (i) to (v)    ], pending the Court's decision on this application, in order to prevent irreparable harm to the applicants up to that point.

Whereas Your Court has jurisdiction pursuant to Article 51 of Law 2172/1993, because the dispute concerns shipping companies, shipowners and charterers of naked ships, and the Court should also decide on matters relating to or connected with maritime trade, the use, operation or exploitation of ships.

Whereas our claims will be proven before Your Court, with documents and witnesses.

Whereas we hereby declare that we waive our motion dated 10.2.2025, with G.A.K. 3304/2025 and E.A.K. 190/2025, injunctive relief application before Your Court.

Whereas we are bringing the application no P5586574/2025, and P5585911/2025 Contribution Advance Bills of the D.S.A. of article 61 of Law 4194/2013, for our attorneys-at-law who sign this document.

FOR THESE REASONS

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

*ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION*
*Κωδικός Ασφαλείας - Security QR Code :*

xf51FhhS1gf9TxjKKZPyPg

and for as many reasons as we will add during the hearing hereof, with the expressed reservation of all our rights WE REQUEST

- That our present application be granted.

- To be ordered, pursuant to Article 731 et seq. CCP, injunctive relief against the defendants, and in particular that Your Court forbid each of the fourth through eighth of the present defendants, and those appearing as representatives of the defendants, as well as any other person deriving or claiming to derive rights from the judgments of the Bankruptcy Court of the Southern District of New York herein:

(i)    To represent or claim (boast) to represent any of the applicants or any of their subsidiaries,

(ii)  To perform any acts of administration or management thereof,

(iii) To use the highly misleading @eletsonholdings.com address created by the defendants herein, based on the detailed disclosures herein,

(iv) To claim that the boards of directors of the applicants have changed,

(v)  To attempt to register such changes with any authority and in particular with the Register of Shipping Companies Department of the Ministry of Maritime Affairs and Insular Affairs or the Department of Companies established under Article 25 of Law 27/1975 of the aforementioned Ministry or for Liberian companies to the Liberian International Ship and Corporate Registry (LISCR) (which has an office in Greece under the name LISCR HELLAS Single-Member Societe Anonyme for the Provision of Services on Shipping Issues and Companies) and for Marshall Islands companies to the International Registries, Inc (IRI) (which have an office in Greece under the name INTERNATIONAL REGISTRIES LLC HELLAS SINGLE-MEMBER LTD),

- And that the present defendants be ordered by the judgment of the Court of First Instance on the present case to refrain from all of the above until the final decision on the action brought by the present applicants on 17.01.2025 under G.A.K. 1260/2025 and

E.    A.K. 344/2025 before the Piraeus Court of First Instance (Ordinary Procedure - Maritime Litigation Section), directed, inter alia, against the present defendants.

-A fine of five thousand (5,000) euros and three (3) months' personal detention be imposed on the defendants, namely the representatives of the first to the third, the ninth

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

*ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION*
*Κωδικός Ασφαλείας - Security QR Code :*

xf51FhhS1gf9TxjKKZPyPg



to the eleventh and the fourth to the eighth, for each infringement of the operative part of the judgment of the Court of First Instance delivered on this application.

- That the above be ordered by a temporary order of the Court, granted during the hearing of this application, pending the determination of the application.

- To convict the opposing parties to pay the costs of the proceedings and the fees of the applicants' lawyers jointly and severally.

Athens, 19 February 2025 The Authorized Lawyers

(signature-stamp)                                    (signature-stamp)

K. F. KALAVROS LAW FIRM                K.F.  KALAVROS  LAW  FIRM

ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ
Μητρώο Πιστοποιημένων Μεταφραστών

HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS
Register of Certified Translators
https://metafraseis.services.gov.gr

*ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION*
*Κωδικός Ασφαλείας - Security QR Code :*

xf51FhhS1gf9TxjKKZPyPg

HELLENIC REPUBLIC

COURT OF FIRST INSTANCE OF PIRAEUS

ACKNOWLEDGEMENT OF A LEGAL DOCUMENT

Deed  Type:  APPLICATION

General  File  No.  4213/2025

Special File No. 244/2025

At the Court of First Instance of Piraeus this 19th day of February 2025, weekday Wednesday at 13.47' appeared before the Court Clerk, the Lawyer KIOUSI Panagiota with Reg.No. 030165 of the Athens Bar Association and filed the foregoing legal document.

In witness whereof this report was drafted and is legally signed.

THE LAWYER                          THE COURT CLERK

(signature)                          (signature)

KIOUSI PANAGIOTA                     DEDE SOPHIA

ACT OF SETTING A HEARING DATE

Proceedings : Interim Measures Exhibit : Docket of Interim Measures with Exhibit Number 5 We hereby set as date of hearing, the 14th day of March 2025 (14.03.2025) weekday Friday at 09.30 at the First Instance Court of Piraeus 3-5 Skouze street, 3rd floor, Courtroom 303 on the condition that a copy of the application and this act is served, ten (10) days before the hearing, by diligence of the applicants per email to the email accounts of the defendants included at this application, except of the 8th, 9th, 10th, 11th who will be summoned through a judicial server.

Piraeus 19.02.2025

The Judge

(signature)

STAVGIANOUDAKI ELEANA

Exact Copy. Piraeus 19.02.2025

The Clerk (stamp-signature)

DEDE SOPHIA

*ΕΠΙΣΗΜΗ ΜΕΤΑΦΡΑΣΗ - OFFICIAL TRANSLATION*
*Κωδικός Ασφαλείας - Security QR Code :*

xf51FhhS1gf9TxjKKZPyPg



APOSTILLE

(Convention of Hague of October 5th, 1961)

1. Country: GREECE

   The present public document

2. Was signed by Ms. SOPHIA DEDE

3. Acting in the capacity of the Clerk of the First Instance Court of Piraeus

4. Bears the seal/stamp of the Court of First Instance of Piraeus

Certified

5. At Piraeus

6. On 25.02.2025

7. By the Court of First Instance of Piraeus

8. No. 300/2025

9. (Stamp) Court of First Instance of Athens

10. (Signature) The President of the Three-Member Council of Administration of the Court of First Instance of Piraeus p/p KALTAKHS ELEFTHERIOS

*This Apostille only certifies the signature, the capacity of the signatory and the stamp that the document bears. It does not certify the content of the document for which it was issued.*

**ΕΛΛΗΝΙΚΗ ΔΗΜΟΚΡΑΤΙΑ - ΥΠΟΥΡΓΕΙΟ ΕΞΩΤΕΡΙΚΩΝ**
**Μητρώο Πιστοποιημένων Μεταφραστών**

**HELLENIC REPUBLIC - MINISTRY OF FOREIGN AFFAIRS**
**Register of Certified Translators**
https://metafraseis.services.gov.gr

```
I hereby certify as the applicant's lawyer
that this application for interim measures
is sent to the email address indicated in
the application for those specified in the
judge's act.
Athens, February 27, 2025
The applicant's lawyer
Themistoklis Sofos
Managing Partner
SOFOS LAW FIRM
```

SOFOS & PARTNERS
LAW FIRM
Asklepiou Str. 6 – 8
GR 10680 Athens
Tel. +30210-3633322, Id: 80903
SOFOS THEMISTOKLIS, PhD
Attorney-at-Law, Id: 18770
e-mail: themis@sofos.com.gr

Themistoklis Sofos

Digitally signed
by Themistoklis
Sofos
Date: 2025.02.27
21:01:33 +02'00'