# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ELETSON HOLDINGS, INC., and ELETSON CORP.,

      Petitioners/Cross-Respondents,

      v.

LEVONA HOLDINGS LTD.,

      Respondent/Cross-Petitioner.

Civil Action No. 23-CV-7331 (LJL)

---

**NONPARTY APARGO LIMITED'S RESPONSES AND OBJECTIONS TO**
**RESPONDENT/CROSS-PETITIONER LEVONA HOLDINGS LTD.**
**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**

Pursuant to Fed. R. Civ. P. 45(d)(2)(B), non-party Apargo Limited ("Apargo"), by and through its undersigned counsel, hereby responds and objects to Levona Holdings Ltd.'s ("Levona") subpoena to produce documents, information, or objects (the "Requests").

**GENERAL OBJECTIONS**

1. Apargo objects to the Requests because, individually and collectively, they far exceed the scope of the Court's Order dated September 4, 2024 (the "September 4 Order"), which, for purposes of these proceedings, "permit[s] discovery on facts relevant to equitable tolling and to whether the [Final A]ward was procured by fraud or undue means." ECF 162 at 47. Apargo thus objects to the Requests as they purport to seek documents and information that is not relevant or proportional to the scope of discovery as provided for by the September 4 Order. It is not the task of Apargo to prune these extraordinarily overbroad Requests.

2. Apargo objects to the Requests because, individually and collectively, they impermissibly seek to direct discovery at, and, as is evident, impermissibly seek to relitigate,

1

matters and issues already determined by Order of the Hon. Ariel E. Belen issued September 29, 2023 (the "Final Award") (ECF 47-5), in the underlying JAMS Arbitration (Jams Ref. No. 5425000511), which the Court in this action confirmed in substantial part by Order dated April 19, 2024. ECF 104. There accordingly is no basis for such improper Requests.

3.     While Apargo has sought to intervene in this action, and in such capacity sought to engage over multiple weeks with the named parties in the development of an appropriate discovery plan for the case following the lifting of the approximately five month stay of discovery (adopted at Levona's request), Levona repeatedly has refused to cooperate with Apargo on the grounds of its current non-party status. But Levona cannot have it both ways: it cannot treat Apargo as a non-party but then, as convenient to it, hypocritically seek to impose obligations on Apargo as if it was a party as the Requests purport to do. Particularly as a non-party at present, with Levona already stating its opposition to intervention by Apargo, Apargo is not required to provide the type of redundant and/or otherwise unnecessary discovery being sought apparently in a time frame ahead of party discovery. That is further objectionable because the named parties repeatedly have refused to confer with Apargo on discovery generally to ascertain what is redundant with other discovery, including what already has been produced to Levona, and the timing of other discovery.

4.     At the same time Levona is taking the position that Apargo should not be permitted to intervene as a party, Apargo objects to each of the Requests because they violate Fed. R. Civ. P. 45(c)(2)(A) by purporting to command production of documents outside of the geographic area set forth in the rules for a non-party recipient of a subpoena under Rule 45.

5.     Apargo objects to each of the Requests on timing grounds because Levona used a method of delivery by which, according to Levona itself, they purportedly were delivered in Cyprus after the date of the requested compliance on the face of the Subpoena, thereby rendering

compliance impossible.  In addition to the flawed transmittal in relation to the requested compliance date it also is objectionable that Levona belatedly and unilaterally sought to insist on an arbitrarily selected alternative date.  That is particularly objectionable because Levona never contacted Apargo regarding the Requests until it suddenly sought expedited responses after the approximately five month stay of discovery, without even advising Apargo regarding the timing or status of other discovery to ensure Apargo is not unfairly treated relative to other sources of discovery.

6.      From the face of the Requests, it is evident that they, individually and collectively, seek documents and information of parties or non-parties other than Apargo, and are thus objectionable.  To the extent Levona has a genuine need to obtain documents from any entity other than Apargo that it has not already obtained, it should seek the discovery from that entity. For example, the content of the Requests reference numerous documents that are not Apargo's documents.   For clarity, Apargo has only limited files and it presently is unaware of additional documents for it to provide within the scope of the September 4 Order but, as set forth below, will make itself available through counsel to confer.

7.      Apargo objects to each of the Requests because, individually and collectively, they are overly broad, unduly burdensome, vague, ambiguous, unreasonably duplicative of other discovery, and not reasonably calculated to lead to the discovery of admissible evidence, particularly as related to the scope of issues and matters set forth in the September 4 Order. The Requests also are objectionable to the extent they are being misused as a mechanism to unduly burden Apargo and raise irrelevant issues regarding the business of Apargo as a non-party at present.

8.      Apargo objects to each of the Requests because, individually and collectively, they purport to impose obligations on Apargo that exceed the requirements or permissible scope of discovery under the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Courts for the Southern and Eastern Districts of New York.

9.      Apargo objects to the Requests to the extent that the information that Levona seeks is more properly and/or easily obtainable from another source.

10.     Apargo objects to each of the Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or immunity.  Any inadvertent production of any material subject to any applicable privilege or immunity from disclosure shall not constitute a waiver of any such privilege or immunity.

11.     Apargo objects to each of the Requests because, individually and collectively, they purport to require Apargo to obtain documents or information that are not in Apargo's possession, custody, or control, or to create documents not presently in the possession, custody, or control of Apargo.

12.     Apargo objects to each of the Requests to the extent that they purport to seek documents or information already in Levona's possession, custody, or control.

13.     Apargo objects to each of the Requests because they call for production of "[a]ll", documents, or communications concerning broad topics and are therefore overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of evidence, particularly as relevant to the issues and matters set forth in the September 4 Order.

14.     By providing any documents in response to any Request, Apargo does not accept the facts or definitions of terms asserted or employed therein.  Furthermore, by providing a

substantive response to any Request, Apargo does not admit that the requested documents exist or are otherwise relevant, material, or admissible. Apargo responds to each Request without conceding the relevance or materiality of any subject matter, and Apargo expressly reserves the right to object to any further discovery or to the admissibility of any matter or document at trial. Nothing in these responses and objections shall be deemed to be a waiver or admission of any fact in any other stage of this action.

15.    Apargo objects to all Requests that require Apargo to search for documents and information beyond a reasonable search under the particular circumstances of the case.

16.    Apargo objects to all Requests because, individually and collectively, they unreasonably require Apargo to produce information that is confidential or highly confidential, including, without limitation, confidential business information, and trade secrets, particularly in the absence of an appropriate protective or confidentiality order.

17.    Apargo objects to the Requests because, individually and collectively, to the extent they seek to impose obligations contrary to, or inconsistent with, Cyprus Law. Additionally, the Requests are objectionable to the extent they seek information that would require Apargo to violate the European Union General Data Protection Regulation (GDPR) or other applicable data privacy laws. Compliance with GDPR also may effect timing with respect to any production.

18.    Apargo reserves the right to supplement or modify its Responses to these Requests based on any additional information uncovered, documents produced in this litigation, or upon such arguments as may later be determined to be appropriate.

19.    These General Objections, as well as the Specific Objections to Definitions and specific Objections to Instructions as set forth below, are hereby incorporated by reference in Apargo's response to each specific Request as if fully set forth therein. Any reference to a

particular General Objection and/or Specific Objection to a Definition or Instruction shall not be construed as a limitation on the set of General Objections and/or Specific Objections to Definitions and/or Instructions that are or may be applicable to the particular Request being addressed. The inclusion of any Specific Objection to a Request in any Response below is neither intended as, nor shall in any way be deemed to be, a waiver of any General Objection or Specific Objection made herein or subsequently asserted at a later date.

20.    For the avoidance of doubt, Apargo expressly reserves all of its rights, positions and claims regarding the Subpoena and its Requests, including as provided by in Fed. R. Civ. P. 45(f).

## OBJECTIONS TO SPECIFIC DEFINITIONS

1.    Apargo objects to Definition No. 2 ("Apargo") because it is overly broad and unduly burdensome and seeks to bring within the scope of the Requests persons and entities not otherwise subject to the Requests. Apargo does not agree to search for or produce documents in the possession, custody, or control of any entity besides Apargo.

2.    Apargo objects to Definition No. 14 ("Elafonissos Family") because it is vague and ambiguous in its use of the terms "representative", "spouse", and "lineal descendants", which are open to different interpretations and therefore vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence within the scope of the September 4 Order.

3.    Apargo objects to Definition No. 16 ("Eletson Entities") because it is overly broad and overly inclusive in its inclusion of 19 different entities, trusts, and families, many of which themselves are defined to include multiple other entities or individuals. Eletson Entities is also overly broad as it is defined to include "Insiders" a term that has four sub definitions, all of which have their own sub definitions and are therefore vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence within the scope of the September 4 Order.

6

4.      Apargo objects to Definition No. 27 ("Hadjieleftheriadis Family") because it is vague and ambiguous in its use of the terms "representative", "spouse", and "lineal descendants", which are open to different interpretations and are therefore vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence within the scope of the September 4 Order.

5.      Apargo objects to Definition No. 28 ("Insider") because it is vague, ambiguous, and overly broad in that it has four sub-definitions, each of which has numerous sub-definitions, and is therefore vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence within the scope of the September 4 Order.

6.      Apargo objects to Definition No. 29 ("Karasatami Family") because it is vague and ambiguous in its use of the terms "representative", "spouse", and "lineal descendants", which are open to different interpretations and are therefore vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence within the scope of the September 4 Order

7.      Apargo objects to Definition No. 31 ("Keros Family") because it is vague and ambiguous in its use of the terms "representative", "spouse", and "lineal descendants", which are open to different interpretations and are therefore vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence within the scope of the September 4 Order.

8.      Apargo objects to Definition No. 32 ("Kertsikoff Family") because it is vague and ambiguous in its use of the terms "representative", "spouse", and "lineal descendants", which are open to different interpretations and are therefore vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence within the scope of the September 4 Order.

9.      Apargo objects to Definition No. 36 ("Obligations") because it is vague and ambiguous in that it includes numerous terms, such as "owed", "jointly", "contingent", and

"otherwise" which are open to different interpretations and are therefore vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence within the scope of the September 4 Order.

10.    Apargo objects to Definition No. 39 ("Proceeding") because it is overly broad and unduly burdensome in that it purports to include any litigation, arbitration, criminal or civil investigation, which is beyond the limited scope of the September 4 Order.

11.    Apargo objects to Definition No. 41 ("Relative") because it is overly broad and unduly burdensome in that it seeks to bring within the scope of the Requests persons and entities not otherwise subject to the Requests. Apargo also objects to this definition because the term "relative" is open to different interpretations and is therefore vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence within the scope of the September 4 Order.

12.    Apargo objects to Definition No. 43 ("Relevant Proceeding") because it is not proportional to the needs of the limited scope of discovery allowed by Order of the Court especially to the extent it purports to address proceedings unrelated to the September 4 Order stemming from the underlying JAMS arbitration.

13.    Apargo objects to Definition No. 46 ("Transfer") because it is vague and ambiguous in that it includes numerous terms, such as "hypothecation", "impairment", "control" and "conditional" which are open to different interpretations and are therefore vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence within the scope of the September 4 Order.

14.    Apargo objects to Definition No. 47 ("Valuation") because it is vague and ambiguous in that it includes numerous terms, such as "attribution", "value", "change",

"category", and "metric" which are open to different interpretations and are therefore vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence within the scope of the September 4 Order.

15.    Apargo objects to Definition No. 49 ("You" or "Your") because these terms are overly broad and unduly burdensome and seek to bring within the scope of the Requests persons and entities not otherwise subject to the Requests. Apargo will not agree to produce documents in the possession, custody, or control of any of its subsidiaries, and affiliates, to the extent any exist.

## OBJECTIONS TO INSTRUCTIONS

1.    Apargo objects to Instruction No. 2 because it contains defined terms that Apargo objects to. Apargo also objects to Instruction No. 2 to the extent it purports to require Apargo to search personal files as Apargo sees such a request as an unnecessary intrusion into private files. Apargo further objects to Instruction No. 2 to the extent it seeks documents or information subject to the attorney-client privilege or work product doctrine.

2.    Apargo objects to Instruction No. 17 because it demands that Apargo produce documents in a particular format. In the event Apargo produces documents in response to the Requests, Apargo agrees, through counsel, to make itself available to meet and confer with Levona with respect to issues related to ESI.

3.    Apargo objects to Instruction No. 18 because it demands that Apargo produce documents in a particular format. In the event Apargo produces documents in response to the Requests, Apargo agrees, through counsel, to make itself available meet and confer with Levona with respect to issues related to ESI.

## RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

**Document Request No. 1**

All Documents and Communications Concerning the BOL or the Purchase Option including (a) any actual, contemplated, or proposed negotiation, exercise, non-exercise, lapse, extension, amendment, or implementation of the Purchase Option, (b) any Communications to, from, or by You or Your Lawyers, agents, or representatives Concerning the actual, contemplated, or proposed exercise or non-exercise of the Purchase Option, (c) any actual, contemplated, or proposed financing Concerning the Purchase Option, (d) Levona or Murchinson's interests in Eletson Gas, (e) any purported buyout of Levona or Murchinson's interests in Eletson Gas, (f) Levona's involvement in any discussions, correspondence, negotiations, or other interactions or dealings with financiers of or investors in Eletson Gas in 2022, including but not limited to such activities involving Libera Group, or (g) Levona's contemplated or actual provision of additional financing, investment, loan facilities, or similar support to Eletson in or around April 2022.

**Response to Request No. 1**

In addition to its foregoing General Objections, Objections to Definitions and Objections to Instructions (collectively for these purposes, "General Objections"), Apargo objects to this Request and its subparts because they exceed the scope of the September 4 Order and because they are directed at issues already determined by the Final Award.  In particular, the broadly phrased request, with multiple subparts, generally concerning the so-called "BOL" and "Purchase Option" are not properly directed to the scope of issues and matters set forth in the September 4 Order. Apargo also objects to this Request as overly broad and unduly burdensome, including because it seeks "[a]ll" documents and communications in respect of the Request.  Further, Apargo objects to this Request to the extent it seeks information protected by the attorney-client privilege or work product doctrine.  Apargo also objects to this Request to the extent it seeks information already in Levona's possession, custody, or control, or could be properly obtained from other sources.

**Document Request No. 2**

All Documents and Communications Concerning the following, including any associated preparations, negotiations, offers, iterations, versions, drafts, working copies, models, workbooks, notes, summaries, descriptions, memoranda, presentations, or related transactions, in each case whether actual, proposed, or contemplated and including the substance and meaning thereof, together with all associated metadata:

a.  the July 25, 2022 email chain involving Marina Orfanoudaki and Peter Kanelos with the subject line "EGAS CF Model" (Ex. A (ECF 142-1)); Ex. B (ECF 142-2)), including the file titled "EG Model (Tufton & 2 LEG Refi & Overdraft) 25.07.2022," the file titled "Comments on the model," and the file titled "EG Model (Tufton & 2 LEG Refi & Overdraft) 25.07.2022 v3";

b.  the August 12, 2022 email chain involving Peter Kanelos and Vassilis Kertsikoff with the subject line "Investor Model for Murchinson Buyout" (Ex. C (ECF 142-3)), including the file titled "EG Model (Tufton Refi & Murchinson exit) - EQ40M WITH NOTES vF";

c.  the "EG Model" (*see, e.g.*, Ex. B (ECF 142-2), Ex. C (ECF 142-3), including "v2," and "vA" through "vE" thereof, and any other versions thereof;

d.  the August 18, 2022 email chain involving Elena Tzarouchi and Peter Kanelos with the subject line "EGAS Model" (Ex. D (ECF 142-4)), including the file titled "EG Model (Tufton Refi & Murchinson exit) – EQ25M (Oaktree funding)";

e.  the "revised model" referenced in Ex. D (ECF 142-4) and any other original, alternative, or revised models; and

f.  the August 12-18, 2022 email chain involving Jay Goodgal, Vassilis Kertsikoff, Anselm Gehling, and Peter Kanelos with the subject line "Eletson Holdings Inc." (Ex. E (ECF 143-1)), including the file titled "EG_Model_TuftonRefi__Murchinson_exit_-_EQ25M__Oaktree_funding," the "executed engagement agreement," the file titled "CPL Engagement Letter Executed 08.12.2022," the "attached signed" Document referenced in the email, the "attached revised engagement letter for Eletson Holding Inc. in regards to capital raising for Eletson Gas LLC," the "teaser and presentation document," and any planned or actual "call" per Jay Goodgal's request on August 12, 2022 (including any notes, invitations, recordings, communications, presentations, or other evidence of or materials relating to such planned or actual call).

**Response to Request No. 2**

In addition to its foregoing General Objections, Apargo objects to this Request and its subparts because they exceed the scope of the September 4 Order and because they are directed at issues already determined by the Final Award.  In particular, the broadly phrased Request, with multiple subparts, generally concerning documents of parties/non-partes other than Apargo is objectionable.  Apargo also objects to this Request as overly broad and unduly burdensome, including because it seeks "[a]ll" documents and communications in respect of the Request. Further, Apargo objects to this Request to the extent it seeks information protected by the attorney-client privilege or work product doctrine.  Apargo also objects to this Request to the extent it seeks

information already in Levona's possession, custody, or control, or could be properly obtained from other sources.

To facilitate progress with respect to discovery, Apargo, through counsel, will make itself available to confer with Levona regarding the proper framing of the scope of this Request.

## Document Request No. 3

All Documents and Communications Concerning Eletson's purported exercise of the Purchase Option, including the timing of such purported exercise or any efforts to buy out Levona or Murchinson after such purported exercise.

## Response to Request No. 3

In addition to its foregoing General Objections, Apargo objects to this Request because it exceeds the scope of the September 4 Order and because it is directed at issues already determined by the Final Award. In particular, the broadly phrased request generally concerning the "exercise" of the so-called "Purchase Option" is not properly directed to the scope of issues and matters set forth in the September 4 Order. Apargo also objects to this Request as overly broad and unduly burdensome, including because it seeks "[a]ll" documents and communications in respect of the Request. Further, Apargo objects to this Request to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Apargo also objects to this Request because it is vague and ambiguous in its use of the undefined term "exercise" and "buy out". Apargo also objects to this Request to the extent it seeks information already in Levona's possession, custody, or control, or could be properly obtained from other sources.

## Document Request No. 4

All Documents and Communications Concerning the ownership of the Preferred Shares and any actual, proposed, or contemplated Transfer of the Preferred Shares, including (a) all versions or iterations of the Share Registry of Eletson Gas, (b) the original non-redacted handwritten notes Concerning the purported transfer of the Preferred Shares to the Cypriot Nominees (produced in redacted form at ECFs 51-23 through 51-27 (ELETSON0035566-571), attached hereto as Exhibits F–J), and (c) any such materials involving Fentalon, Desimusco,

Apargo, Lascarina J. Karastamati, Vasilis A. Hadjeleftheriadis, Vassilis E. Kertsikoff, Eleni Karastamati, or Konstantinos Hadjieleftheriadis.

**Response to Request No. 4**

In addition to its foregoing General Objections, Apargo objects to this Request and its subparts because they exceed the scope of the September 4 Order and because they are directed at issues already determined by the Final Award. Apargo also objects to this Request as overly broad and unduly burdensome, including because it seeks "[a]ll" documents and communications in respect of the Request. Further, Apargo objects to this Request to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Apargo also objects to this Request to the extent it seeks information already in Levona's possession, custody, or control, or could be properly obtained from other sources.

To facilitate progress with respect to discovery, Apargo, through counsel, will make itself available to confer with Levona regarding the proper framing of the scope of this Request.

**Document Request No. 5**

All Documents and Communications Concerning the "Eletson Gas Buyout Steps" and "Murchison Buyout Steps" (*see, e.g.*, Ex. K (ECF 125-32)), including any associated preparations, negotiations, offers, iterations, versions, drafts, working copies, models, workbooks, notes, summaries, descriptions, memoranda, presentations, or related transactions, in each case whether actual, proposed, or contemplated and including the substance and meaning thereof, together with all associated metadata.

**Response to Request No. 5**

In addition to its foregoing General Objections, Apargo objects to this Request because it exceeds the scope of the September 4 Order and because it is directed at issues already determined by the Final Award. In particular, the broadly phrased request generally concerning the so-called "Buy-Out Steps" is not properly directed to the scope of issues and matters set forth in the September 4 Order. Apargo also objects to this Request as overly broad and unduly burdensome,

including because it seeks "[a]ll" documents and communications in respect of the Request. Further, Apargo objects to this Request to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Apargo also objects to this Request to the extent it seeks information already in Levona's possession, custody, or control, or could be properly obtained from other sources.

**Document Request No. 6**

All Documents and Communications Concerning any actual, contemplated, or proposed financing, loan, loan restructuring, investment, or capital contribution in or to Eletson Gas, including any actual, contemplated, or proposed financial advisory or consulting services associated therewith, and including the purported effort to seek a financial partner to refinance the Company's outstanding debt.

**Response to Request No. 6**

In addition to its foregoing General Objections, Apargo objects to this Request because it exceeds the scope of the September 4 Order and because it is directed at issues already determined by the Final Award. In particular, the broadly phrased request generally concerning Eletson Gas "financing"-related matters is not properly directed to the scope of issues and matters set forth in the September 4 Order. Apargo also objects to this Request as overly broad and unduly burdensome, including because it seeks "[a]ll" documents and communications in respect of the Request. Further, Apargo objects to this Request to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Apargo also objects to this Request to the extent it seeks information already in Levona's possession, custody, or control, or could be properly obtained from other sources.

**Document Request No. 7**

All Documents and Communications between or among You, Your Lawyers, agents, representatives, or anyone acting on Your behalf, on one hand, and Jay Goodgal, Castalia Partners Limited, Anselm Gehling, Austen Grove Capital Limited, Nicolas Tirogalas, Tufton Capital Management LLC, Libera Group, Martin Hugger, Oaktree Capital Management, Inc., Meerbaum

Capital Solutions, Inc., Stefanos Kasselakis, Tiptree Advisors, LLC, Steven Strom, or Odinbrook Global Advisors, LLC, on the other hand.

**Response to Request No. 7**

In addition to its foregoing General Objections, Apargo objects to this Request because it exceeds the scope of the September 4 Order and because it is directed at issues already determined by the Final Award. In particular, the broadly phrased request generally concerning any communications regardless of subject matter with over fourteen entities and individuals is not properly directed to the scope of issues and matters set forth in the September 4 Order. Apargo also objects to this Request as overly broad and unduly burdensome, including because it seeks "[a]ll" documents and communications in respect of the Request. Further, Apargo objects to this Request to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Apargo also objects to this Request to the extent it seeks information already in Levona's possession, custody, or control, or could be properly obtained from other sources.

**Document Request No. 8**

All Documents and Communications Concerning the value of the Vessels, including any valuations, requests for a valuation, receipts for services of a valuation, or calculations of Net Value as defined in the BOL.

**Response to Request No. 8**

In addition to its foregoing General Objections, Apargo objects to this Request because it exceeds the scope of the September 4 Order and because it is directed at issues already determined by the Final Award. In particular, the broadly phrased request, with multiple subparts, generally concerning the so-called "value of the Vessels" is not properly directed to the scope of issues and matters set forth in the September 4 Order. Apargo also objects to this Request as overly broad and unduly burdensome, including because it seeks "[a]ll" documents and communications in respect of the Request. Further, Apargo objects to this Request to the extent it seeks information

15

protected by the attorney-client privilege or work product doctrine. Apargo further objects to this Request as vague and ambiguous as it uses the undefined terms "valuation", "receipts for a valuation" and "calculation" which are open to multiple interpretations and therefore are vague and ambiguous. Apargo also objects to this Request to the extent it seeks information already in Levona's possession, custody, or control, or could be properly obtained from other sources.

**Document Request No. 9**

All Documents and Communications Concerning the value of any interest in Eletson Gas or of the Preferred Shares.

**Response to Request No. 9**

In addition to its foregoing General Objections, Apargo objects to this Request because it exceeds the scope of the September 4 Order and because it is directed at issues already determined by the Final Award. In particular, the broadly phrased request, generally concerning the so-called "value of any interest in Eletson Gas or the Preferred shares" is not properly directed to the scope of issues and matters set forth in the September 4 Order. Apargo also objects to this Request as overly broad and unduly burdensome, including because it seeks "[a]ll" documents and communications in respect of the Request. Further, Apargo objects to this Request to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Apargo also objects to this Request to the extent it seeks information already in Levona's possession, custody, or control, or could be properly obtained from other sources.

**Document Request No. 10**

All Documents and Communications Concerning Testimony or assertions that You or Your Lawyers, agents, representatives, or affiliates, made, joined, or considered making or joining, in any Proceeding or otherwise, Concerning the exercise or non-exercise of the Purchase Option, including drafts, direct and cross-examination outlines, witness preparation materials, and associated or similar Documents or Communications, and including the following assertions:

a. "[T]he preferred [shares] remain with the preferred nominees and have not been transferred" Ex. L (Aug. 21, 2024 Bankr. H'rg Tr. 12:20-13:5); and

    b.  [T]o avoid rendering an award to Eletson Holdings "nugatory," Eletson's counsel "said, well, wait a minute, I went back to my client and it says these nominees, why don't we just transfer it to the nominees and they said, we don't have to, we have already done it. Not something that we knew about." Ex. P (May 15, 2023, Arbitration opening statement of Eletson) at 7:6, 153:12-153:17.

## Response to Request No. 10

In addition to its foregoing General Objections, Apargo objects to this Request and its subparts because it exceeds the scope of the September 4 Order and because they are directed at issues already determined by the Final Award. In particular, the broadly phrased request, with multiple subparts, generally concerning the so-called "value of any interest in Eletson Gas or the Preferred shares" is not properly directed to the scope of issues and matters set forth in the September 4 Order Apargo also objects to this Request as overly broad and unduly burdensome, including because it seeks "[a]ll" documents and communications in respect of the Request. Further, Apargo objects to this Request to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Apargo also objects to this Request as vague and ambiguous in its use of the terms "assertion", "witness preparation materials", and "associate or similar" which are open to multiple interpretations and therefore are vague and ambiguous.

To facilitate progress with respect to discovery, Apargo, through counsel, will make itself available to confer with counsel for Levona regarding the proper framing of the scope of this Request.

## Document Request No. 11

All Documents and Communications Concerning the collection, processing, search, review, and production of Documents and Communications in each Relevant Proceeding by You, Your agents or representatives, Your Lawyers, or any vendors, entities, or Persons retained by You, Your agents or representatives, or Your Lawyers, including:

    a.  which custodians, repositories, and email accounts were searched, considered to be searched, or not searched, and how and by who those custodians and repositories were identified;

b. how Documents and Communications were collected, including who collected them, what filters, search terms, date ranges, or other parameters were used, how metadata was retained, what metadata was collected, and any hit reports, exception reports, and reports of search term syntax violations;

c. how Documents and Communications were processed or searched, including who processed or searched them, what search terms, filters, date ranges, or other parameters were used, how those search terms, filters, date ranges, or other parameters were developed or negotiated, how metadata was retained, what metadata was collected, and any hit reports, exception reports, and reports of search term syntax violations;

d. how Documents and Communications were reviewed, including who reviewed them, where they were reviewed, the formal or informal protocols, parameters, policies, procedures, instructions, training materials, or similar guidelines that governed or were used in connection with the review (including drafts thereof), how the review was managed, and all tagging, coding, or other metadata generated in connection with that review (e.g., tags or codes Concerning relevance, responsiveness, privilege, subject matter, quality control reviews, production, and codes or information Concerning who reviewed, tagged, coded, or un-coded each Document and when); and

e. how Documents and Communications were produced, including who managed and conducted the production and from where.

## Response to Request No. 11

In addition to its foregoing General Objections, Apargo objects to this Request and each of its subparts because it exceeds the scope of the September 4 Order and because they are directed at issues already determined by the Final Award. In particular, the broadly phrased request, with multiple subparts, generally concerning the collection and production of documents in other cases is not properly directed to the scope of issues and matters set forth in the September 4 Order. Apargo also objects to this Request as overly broad and unduly burdensome, including because it seeks "[a]ll" documents and communications in respect of the Request. Further, Apargo objects to this Request to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Apargo also objects to this Request as vague and ambiguous in its use of the terms "collection", "processing", "vendors", and "retained", among other words, all of which are open to multiple interpretations and therefore are vague and ambiguous. Apargo also objects to this Request's use of the term "Relevant Proceedings" as that term encompasses proceedings

beyond the underlying arbitration and is therefore not reasonably calculated to lead to the discovery of admissible evidence within the scope of the September 4 Order

**Document Request No. 12**

All Documents and Communications Concerning (a) Your formal and informal policies, practices, protocols, instructions, and guidelines for the retention, storage, archiving, deletion, and destruction of Documents and Communications and (b) any formal or informal litigation hold, Document retention or preservation or notice, or similar policy, protocol, instruction, or guideline that You implemented Concerning the Relevant Proceedings or the disputes at issue therein.

**Response to Request No. 12**

In addition to its foregoing General Objections, Apargo objects to this Request and each of its subparts because it exceeds the scope of the September 4 Order and because they are directed at issues already determined by the Final Award. Apargo also objects to this Request as overly broad and unduly burdensome, including because it seeks "[a]ll" documents and communications in respect of the Request.  Further, Apargo objects to this Request to the extent it seeks information protected by the attorney-client privilege or work product doctrine.  Apargo also objects to this Request's use of the term "Relevant Proceedings" as that term encompasses proceedings beyond the underlying arbitration and is therefore not reasonably calculated to lead to the discovery of admissible evidence within the scope of the September 4 Order.

**Document Request No. 13**

An organizational chart or equivalent Document(s) as to You, covering the periods during which the Purchase Option was purportedly exercised or evidencing any purported Transfer of the Preferred Shares.

**Response to Request No. 13**

In addition to its foregoing General Objections, Apargo objects to this Request because it exceeds the scope of the September 4 Order and because it is directed at issues already determined by the Final Award. Apargo also objects to this Request as overly broad and unduly burdensome,

including because it seeks "[a]ll" documents and communications in respect of the Request. Further, Apargo objects to this Request to the extent it seeks information protected by the attorney-client privilege or work product doctrine. Apargo also objects to this Request's use of the undefined term "equivalent Documents" which is vague, ambiguous, and subject to multiple interpretations. Apargo also objects to this Request because in seeking an organizational chart for Apargo, the Request is not reasonably calculated to lead to the discovery of admissible evidence within the scope of the September 4 Order

To facilitate progress with respect to discovery, Apargo, through counsel, will make itself available to confer with Levona regarding the proper framing of the scope of this Request.

Dated: April 18, 2025

Respectfully submitted,

GREENBERG TRAURIG, LLP

*/s/ Hal S. Shaftel*

Hal S. Shaftel
Maura M. Miller
Adam Kirschbaum
One Vanderbilt Avenue
New York, NY 10016
(212) 801-9200
(212) 801-6400
shaftelh@gtlaw.com
millerm@gtlaw.com
kirschbauma@gtlaw.com

*Attorneys for Apargo Limited*