USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/6/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
ELETSON HOLDINGS INC. and ELETSON :
CORPORATION, :
:
Petitioners, : 23-cv-7331 (LJL)
:
-v- : MEMORANDUM AND
: ORDER
LEVONA HOLDINGS LTD., :
:
Respondent. :
X
---------------------------------------------------------------

LEWIS J. LIMAN, United States District Judge:

Respondent Levona Holdings Ltd. ("Levona") moves, pursuant to Federal Rule of Civil Procedures 45, to compel the production of documents from non-party Reed Smith LLP ("Reed Smith"), in response to an October 16, 2024 document subpoena served upon Reed Smith (the "Subpoena"). Dkt. No. 322. Reed Smith opposes the motion. Dkt. No. 334.[1] With the exception noted here, the motion is granted and Reed Smith is directed to produce the documents called for by the Subpoena by no later than May 20, 2025, and to produce an itemized privilege log by no later than that date indicating each document being withheld and the reason for withholding.

Reed Smith objects to various requests on the grounds that they are vague, overly broad, and unduly burdensome. Dkt. No. 334 at 1–2. It also contends that the requests seek to relitigate the JAMS arbitration, objects that Levona seeks discovery from other legal proceedings, *id.* at 3, contends that the requests should be limited to documents before the issuance of the Interim Award, *id.* at 4, and seeks attorney-client privileged information, *id.* at 6.[2]

---

[1] Levona has filed a reply in further support of its motion. *See* Dkt. No. 339.
[2] This is not an exclusive catalogue of Reed Smith's objections. The Court has reviewed the

Except as stated below, the objections are without merit. The Court assumes familiarity with the prior proceedings in this matter. Levona's amended petition and the motion now before the Court do not ask the Court to relitigate the issues decided by the Arbitrator. As laid out by the Court in its September 6, 2024 Opinion and Order, Levona has presented substantial evidence that a fraud was committed by Eletson Corp. and Eletson Holdings, including by withholding highly relevant documents (the "Withheld Documents") and critical evidence on a pivotal issue and by presenting perjured testimony. Dkt. No. 162. Had Eletson not committed a fraud, the Arbitrator readily could have reached a different decision and ruled for Levona on its counterclaims rather than for Eletson on its claims. *Id.* at 18. The Court also concluded that there was evidence that Eletson had constructed extraordinary barriers to prevent Levona from uncovering evidence of that fraud, including in the arbitration and in the parallel bankruptcy proceeding. *Id.* at 33–34. Eletson disputed each of those factual contentions. The issues before the Court are (1) whether Eletson committed fraud in the arbitration; and (2) whether equitable tolling applies. Having found that the Withheld Documents "may be just the tip of the iceberg and that there may be other relevant documents that would support [Levona's] claims that extraordinary circumstances prevented it from filing earlier and that fraud was committed in the arbitration," *id.* at 47, the Court permitted discovery to proceed.

Each of the requests in the Subpoena are tailored to discovering evidence relevant to the questions of fraud in the arbitration and equitable tolling. Among other subjects, they are directed to the timeline of relevant parties' awareness of the Withheld Documents, the basis upon which they were not produced, the meanings of the documents and whether they were

---

Subpoena carefully and considered each of Reed Smith's objections. Where an objection is not discussed, the Court rejects it.

inconsistent with the testimony and arguments made by Eletson or accepted by the Arbitrator, the understandings that the persons who decided not to produce the documents had of those documents, the alleged false testimony in the arbitration proceeding and evidence regarding whether that testimony was false, and the efforts taken to prevent Levona from discovering the alleged fraud.  Reed Smith's argument based on relevance is without merit.  "The definition of relevance under Fed. R. Evid. 401 is very broad, and as a result, the standard for relevance is very low. So long as a chain of inferences leads the trier of fact to conclude that the proffered submission affects the mix of material information, the evidence cannot be excluded at the threshold relevance inquiry." *United States v. Jones*, 2018 WL 1115778, at *9 (S.D.N.Y. Feb. 27, 2018) (cleaned up) (Nathan, J.); *Howard Univ. v. Borders*, 2022 WL 3568477, at *8 (S.D.N.Y. Aug. 17, 2022) ("Relevance is broadly construed.").  It is no answer to say that the requested information goes to issues decided by the Arbitrator.  One of the very questions the Court will have to address is whether the Arbitrator's decision was procured by fraud.

    Reed Smith's argument regarding burden also is without merit.  "If a party resists production on the basis of claimed undue burden, it must establish the factual basis for the assertion through competent evidence." *Fletcher v. Atex, Inc.*, 156 F.R.D. 45, 54 (S.D.N.Y.1994).  A "conclusory assertion of burdensomeness is entitled to no weight whatsoever." *Jackson v. Edwards*, 2000 WL 782947, at *2 (S.D.N.Y. June 16, 2000); *Johnson v. McTigue*, 122 F.R.D. 9, 11 (S.D.N.Y.1986) ("[M]ere allegations of burdensomeness cannot defeat a motion to compel production.").  Reed Smith has presented no evidence of burden.

    Reed Smith's argument that the request should be time-limited also is without merit.  "The problem of setting a time period for the discovery ordered . . . does not admit of a lapidary solution; life is messy and cannot be divided into neat chronological segments." *Pleasants v.*

*Allbaugh*, 208 F.R.D. 7, 9 (D.D.C. 2002), *on reconsideration*, 2002 WL 31520105 (D.D.C. Nov. 12, 2002). Reed Smith argues there should be a June 13, 2023 cutoff for the production of documents concerning the Withheld Documents and a July 28, 2023 cutoff for documents related to equitable tolling. Dkt. No. 334 at 2, 4–5. But Levona allegedly did not become aware of the Withheld Documents until July 2023 and did not request them until that date, the final Award was not issued until September 2023, and the Withheld Documents were not actually produced until July 2024. Documents after the date of the interim award will be relevant to, among other issues, the meaning of the Withheld Documents (including whether the option was exercised), the understanding of the Withheld Documents by those who did not disclose them, and whether extraordinary circumstances prevented Levona from disclosing the Withheld Documents at an earlier date. It is axiomatic that documents postdating an event may be relevant to that event, shedding light on the states of mind and understandings of those involved in the event. *See Deluxe Fin. Servs., LLC v. Shaw*, 2017 WL 7369890, at *5 (D. Minn. Feb. 13, 2017) (agreeing with proponent of discovery request that communications after the last date of the alleged violative conduct "may be appropriate . . . where documents requested are relevant to the claims and defenses in the case, especially where the complaint alleges continuing violations."); *Simpson v. Little*, 2020 WL 9074882, at *2 (N.D. Okla. Oct. 7, 2020) ("Communications after the date of the shooting are relevant in that they may bear on the credibility of Defendant's recounting of the incident.").

    For similar reasons, documents from Reed Smith's representation of Eletson in other proceedings may be relevant to this proceeding. The parties have both put at issue the events of the bankruptcy proceeding and its relationship with Eletson's entitlement to withhold documents from Levona relevant to and requested in the arbitration proceeding.

Reed Smith relies upon Magistrate Judge Dolinger's opinion in *Frere v. Orthofix, Inc.*, 2000 WL 1789641 at *4 (S.D.N.Y. Dec. 6, 2000) for the proposition that in a challenge to an arbitral award, the general liberality of the relevance analysis in civil litigation should be restricted in recognition of the "the premise that arbitration is intended to be a relatively prompt and inexpensive procedure." Dkt. No. 334 at 3–4. That premise is unexceptionable, but it does not undermine the Court's conclusion here. There, in limiting the discovery requests of a party seeking to vacate an arbitral award, the court stated that there was "no basis for far-ranging discovery" because "[t]he events at issue are documented by the materials previously provided by both sides in connection with prior motion practice, and the questions posed by the motion to vacate are virtually all purely legal in nature since they rest upon a bedrock of undisputed facts." *Id.* at *7. Here, by stark contrast, questions of disputed fact abound. *Frere* merely stands for the proposition that the limited grounds available for overturning an arbitral award give rise to fewer opportunities for discovery. *See id.* at *4 ("[I]n view of the narrowness of the grounds on which an arbitral award may be challenged, the need for discovery is typically not nearly as acute as in other civil lawsuits."). It does not stand for the proposition that where a motion to vacate an arbitral award is based on particularized allegations of fraud, the parties should be deprived of the discovery necessary to determine whether those allegations are supported by the evidence or not. As always, "[t]he court's inquiry is 'necessarily keyed to the specific issues raised by the party challenging the award and the degree to which those issues implicate factual questions that cannot be reliably resolved without some further disclosure.'" *Glob. Gaming Phillipines, LLC v. Razon*, 2021 WL 4219690, at *2 (S.D.N.Y. Sept. 16, 2021) (quoting *Frere*, 2000 WL 1789641, at *5). Here, Levona has presented evidence of fraud infecting the arbitral award. The meaning

5

and significance of that evidence has been challenged. Levona is entitled to the discovery necessary to resolve the factual disputes.

Reed Smith objects that it should not have to produce attorney-client information. Dkt. No. 334 at 4–6. Levona responds that the privilege is not one for Reed Smith to assert. Levona's legal proposition is correct but it is common for a subpoenaed attorney to assert a privilege on behalf of a client if the client has informed the attorney that information should be withheld on the basis of privilege and if there is a well-founded basis for the assertion of the privilege. Accordingly, Reed Smith will be permitted to serve a detailed privilege log within two weeks of the date of this Order with respect to each document withheld on the basis of privilege. For each document withheld, the privilege log should contain the information required by Local Civil Rule 26.2(a)(2).

The Court sustains Reed Smith's objection with respect to Request No. 14(c) which calls for documents and communications that Reed Smith and its "[c]lients intend to cite, use, or rely upon in support of, in opposition to, or otherwise in connection with any filing or evidentiary hearing in this Proceeding." Dkt. No. 322-1. The only clients that Reed Smith has represented in this proceeding are Eletson Corp. and Eletson Holdings and the Court has determined that Reed Smith may not represented either. Accordingly, and unless and until Reed Smith represents a client in this proceeding or other information is brought to the attention of the Court that would make this request proper, the objection is sustained.

SO ORDERED.

Dated: May 6, 2025
    New York, New York

_____
LEWIS J. LIMAN
United States District Judge

6