```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/7/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
ELETSON HOLDINGS INC. and ELETSON :
CORPORATION, :
:
Petitioners, :     23-cv-7331 (LJL)
:
-v- :     MEMORANDUM AND
:                ORDER
LEVONA HOLDINGS LTD., :
:
Respondent. :
:
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Respondent Levona Holdings Ltd. ("Levona") moves to compel the production of documents from Intervenors Apargo Limited, Desimusco Trading, Limited, and Fentalon Limited ("Intervenors"), in response to document subpoenas served upon the Intervenors on October 8, 2024 (the "Subpoenas"). Dkt. No. 325. Intervenors oppose the motion. Dkt. No. 335.[1] The motion is granted, and Intervenors are directed to produce the documents called for by the Subpoenas by no later than May 20, 2025, and to produce an itemized privilege log by no later than that date indicating any document being withheld and all information required by Local Civil Rule 26.2(a)(2), including the reason for withholding.[2]

Intervenors object to various requests on the grounds that they are procedurally defective, overly broad, and unduly burdensome. Dkt. No. 335 at 1; Dkt. Nos. 325-11, 325-12, 325-13. They also contend that the requests seek to relitigate the JAMS arbitration, Dkt. No. 335 at 1,

---

[1] Levona has filed a reply in further support of its motion. Dkt. No. 340.
[2] This Memorandum and Order memorializes the Court's order delivered orally on May 6, 2025, following oral argument on the Intervenors' motion to intervene. *See* Minute Entry, May 6, 2025.

contend that the requests should be limited to documents narrowly related to the four identified documents at issue (the "Withheld Documents") and Levona's claim for equitable tolling, *id.* at 2–3, and object that Levona seeks documents relating to entities over which the Intervenors lack possession, custody, or control, *id.* at 2–3.³  The objections are without merit.

      First, as to Intervenors' suggestion of procedural deficiency, the Court's May 6, 2025 decision to allow Apargo Limited, Desimusco Trading Limited, and Fentalon Limited to intervene in opposition to Levona's motion to vacate the arbitral award, *see* Minute Entry, May 6, 2025 (granting in part and denying in part motion to intervene, with opinion to follow), moots any such deficiency, if one existed to begin with.  Intervenors suggest, though they do not go so far as to state unequivocally, that the Court lacked personal jurisdiction to compel their responses to the Subpoenas, as the service which was concededly effected by mail to the Cypriot entities "d[id] not resolve enforceability issues, particularly in respect of foreign recipients for whom personal jurisdiction in the forum has not been established."  Dkt. No. 335 at 1 n.2.  It is true that both at the time that service was effected, and when the motion to compel was filed, Apargo Limited, Desimusco Trading Limited, and Fentalon Limited were foreign nonparties.  However, these entities have now intervened, and are now, of their own volition, undeniably subject to the Court's jurisdiction.  *See John v. Sotheby's, Inc.*, 141 F.R.D. 29, 37 (S.D.N.Y. 1992) (party consented to jurisdiction "by moving to intervene"); *see also GMA Accessories, Inc. v. BOP, LLC*, 2010 WL 3927705, at *1 (S.D.N.Y. Sept. 14, 2010) ("A motion to intervene is fundamentally incompatible with an objection to personal jurisdiction."), *vac'd on other grounds*, 2010 WL 7862003 (S.D.N.Y. Oct. 19, 2010).  The Intervenors consented at oral

---

³ This is not an exclusive catalogue of Intervenors' objections.  The Court has reviewed the Subpoena carefully and considered each of Intervenors' objections.  Where an objection is not discussed, the Court rejects it.

argument to participate fulsomely in party discovery, including by waiving any procedural objection to the prior service of process of Levona's discovery requests. Accordingly, the Court deems the discovery requests initially served on Intervenors in the form of Rule 45 nonparty subpoenas to now be converted into party discovery requests pursuant to Rule 26 of the Federal Rules of Civil Procedure.

Second, as to Intervenors' general claims of overbreadth and irrelevance, the Court rejects those objections for the same reasons set out in this Court's prior decision granting a motion to compel against non-party Reed Smith LLP on May 6, 2025. *See* Dkt. No. 341 at 2–3.[4] As laid out by the Court in its September 6, 2024 Opinion and Order, Levona has presented substantial evidence that a fraud was committed by Eletson Corp. and Eletson Holdings, including by withholding the Withheld Documents and critical evidence on a pivotal issue and by presenting perjured testimony. Dkt. No. 162. Having found that the Withheld Documents "may be just the tip of the iceberg and that there may be other relevant documents that would support [Levona's] claims that extraordinary circumstances prevented it from filing earlier and that fraud was committed in the arbitration," *id.* at 47, the Court permitted discovery to proceed. Each of the requests in the Subpoenas are appropriately tailored to discovering evidence relevant to the questions of fraud in the arbitration and equitable tolling. Among other subjects, they are

---

[4] The motion to compel against Reed Smith was judged under the standards for nonparty discovery under Rule 45. The scope of discovery under Rule 26 is less generous to a party objecting to a discovery request on the grounds of overbreadth. While requests for production under both Rule 45 and Rule 26 are subject to the overriding relevance requirement of Rule 26(b)(1), "Rule 45 is more restrictive than Rule 26 because it protects the subpoena recipient from an 'undue burden.'" *Vital Farms, Inc. v. Tanz*, 2023 WL 8782321, at *2 (S.D.N.Y. Dec. 19, 2023) (quoting Fed. R. Civ. P. 45(d)(1)).

directed to the timeline of relevant parties' awareness of the Withheld Documents, the basis upon which they were not produced, the meanings of the documents and whether they were inconsistent with the testimony and arguments made by Eletson or accepted by the Arbitrator, the understandings that the persons who decided not to produce the documents had of those documents, the alleged false testimony in the arbitration proceeding and evidence regarding whether that testimony was false, and the efforts taken to prevent Levona from discovering the alleged fraud. It is no answer to say that the requested information goes to issues decided by the Arbitrator. One of the very questions the Court will have to address is whether the Arbitrator's decision was procured by fraud.

Third, Intervenors' boilerplate objections for undue burden are without merit. "If a party resists production on the basis of claimed undue burden, it must establish the factual basis for the assertion through competent evidence." *Fletcher v. Atex, Inc.*, 156 F.R.D. 45, 54 (S.D.N.Y.1994). A "conclusory assertion of burdensomeness is entitled to no weight whatsoever." *Jackson v. Edwards*, 2000 WL 782947, at *2 (S.D.N.Y. June 16, 2000); *Johnson v. McTigue*, 122 F.R.D. 9, 11 (S.D.N.Y.1986) ("[M]ere allegations of burdensomeness cannot defeat a motion to compel production."). Intervenors have presented no evidence of burden.

Finally, as to the issue of Intervenors' possession, custody, or control of relevant documents, the Court does not now prejudge the question of whether Intervenors' eventual compliance with this Order will be deficient if it does not include documents ostensibly belonging to third parties such as Eletson Gas. Intervenors assert that, even aside from their other objections, "as non-operating investment entities with no employees, [they] have only minimal documents largely related to corporate formation and accounting matters maintained with professional advisors and outside the Discovery Order's scope." Dkt. No. 335 at 2. They

"do not have their own email domains/servers, representatives of the families who are known to Levona as associated with the [Intervenors], use other email addresses in connection with the [Intervenors] . . . [and] information that the family representatives acting on behalf of the Preferreds possess is minimal given the limited activities of the [Intervenors]." *Id.* Intervenors thus paint a picture of themselves as shell companies that do not produce or store documents, and, critically, "do not view documents held by third parties, such as Eletson Gas for which they have shareholder status, as in their possession, custody or control." *Id.* Levona argues that "because the Purported Nominees are (wrongfully) exercising day-to-day control over the operations of Eletson Gas and its affiliates, they plainly have possession, custody, or control over those entities' documents." Dkt. No. 340 at 2.

Under Rule 34(a)(1), a party is obligated to produce requested documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). "The concept of control has been construed broadly." *Coventry Cap. US LLC v. EEA Life Settlements Inc.*, 334 F.R.D. 68, 72 (S.D.N.Y. 2020) (quoting *In re Flag Telecom Holdings, Ltd. Secs. Litig.*, 236 F.R.D. 177, 180 (S.D.N.Y. 2006)). "[D]ocuments are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action." *Smith v. Pergola 36 LLC*, 2022 WL 17832506, at *4 (S.D.N.Y. Dec. 21, 2022) (quoting *Bank of N.Y. v. Meridien BIAQ Bank Tanzania Ltd.*, 171 F.R.D. 135, 146–47 (S.D.N.Y. 1997)); *Mirlis v. Greer*, 80 F.4th 377, 382 (2d Cir. 2023) (control includes "the right, authority, or practical ability to obtain the documents"). "A party is deemed to 'control' documents that it has the legal right or the practical ability to obtain—even where those documents are in the physical possession of non-parties." *Waite v. UMG Recordings, Inc.*, 2020 WL 3959185, at *2 (S.D.N.Y. July 13, 2020) (quoting *Chevron Corp. v. Donziger*, 296 F.R.D.

5

168, 190 (S.D.N.Y. 2013)).  A parent corporation with a "sufficient degree of ownership and control . . . must be deemed to have control over documents located with [its] subsidiary." *Dietrich v. Bauer*, 2000 WL 1171132, at *3 (S.D.N.Y. Aug. 16, 2000).  "The . . . application of the concept [of 'control'] is often highly fact-specific."  8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2210 (3d ed. 2025).  "Particular concerns can arise when a corporate party is related to another corporation, and this nonparty corporation actually possesses the materials in question."  *Id.*  "Rather than adopting an overarching rule for such situations, the courts have tended to focus on the facts shown in a particular case."  *Id.*  In parent–subsidiary situations, courts have looked to whether . . . the litigant corporation could secure materials from the nonparty corporation to meet its own business needs, and whether, by virtue of stock ownership or otherwise, one corporation effectively controls the other."  *Id.*; *see also Steele Software Sys., Corp. v. DataQuick Info. Sys., Inc.*, 237 F.R.D. 561, 565 (D. Md. 2006) (finding documents requested to be within the control of the named corporate party though not within its physical possession where nonparty corporations shared a common ownership with the party, one of the parties was the owner (directly and indirectly), sole shareholder, and mother of the owner of the other entities); *Advance Labor Serv., Inc. v. Hartford Acc. & Indem. Co.*, 60 F.R.D. 632, 633–34 (N.D. Ill. 1973) (requiring plaintiff corporation to produce books and records of another corporation, technically separate from plaintiff, but whose directors and shareholders were allegedly identical to those of the plaintiff).

As Levona points out, in multiple recent filings in other courts, Intervenors and their affiliates have asserted that Intervenors "control Eletson Gas," Dkt. No. 340-1 at 2, "continue to control Eletson Gas," Dkt. No. 340-2 at 10, and have "ultimate control over Eletson Gas," Dkt.

No. 340-3 at 3. At various times over the last several months, Intervenors have actively directed Eletson Gas's purported actions in litigations and arbitrations in the British Virgin Islands, England, Germany, Greece, Liberia, the Marshall Islands, the Southern District of Texas, this District, and elsewhere. *See, e.g.,* Dkt. No. 340-4 at 6:15-21 (counsel asserting in Texas federal court that the "preferred shares . . . were transferred to . . . the Cypriot Nominees . . . on whose ultimate authority and instructions we have appeared in this case"). Intervenors have also purported to appoint a new board of directors for Eletson Gas. *See* Dkt. No. 248. Just last month, former counsel for Eletson Holdings, Reed Smith LLP, informed Judge Mastando that "the officers of Gas [are and] have been Vassilis Kertsikoff (Chairman, President, Treasurer) and Laskarina Karastamati (Secretary)," *In re Eletson Holdings Inc.*, No. 23-10322 (Bankr. S.D.N.Y.), Dkt. No. 1594 at 2—the same individuals who allegedly own and control Apargo Limited and Fentalon Limited, *see* Bankr. Dkt. No. 394 at 5–6.

If Intervenors' compliance with Levona's discovery requests is deficient, Levona may move for sanctions against Intervenors pursuant to Rule 37 of the Federal Rules of Civil Procedure. Levona will bear the burden of showing that the documents sought are actually within Intervenors' control. *See Flag Telecom*, 236 F.R.D. at 180; *Markus v. Rozhkov*, 615 B.R. 679, 705 (S.D.N.Y. 2020); *Coventry Cap.*, 334 F.R.D. at 72.

The Clerk of Court is respectfully directed to close Dkt. No. 325.

SO ORDERED.

Dated: May 7, 2025
      New York, New York

                                        LEWIS J. LIMAN
                                    United States District Judge