```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                                :
ELETSON HOLDINGS INC. and ELETSON                               :
CORPORATION,                                                    :
                                                                :
                              Petitioners,                      :   23-cv-7331 (LJL)
                                                                :
          -v-                                                   :   ORDER
                                                                :
LEVONA HOLDINGS LTD.,                                           :
                                                                :
                              Respondent.                       :
                                                                X
---------------------------------------------------------------
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/19/2025

LEWIS J. LIMAN, United States District Judge:

Non-party Reed Smith LLP ("Reed Smith") moves, by letter motion, for an order (1) "clarify[ing]" the Court's order at Dkt. No. 341 requiring it to produce documents responsive to an October 16, 2024 subpoena (the "Order"); (2) for permission to produce a categorical privilege log; and (3) for an extension of time to comply with the Order. Dkt. No. 349.

Reed Smith's request for clarification is merely a disguised, and ill-founded, request for reconsideration. Reed Smith has neither identified facts or controlling law the Court ignored nor established manifest injustice, and there is nothing in the Court's Order that required clarification. The Order requires Reed Smith to produce *all* of the documents responsive to each request in the Subpoena, not just a subset. Reed Smith is mistaken that the Order is directed solely "to the non-production of the 'Withheld Documents' in the Arbitration and Levona's attempts to obtain those documents after they were produced in the bankruptcy proceedings on June 28, 2023." Dkt. No. 349 at 1. Among other questions, the cross-petition presents the question whether Eletson's principals and representatives committed fraud on the arbitrator by withholding critical evidence related to the "pivotal issue" of whether Eletson had properly exercised the right granted it in the Binding Offer Letter to purchase Levona's Preferred Interests

in Eletson Gas. Dkt. No. 162 at 4, 33. Levona has made a showing that the four documents that it has been able to obtain to date "may just be the tip of the iceberg and that there may be other relevant documents that would support its claims that extraordinary circumstances prevented it from filing earlier and that fraud was committed in the arbitration." Dkt. No. 162 at 47. The Court thus concluded: "[e]ach of the requests in the Subpoena are tailored to discovering evidence relevant to the questions of fraud in the arbitration and equitable tolling." Dkt. No. 341 at 2.

The Court also previously rejected Reed Smith's request for a date cutoff. Dkt. No. 341 at 4 ("Reed Smith's argument that the request should be time-limited also is without merit"). Reed Smith shall produce all responsive documents up to October 16, 2024, the date Levona served the Subpoena.

Reed Smith did not previously request a protective order that would limit its production to documents related to its representation of Eletson Holdings and Eletson Corp. *See* Dkt. No. 334. Its objection is therefore considered waived. "Under Rule 45(d)(2)(B), objections to a subpoena must be served 'before the earlier of the time specified for compliance or 14 days after the subpoena is served.'" *Top Jet Enters., Ltd. v. Kulowiec*, 2022 WL 280459, at *4 (S.D.N.Y. Jan. 31, 2022). "The Second Circuit has held that objections to a subpoena for production and inspection must set forth all of its grounds for objection, including privilege grounds, within fourteen days of service of the subpoena so that discovery does not become a game." *Id.* (citing *DG Creditor Corp. v. Dabah*, 151 F.3d 75, 81 (2d Cir. 1998)). "A failure to timely object is deemed a waiver absent a showing of good cause." *Top Jet*, 2022 WL 280459, at *5; *see Keawsri v. Ramen-Ya Inc.*, 2022 WL 17583785, at *7 (S.D.N.Y. Dec. 12, 2022); *Freeman v. Giuliani*, 2024 WL 5054913, at *3 (S.D.N.Y. Dec. 10, 2024).

2

In any event, the objection is without merit. The Subpoena defines Reed Smith's clients to include "any of the Eletson Entities You represented" and defines "Eletson Entities" to include "Eletson Gas, the previous owners of Eletson Holdings, the Intervenors, and the three Greek families at issue." Dkt. No. 322-1 at 5–7. Reed Smith's knowledge of the alleged fraud and its efforts to conceal it are squarely at issue in this case. Reed Smith has not demonstrated why it should make a difference whether its knowledge was acquired through its representation of Holdings or, for example, from its representation of the Greek families who controlled Eletson at the time of the alleged fraud.

The request to prepare a categorical privilege log is also denied. The Court's Order does not require clarification. The Court stated: "Reed Smith will be permitted to serve a detailed privilege log within two weeks of the date of this Order with respect to each document withheld on the basis of privilege. For each document withheld, the privilege log should contain the information required by Local Civil Rule 26.2(a)(2)." Dkt. No. 341 at 6; *see also id.* at 1 ("Reed Smith is directed to produce the documents called for by the Subpoena by no later than May 20, 2025, and to produce an itemized privilege log by no later than that date indicating each document being withheld and the reason for withholding").

Finally, Reed Smith asks for an extension of time to comply with the Subpoena, stating that it will "endeavor to produce material in rolling productions once or twice a week beginning on May 20." Dkt. No. 349 at 3. Reed Smith has established good cause for a short extension, but not of the duration it seeks. The promise to "endeavor" to produce material gives the Court cold comfort that Reed Smith will comply with its court-ordered obligations. Reed Smith shall produce all documents responsive to the Subpoena and the detailed privilege log by June 3, 2025. It shall also begin rolling productions on May 20, 2025, with a detailed privilege log to be

served with each production of documents beginning on May 20, 2025.

SO ORDERED.

Dated: May 19, 2025
      New York, New York

                                            LEWIS J. LIMAN
                                    United States District Judge