UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELETSON HOLDINGS, INC., and ELETSON CORP.,<br><br>    Petitioners/Cross-Respondents,<br><br>v.<br><br><br>LEVONA HOLDINGS LTD.,<br><br>    Respondent/Cross-Petitioner. | Civil Action No. 23-CV-7331 (LJL) |

**APARGO LIMITED, FENTALON LIMITED, AND DESIMUSCO TRADING LIMITED'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ISSUANCE OF LETTERS OF REQUEST PURSUANT TO THE HAGUE EVIDENCE CONVENTION**
Hal S. Shaftel
Maura M. Miller
Adam Kirschbaum
GREENBERG TRAURIG, LLP
One Vanderbilt, Avenue
New York, New York, 10017
(212) 801.9200
shaftelh@gtlaw.com
maura.miller@gtlaw.com
kirschbauma@gtlaw.com

Apargo Limited, Fentalon Limited, and Desimusco Trading Limited (collectively the "Preferred Shareholders") respectfully submit this Memorandum of Law in support of their Motion for Issuance of Letters of Request Pursuant to the Hague Evidence Convention to Obtain Discovery from Conyers Dill & Pearman (the "Motions").

## PRELIMINARY STATEMENT

In this proceeding the Court has granted discovery as to "facts relevant to equitable tolling and to whether the award was procured by fraud or undue means." (ECF 162). Respondent Levona Holding Ltd. ("Levona") alleges that the Final Award was procured by fraud by relying on documents (located at ECF 127-4, 127-5, 127-8, 127-9, and 144-1) (the "Documents"), which Levona claims are "admissions," withheld in the underlying arbitration (the "Arbitration") (ECF 138 at 3-6). The Preferred Shareholders dispute Levona's characterizations of the Documents, including that they contain admissions or support Levona's allegations of fraud. Further, Levona has long since had knowledge of the Documents, and failed to do anything about it.

Relevant to this Motion, Levona and Eletson are engaged in various litigations around the world, including in the British Virgin Islands, where Levona is represented by Conyers Dill & Pearman ("Conyers"). As such, Conyers may have documents and communications relevant to the issue of when Levona gained knowledge of the Documents. Accordingly, the Preferred Shareholders seek critical documents from Conyers to rebut Levona's allegations of fraud and defend against its application for equitable tolling in this proceeding.

## ARGUMENT

The purpose of the Hague Convention is to facilitate and increase the exchange of information necessary for legal proceedings between nations. *See Société Nationale Industrielle Aerospatiale v. United States Dist. Court for S. Dist.*, 482 U.S. 522, 534 (1987). Both the United

States and the British Virgin Islands are signatories to the Hague Evidence Convention. Under the Hague Convention, this Court – a "judicial authority of a Contracting State" – may send a letter of request to a member state seeking foreign judicial assistance in civil or commercial matters to the designated authority in the member state "to obtain evidence, or to perform some other judicial act." Hague Evidence Convention, Ch. I, Art. 1; *see also* 28 U.S.C. § 1781. The letter of request is sent to a "Central Authority" designated by the Contracting State to receive requests from courts of other member countries. *See* Hague Evidence Convention, Art. 2. The Central Authority then sends the request to the appropriate court or officer to execute the request. *See id.*

The decision of whether to issue a letter of request is within the discretion of the court. *See Pearlstein v. Blackberry Ltd.*, 332 F.R.D. 117, 120 (S.D.N.Y. 2019). Courts routinely issue such letters where the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence. *See, e.g.*, *Elliot Assoc. v. Peru*, 1997 WL 436493, at *2 (S.D.N.Y. Aug. 1, 1997) (granting plaintiff's request for letters rogatory to take testimony in United Kingdom).

Here, the Preferred Shareholders seek letters of request to obtain specific documents relevant to this litigation from Conyers.

**1. The Evidence Sought From Conyers is Relevant**

In deciding whether to issue a Letter of Request, courts apply the discovery principles contained in Federal Rule of Civil Procedure 26. *Joseph v. Gnutti Carlo S.p.A.*, 2016 WL 4083433, at *1 (S.D.N.Y. July 25, 2016). Rule 26 permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Id*. In making a relevance determination, "[t]he Court need not consider whether each category of document requested by each party would be admissible," but only if the "documents and testimony requested by each side fall

within the broad parameters of relevance under Rule 26." *In re Turquoise Hill Res. Ltd., Sec. Litig.*, 2023 WL 5322019, at *2 (S.D.N.Y. Mar. 8, 2023) (Liman, J.). While not "unlimited, relevance, for purposes of discovery, is an extremely broad concept." *Joseph,* 2016 WL 4083433, at *1 (S.D.N.Y. July 25, 2016) (citing *Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 561 (S.D.N.Y. 2013)). Indeed, discovery is relevant if it encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense." *Mortg. Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A.*, 2016 WL 3906712, at *3 (S.D.N.Y. July 14, 2016). While "party seeking the application of the Hague Convention procedures . . . bears the burden of persuasion, that burden is not a heavy one." *Villella v. Chem. & Mining Co. of Chile Inc.*, 2018 WL 2958361, at *3 (S.D.N.Y. June 12, 2018) (citations and quotations omitted).

Here, the discovery sought in the Letter of Request to Conyers (Declaration of Hal S. Shaftel, dated May 23, 2025 ("Shaftel Decl."), Ex. A) is targeted to seek information about when Levona gained knowledge of the Documents. The Letter of Request specifically seeks documents and communications in the possession of Conyers that show Levona's awareness of the Documents which would cut against Levona's application for equitable tolling. Further, to the extent that Conyers is communicating with Levona's affiliates, such as Murchinson or Pach Shemen that would also be probative of the equitable tolling issue.

Finally, the documents sought from Conyers are proportional to the needs of this case. The requests are narrow and seek specific, critical information, consistent with the Federal Arbitration Act.

## CONCLUSION

For these reasons, the Court should grant the Preferred Shareholders' Motion.

Dated: New York, New York
       May 23, 2025

Respectfully submitted,

By: */s/ Hal. S. Shaftel*

**GREENBERG TRAURIG, LLP**

Hal S. Shaftel
Maura E. Miller
Adam Kirschbaum
One Vanderbilt Avenue
New York, NY 10017
(212) 801-9200
shaftelh@gtlaw.com
maura.miller@gtlaw.com
kirschbauma@gtlaw.com

*Counsel for the Preferred Shareholders Apargo Limited, Fentalon Limited, and Desimusco Trading Limited*