

**ReedSmith**
Driving progress through partnership

**Louis M. Solomon**
Direct Phone: +1 212 549 0400
Email: lsolomon@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

June 27, 2025

*The Court declines to hear the motion to seal and accordingly denies it without prejudice to renewal by a party to this proceeding. Neither Reed Smith nor its "client" are parties to this case and they therefore have no right to seek relief. The material shall remain under seal until July 7, 2024. If no motion is made by a party with the right to seek such relief by 5 p.m. on July 7, 2025, the Court will enter an order unsealing the documents attached to Dkt. No. 437.*

**Via ECF**

*July 1, 2025*

SO ORDERED.
LEWIS J. LIMAN
United States District Judge

Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

**Re:** ***Eletson Holdings, Inc., et al. v. Levona Holdings Ltd.***, **Civil No. 23-cv-7331 (LJL)**

Dear Judge Liman:

Reed Smith LLP ("Reed Smith") respectfully writes on its own behalf and its client seeking the continued sealing of material filed by Floyd Zadkovich (US) LLP ("Floyd Zadkovich") (ECF 436, 437), in connection with this Court's Order, dated June 17, 2025, directing the disclosure of submissions made by Reed Smith on behalf of Eletson Gas LLC ("Gas") in the proceeding pending in the High Court of England and Wales under Section 32 of the Arbitration Act 1996 bearing the caption *Eletson Gas LLC v. (1) BSL MGC Limited, (2) HSL MGC Limited, (3) Neon Limited*, case number CL-2025-000142 (the "Section 32 Proceeding") (ECF 433). We believe that Your Honor's Order, dated June 26, 2025 (ECF 452), disposed of the need to file this, but in an abundance of caution, and so as not to waive its response to Floyd Zadkovich's submission, we make the following submission.

The documents attached to Floyd Zadkovich's letter (ECF 437) (the "Documents") should remain filed under seal because they are not judicial documents, and because the Section 32 Proceedings arises out of a confidential arbitration conducted pursuant to the London Maritime Arbitration Association and is, to our understanding, treated as confidential in the London court.

This Court is well-versed in the governing legal standard. "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Courts must "balance competing considerations against [this right of public access.]" *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). The weight accorded to the presumption of public access depends upon the "role those documents played in determining litigants' substantive rights[.]" *Amodeo*, 71 F.3d at 1049. More generally, "the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Amodeo*, 71 F.3d at 1049.

As an initial matter "[b]efore any such common law right [of public access to judicial documents] can attach . . . a court must first conclude that the documents at issue are indeed 'judicial documents.'" *Lugosch*, 435 F.3d at 119. "'[T]he mere filing of a paper or document with the court is insufficient to



Honorable Lewis J. Liman
June 27, 2025
Page 2

render that paper a judicial document subject to the right of public access.' In order to be designated a judicial document, 'the item filed must be relevant to the performance of the judicial function and useful in the judicial process.'" *Lugosch,* 435 F.3d at 119 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)); *accord Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) ("A document is thus 'relevant to the performance of the judicial function' if it would reasonably have the tendency to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision.") (citing *Amodeo*, 44 F.3d at 145-146).

None of the Documents is a judicial document, and accordingly, there is no right of public access. The Documents have not been submitted to Court for consideration in relation to any request for relief. As such, the Documents do not "reasonably have the tendency to influence [the Court's] ruling on [any pending motion]". *Brown*, 929 F.3d at 49. That the Documents are immaterial to any substantive right before this Court warrants sealing. *See Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.,* 2015 WL 4298572, at *5 (S.D.N.Y. July 15, 2015) (leaving documents filed in connection with Rule 15 motion under seal where "the presumption of access to [the] documents [was] low, because the redacted information [was] minimally relevant to the parties' claims and does not appear necessary to or helpful in resolving the motion for leave to amend.").

Even were the Documents judicial documents (which they are not), Reed Smith's and its client's interest in maintaining confidentiality (as counsel to Gas in the Section 32 Proceedings) outweighs the right of access by the public. Here, the Documents are all submissions made by Reed Smith and are related to a confidential arbitration pursuant to the London Maritime Arbitration Association. Under English law, there exists a well-established general duty of confidentiality in respect of arbitral proceedings, and the parties to an arbitration agreement will be taken to have impliedly agreed to an obligation of confidentiality. *See Emmott v. Michael Wilson & Partners* [2008] EWCA Civ 184. This duty extends to all aspects of the arbitration, including pleadings, evidence, and other documents generated or disclosed during the arbitral process. *See Emmott and Hassneh Insurance v. Mew* [1993] 2 Lloyd's Rep 243, 247. Further, Rule 62 of the Civil Procedure Rules ("CPR"), which relates to applications to the High Court of England and Wales under the Arbitration Act 1996, also confirms that the High Court of England and Wales may order that an arbitration claim be heard in public or private, but that the general rule is that the determination of a preliminary point of law or an appeal on a question arising out of an award will be heard in public, but all other arbitration claims will be heard in private (CPR 62.10). Indeed, both Floyd Zadkovich and Levona concede, as they must, that the Section 32 Proceedings are confidential. *See* ECF 426 at 3 (Floyd Zadkovich) ("As the Section 32 Proceedings are an 'arbitration claim', they fall within the implied obligation of confidentiality for arbitrations under English law, and thus are confidential (English Civil Procedure Rules, r.62.10(3)(b))."); *id.* n.1; ECF 427 (Levona) ("confidentiality protections applicable to the Section 32 Proceeding limit the information that may be shared with non-parties and the Court")).

The Documents in question, although submitted to the Court by Floyd Zadkovich, are inherently confidential in nature as they make express reference to, and in many cases contain, material derived from the underlying arbitration. The Documents, therefore, remain subject to the protections afforded by the duty of confidentiality under English law. Accordingly, Reed Smith requests that the Documents remain under seal.

Honorable Lewis J. Liman
June 27, 2025
Page 3



Reed Smith acknowledges that Your Honor's Individual Practices in Civil Cases, Attachment A requires Reed Smith to re-submit the Documents with the information sought to be sealed highlighted.  However, the Documents were submitted to this Court *ex parte*, and Reed Smith does not have access to the Documents as submitted—nor did Floyd Zadkovich provide Reed Smith with copies of the as-filed submissions.  As such, Reed Smith is unaware if Floyd Zadkovich has proposed any redactions of the Documents.  As counsel in the Section 32 Proceeding, Reed Smith is nevertheless aware of their contents and requests that all the Documents remain under seal in their entirety.  If Your Honor should require Reed Smith to re-submit the Documents pursuant to Your Honor's Rules, Reed Smith's requests that Your Honor direct Floyd Zadkovich to provide Reed Smith with the as-filed documents, and permit Reed Smith to re-submit the Documents within three business days of receipt of the as-filed Documents.

Respectfully,

*Louis M. Solomon*
Louis M. Solomon

cc:  Counsel of Record (via ECF)