

Hal S. Shaftel, Esq.
Tel 212.801.2164
Fax 212.805.9464
shaftelh@gtlaw.com

July 1, 2025

**Via ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

  Re: **Eletson Holdings, Inc., et al. v. Levona Holdings Ltd., Civil No. 23-cv-7331 (LJL)**

Dear Judge Liman:

  We write following the Court's order of June 20, 2025 ((the "Order") ECF 435), which, among other things, addressed Intervenors' request for a Letter Rogatory (ECF 386) directed at Murchinson in Canada. As the Court found, "[t]he fact that the At-Issue Documents were not 'sent by or addressed to Murchinson' … does not mean that Murchinson employees, in their capacity as Murchinson employees, could not have had communications with Peter Kanelos or internally regarding the At-Issue Documents." Accordingly, the Court continued: "Intervenors have proffered a basis for a request to Murchinson to determine whether, apart from bankruptcy, it had access to the At-Issue Documents." *Id.* at 19. While finding a basis for the requests, the Court identified limitations excluding documents relating to certain audio recordings (*i.e.*, Requests 6 and 7 out of 8 proposed requests) and additional information to the extent "gained … as a result of Pach Shemen's participation in the bankruptcy proceeding." *Id*. at 20. The Court then directed the parties to "meet and confer on a revised Request … and provide that Request to the Court."

  After much back and forth as described below (as Intervenors sought to find common ground to avoid contested discovery), Intervenors request that the Court issue a Letter Rogatory to Murchinson in the form annexed hereto as Exhibit A. For ease of reference, Exhibit B is a blackline version to reflect edits from the previous Letter Rogatory presented to the Court.

  <u>Post-Order Background</u>: Having been advised by Levona that Murchinson was represented by separate counsel, at Sichenzia Ross Ference Carmel LLP ("SRFC"), Intervenors' counsel contacted SRFC over the weekend following the issuance of the Order on a Friday, in order to ascertain any particular concerns at Murchinson. In the interests of efficiency, Intervenors did so since Levona's counsel was in contact with SRFC, knew discovery-related facts regarding Murchinson (having reviewed unproduced documents

The Honorable Lewis J. Liman
Page 2

provided by SFRC), and Murchinson ultimately will address the discovery in Canada. After SRFC made itself available only on Tuesday, June 24, it then took the position that the matter was in the hands of Levona's counsel, and it expressed no view on anything (including whether Murchinson eventually would accept service of a Letter Rogatory). Following that, on June 24, Intervenors sent search protocols to Levona's counsel to apply to the prior requests other than the two identified by the Court as objectionable, and consistent with the Order to exclude information gained by Murchinson from the bankruptcy disclosures. In a discussion on June 25, Levona's counsel stated that the search protocols as applied to implement the surviving requests (with Requests 6 and 7 eliminated) were insufficient. While the Order required both parties to confer, Levona had yet to make any alternative proposal. On June 26, Intervenors provided a set of requests significantly narrower than the requests initially presented to the Court; Levona revised the requests in an unacceptable manner on June 30; and Intervenors then conferred with Levona and provided further revisions on the same day (June 30), but as yet have had no response to their further narrowed requests.

While the parties have not agreed, they clearly have met and conferred given the chronology and it is ripe for Intervenors to bring to the Court's attention their proposed Letter Rogatory directed to Murchinson.

<u>Scope of Proposed Discovery</u>: Narrowing their proposed requests substantially during the meet and confer process as an accommodation, Intervenors' application focuses discovery on information known before July 3, 2024 (when Levona moved to amend its pleading to account for certain At-Issue Documents) and excluding information obtained by Murchinson from the bankruptcy disclosures made on June 28, 2023. While more expansive discovery would be justified, Intervenors also tailor their request to capture communications with Kanelos, a clear source of information for Murchinson, during the period proximate to the creation of at least most of the At-Issue Documents. In addition, Intervenors seek to ascertain how Murchinson handled any responsive information, including when and what it provided counsel for Levona in arbitration-related matters before the filing by Levona of the motion to amend. The discovery is set forth in the accompanying proposed Letter Rogatory but is summarized below for convenience:

1. All Documents and Communications Concerning Murchinson's awareness of the creation and/or substance of the modelling, analysis, and/or development of potential proposals for the buy-out of Murchinson's alleged interests and repayment of its loan reflected in the At-Issue Documents prior to July 3, 2024, excluding Documents and Communications after June 28, 2023 relating to knowledge gained by Murchinson solely as a result of Pach Shemen's participation in the bankruptcy proceeding *In re Eletson Holdings Inc.,* 23-10322 (S.D.N.Y.).

2. All Documents and Communications received from, or transmitted to, the Frankel Rubin firm, or the Quinn Emmanuel firm, Concerning the creation and/or substance of the modelling, analysis, and/or development of potential proposals for the buy-out of Murchinson's interests and repayment of its loan reflected in the At-Issue Documents prior to July 3, 2024.

3. All Documents and Communications received from, or transmitted to, Kanelos between June 1, 2022 and August 31, 2022.

The Honorable Lewis J. Liman
Page 3

\* \* \*

Given the realities of the tight scheduling, we seek the Court's attention to this matter at this point. We respectfully request that the Court issue the Letter Rogatory in the form found at Exhibit A. Of course, we are at the Court's disposal for any additional information or explanation.

Respectfully,

*/s/ Hal S. Shaftel*

Hal S. Shaftel

cc: Counsel of Record (via ECF)