

**Louis M. Solomon**
Direct Phone: +1 212 549 0400
Email: lsolomon@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

July 2, 2025

**Via ECF**

Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

Re:    *Eletson Holdings, Inc. v. Levona Holdings Ltd.*, Civil No. 23-cv-7331 (LJL)

Dear Judge Liman:

Reed Smith LLP ("Reed Smith") respectfully writes in opposition to Levona's motion (Dkt. 457) for an order directing Eletson Holdings ("Holdings") and Eletson Corporation ("Corp") to produce the "large quantities of documents" they obtained from Microsoft Corporation via an order issued by the Bankruptcy Court on June 11, 2025 (the "Microsoft Order"). The Court should deny the Letter Request. In addition, the Court should conduct further inquiries to determine whether Reorganized Holdings, Levona, or their counsel violated court orders and stays to obtain those documents.

At the outset, Reed Smith respectfully submits that it is entitled to oppose the Letter Motion both on its own behalf and on behalf of its clients. For avoidance of confusion, it refers to its client, Holdings, as "Provisional Holdings," even though the Second Circuit recognized questions concerning who has legal control over Holdings and Corp (App. Dkt. 66 at 1 (the "Circuit Stay Order")).

In its Order dated July 1, 2025, which denied Reed Smith's motion to stay further briefing on the Letter Request, this Court stated that Provisional Holdings had not entered an appearance in this action. (Dkt. No. 462 at 1). Respectfully, we disagree. Reed Smith continues to represent Holdings, as reflected in the Circuit Stay Order. Indeed, in its Stay Order, the Circuit referred to *opposing counsel* as "*purporting to* represent Eletson Holdings Inc and Eletson Corporation" (Circuit Stay Order at 1 (emphasis added)). Far from accepting Goulston's authority to speak for the Eletson parties, the Circuit expressly declined to "decide whether that description of the movant is accurate" (*id.* at 1). Accordingly, Reed Smith has both standing and a duty to represent its clients in this proceeding. If Your Honor disagrees, we seek the Court's guidance as to how the entity recognized as an appellant in the Circuit may appear here.

## Background

Since January 2025 at the latest, Reorganized Holdings has been secretly negotiating with Microsoft seeking access to Eletson's documents (Bk. Dkt. 1675 at 10), without providing notice to Provisional Holdings or its counsel. On April 15, 2025, the Second Circuit entered an administrative stay of this



Honorable Lewis J. Liman
July 2, 2025
Page 2

Court's order requiring Reed Smith to turn over the Eletson client file, including, but not limited to, all its privileged documents (App. Dkt. 49 (the "Administrative Stay"). As this Court previously recognized, the Administrative Stay also froze this Court's order displacing Reed Smith as counsel to Holdings and Corp. (Dkt. 343 at 5 n.4.: "Accordingly, the docket still lists Reed Smith as counsel for Holdings and Corp").

Provisional Holdings and its counsel first learned about Reorganized Holdings' discussions with Microsoft on May 29, when Reorganized Holdings filed in the Bankruptcy Court an Order to Show Cause (Bk. Dkt. 1673). On Sunday, June 1, Provisional Holdings objected (Bk. Dkt. 1678), but undersigned counsel was unable to attend the hearing the next day because of the Jewish Holiday. The objection specifically cited the Second Circuit's Administrative Stay, which the Bankruptcy Court did not address. On June 10, counsel for Reed Smith in the turnover appeal gave express notice that Reed Smith would be seeking relief from the Second Circuit against Reorganized Holdings specifically with respect to any attempt to obtain the Eletson documents from Microsoft (Ex. A; Motion at App. Dkt. 62). The Microsoft Order was issued the next day, June 11 (Bk. Dkt. 1691)—the same day that Provisional Holdings filed a motion in the Circuit seeking a stay of all proceedings involving Eletson's privileged documents including expressly the Microsoft Order. It is not clear when Reorganized Holdings obtained the Eletson documents from Microsoft, although presumably after June 11. On Monday, June 30, undersigned counsel unsuccessfully asked counsel for Reorganized Holdings that question.

On June 25, the Second Circuit issued the Circuit Stay Order, denying Levona's and Reorganized Holdings' motions to dismiss the appeals, and granting a stay of the Turnover Order and displacement order. The Circuit "decline[d] to grant" Reed Smith's and Provisional Holdings' request to stay the district court and bankruptcy proceedings, but stated that it "trust[ed] that both courts will tailor their proceedings to protect the privileged property at issue."[1] (Circuit Stay Order at 1-2.) Levona filed the Letter Request five days later, on June 30.

**Argument**

1. *The Letter Request Violates Court Orders and Should be Denied.*

Levona's Letter Request is a ruse contrived by entities under common control to whitewash their violation of the Second Circuit's orders, as well as to violate the Circuit's recent instruction that this Court should "protect the privileged property at issue." It should be denied for at least three reasons.

*First*, the Microsoft Order violated the Circuit's Administrative Stay because it allowed the very Holdings and Corp documents subject to the Circuit stays to be disclosed or otherwise transferred from Provisional Holdings to Reorganized Holdings. In granting the Order, the Bankruptcy Court relied on this Court's *stayed* Turnover Order to conclude that "There's not an ownership or control dispute

---

[1] Levona claims that the Second Circuit "denied this additional relief." (Circuit Stay Order at 1.) That is incorrect. The wording of the Order is precise and revealing. Whereas the Circuit "**GRANTED**" or "**DENIED**" all the other motions, in the case of the motion to stay proceedings involving Eletson's privileged documents, it merely "decline[d] to grant" that request. (*Id.*) The reason is plain: the Circuit was not rejecting that motion on the merits but rather entrusting it to this Court and the Bankruptcy Court to protect the privileged property without the need for an explicit order to that effect.



because they [*i.e.*, Reorganized Holdings] are the owners, pursuant to the orders of this Court and *the orders of Judge Liman.*" (Bk. Dkt. 1695, June 2, 2025 Hearing Tr. 30:22-25 (emphasis added).) But that stayed order had no legal effect and could not support the Bankruptcy Court's erroneous finding.

*Second*, Reorganized Holdings should not have taken possession of the documents once Reed Smith advised it on June 10 that Reed Smith would be seeking an imminent stay in the Circuit of the bankruptcy proceedings involving the privileged documents. The Microsoft Order issued on June 11, the same day that Reed Smith filed that motion. And it is likely that Reorganized Holdings took possession after the motion was already on file. That was highly improper.

*Third,* granting Levona's motion likewise would violate the Circuit Stay Order. Given the way in which Reorganized Holdings obtained the material at issue—through direct access to Eletson's computer systems, granted by Microsoft—it is undoubtedly the case that the material includes documents and information that are part of the Eletson file whose turnover has been stayed, as well as documents as to which the Eletson entities would assert claims of privilege. Levona's request that Goulston should turn over the file, and "produce or log the responsive documents it is withholding," Letter Request at 2, would authorize Goulston to inspect privileged documents again. This Court should "protect" that privileged material, as instructed by the Second Circuit, by prohibiting Goulston from any further review or use of the material pending resolution of the pending appeals.[2]

## 2. *Request for Order and Further Inquiry of Reorganized Holdings.*

This Court also should direct Reorganized Holdings and Levona to delete all documents they received purportedly based on the Microsoft Order, or at least to segregate and sequester those documents and not review or use them in any way until final disposition of Reed Smith's appeal of the Turnover Order (No. 25-445) and the former debtors' appeal of the underlying Confirmation Order (No. 25-176). And it should further direct Reorganized Holdings to disclose when it acquired the Eletson documents and the circumstances surrounding it. Depending on the answer, further inquiries may be necessary.

If the Court permits Provisional Holdings to be heard, then just as this Court stayed these proceedings for months at Levona's request when control over Eletson was unclear, this Court should stay these proceedings until it hears from the parties including Provisional Holdings as to how this matter can proceed given the Second Circuit's Stay Order. Provisional Holdings believes it has constructive suggestions to offer in that regard.

Respectfully submitted,

*Louis M. Solomon*
Louis M. Solomon

cc:  Counsel of Record (via ECF)

---

[2] Levona complains that Reed Smith "threaten[ed]" counsel for Reorganized Holdings and Levona that it and its clients fully reserve all their rights, claims, objections, and defenses. That was no "threat," just a proper statement of Reed Smith's and its clients' position.