```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  7/8/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
ELETSON HOLDINGS INC. and ELETSON                                  :
CORPORATION,                                                       :
                                                                   :
                              Cross-Respondents,                   :     23-cv-7331 (LJL)
                                                                   :
              -v-                                                  :     MEMORANDUM AND
                                                                   :           ORDER
LEVONA HOLDINGS LTD.,                                              :
                                                                   :
                              Cross-Petitioner,                    :
                                                                   :
              and                                                  :
                                                                   :
APARGO LIMITED, FENTALON                                           :
LIMITED, and DESIMUSCO TRADING                                     :
LIMITED,                                                           :
                                                                   :
                              Intervenors.                         :
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

The law firm Reed Smith LLP ("Reed Smith") has filed a letter motion on the docket seeking continued sealing of material filed by Levona Holdings Ltd. ("Levona") in connection with its motion to compel production of documents from Reed Smith pursuant to the crime-fraud exception. Dkt. No. 465. The request to seal is opposed by Levona. Dkt. No. 475.

On June 24, 2025, Levona filed a motion to compel Reed Smith to produce documents Levona alleged were being improperly withheld on the purported basis of attorney-client privilege. Dkt. No. 446. Levona claimed that the documents were not privileged because they were subject to the crime-fraud exception. Dkt. No. 447. In support of the motion, Levona relied on documents produced by Reed Smith from June and August 2022 that refer to a buyout of Murchinson's interests in Eletson Gas at a time when Reed Smith claimed in an arbitration that Murchinson no longer had interests in Eletson Gas. Dkt. Nos. 448, 449. In producing the

documents in discovery, Reed Smith designated them as "Confidential" under the Protective Order in this case. Dkt. No. 445. Pursuant to the Court's Individual Practices Rule 2.H and Attachment A, Rule 4.b, Levona filed the documents with a request that they be kept temporarily under seal for seven days to permit Reed Smith the opportunity to request that they be maintained under seal. *Id.*

There is a presumption of public access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); *Brown v. Maxwell*, 929 F.3d 41, 47–48 (2d Cir. 2019). A judicial document is a document "relevant to the performance of the judicial function and useful in the judicial process." *Brown*, 929 F.3d at 49 (quoting *U.S. v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). If a document is determined to be a judicial document, then the Court must assess the "weight of the presumption" of public access against any "countervailing interests." *Lugosch*, 435 F.3d at 119.

If a presumptive right of public access exists, "the proponent of [sealing] must establish through 'specific, on the record findings . . . that [sealing] is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Courthouse News Serv. v. Corsones*, 2025 WL 758028, at *4 (2d Cir. Mar. 11, 2025) (quoting *Press-Enterprise Co. v. Superior Court of California for Riverside County*, 478 U.S. 1, 13–14 (1986)). "Courts have . . . frequently held that protection of confidential commercial information and trade secrets may overcome the presumption of public access." *Adstra, LLC v. Kinesso, LLC*, 2025 WL 1002253, at *1 (S.D.N.Y. Mar. 31, 2025) (collecting cases). In determining whether such information is properly sealed, courts may look to whether "the information [is] still relevant to the business" and "the degree to which a party would be competitively harmed if [the information] were revealed." *Jackpocket, Inc. v. Lottomatrix NY LLC*, 2022 WL 17738779, at *2 (S.D.N.Y. Dec.

15, 2022) (quotation marks and citation omitted).

Reed Smith does not dispute that the documents at issue are judicial documents to which a presumption of public access applies. Dkt. No. 465 at 1–2. Instead, it argues that its interests and those of its clients outweigh the right of public access. *Id.* at 2. Reed Smith relies upon a declaration signed by Vassilis E. Kersikoff on July 14, 2024 and filed in this Court on July 15, 2024, in which Mr. Kertsikoff states, with respect to other apparently related documents, that disclosure of Eletson's "extensive internal financial model[ling] . . . if disclosed would significantly harm Eletson's business and competitive standing." Dkt. No. 131 ¶ 7. Reed Smith does not submit any more current declaration from Mr. Kertsikoff. The Intervenors, who are controlled in part by Mr. Kertsikoff, have not submitted a letter in support of continued sealing.

"Stale business records cannot support the necessary finding of harm, and therefore 'cannot overcome the public's strong interest in disclosure.'" *Dawson v. Merck & Co.*, 2021 WL 242148, at *8 (E.D.N.Y. Jan. 24, 2021) (quoting *Alcon Vision, LLC v. Lens.com*, 2020 WL 3791865, at *8 (E.D.N.Y. July 7, 2020) (collecting cases)). The documents at issue are three years old, date from a period before the Plan of Confirmation put new management in control of Eletson, and relate to a transaction that Eletson does not claim it is continuing to pursue. The declaration itself is over a year old. Accordingly, Reed Smith has not shown that the disclosure of the documents would cause any competitive harm to Eletson.

The Clerk of Court is directed to unseal the documents at Dkt. No. 448. The Clerk of Court is further respectfully directed to close the motions at Dkt. Nos. 445 and 465.

SO ORDERED.

Dated: July 8, 2025
New York, New York

LEWIS J. LIMAN
United States District Judge

3