```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  7/9/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
ELETSON HOLDINGS INC. and ELETSON                            :
CORPORATION,                                                 :
                                                             :
                           Cross-Respondents,                :     23-cv-7331 (LJL)
                                                             :
             -v-                                             :     MEORANDUM AND
                                                             :         ORDER
LEVONA HOLDINGS LTD.,                                        :
                                                             :
                           Cross-Petitioner,                 :
                                                             :
             and                                             :
                                                             :
APARGO LIMITED, FENTALON                                     :
LIMITED, and DESIMUSCO TRADING                               :
LIMITED,                                                     :
                                                             :
                           Intervenors.                      :
                                                             :
-------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Levona Holdings Ltd. ("Levona") moves, pursuant to Federal Rule of Civil Procedure 37(a), for an order compelling Intervenors[1] to (a) respond to Levona's Interrogatories Nos. 1(j) and 2 and (b) produce relevant documents within their possession, custody or control responsive to Levona's document requests Nos. 4 and 9. Dkt. No. 469. Intervenors responded opposing Levona's motion. Dkt. No. 479. The motion to compel is granted. Intervenors are ordered to respond to Interrogatories 1(j) and 2 by no later than July 16, 2025 and to complete production of the requested documents no later than July 23, 2025.

An interrogatory served under Federal Rule of Civil Procedure 33 may relate to any matter that may be inquired into under Federal Rule of Civil Procedure 26(b)(1). *See Winfield v.*

---

[1] Intervenors are Apargo Limited, Fentalon Limited, and Desimusco Trading Limited.

*City of New York*, 2018 WL 2277838, at *2 (S.D.N.Y. May 18, 2018).  In other words, interrogatories may seek nonprivileged information "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  The burden is on the objecting party to show that the interrogatory is improper.  *See Freeman v. Giuliani*, 2024 WL 5135913, at *2 (S.D.N.Y. Dec. 17, 2024); 8B C. Wright & A. Miller, Federal Practice and Procedure § 2173 (3d ed. 2025).  Grounds for objections to interrogatories must be stated with specificity.  Fed. R. Civ. P. 33(b)(4).[2]

Interrogatory 1(j) demands that Intervenors "[p]rovide the names of witnesses . . . with knowledge or information relevant to the subject matter of this proceeding" including "the identity of any accountants, auditors, Lawyers, consultants, investigators, financial advisors, business advisors, strategic advisors, or similar professionals, Persons, entities, or firms whom You have retained, consulted with, or used during the Relevant Period."  Dkt. No. 469-1 at 10–11.[3]  The Relevant Period is defined as "the period on and after January 1, 2022."  *Id.* at 6.  "Person" is defined as "any natural person or any legal entity, including, without limit, any business or governmental entity or association."  *Id.* at 5–6.  Interrogatory 2 calls for Interventors

---

[2] Local Rule 33.3(a) provides: "Unless ordered otherwise by the court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature."

[3] Levona's exhibit at Dkt. No. 469-1 includes the interrogatories sent to each of the three Intervenors.  Because the relevant portions of the interrogatories are identical for each of the three, the Court cites the relevant portions of the interrogatory directed to Apargo Limited.

to "[i]dentify any accountants, auditors, accounting advisors or consultants, tax advisors or consultants, or similar accounting professionals, Persons, entities, or firms whom You have retained, consulted with, or used since March 11, 2022." *Id.* at 11.

Interrogatories 1(j) and 2 plainly call for information relevant to Levona's claims in this case. Levona asserts that Eletson Holdings did not validly exercise an option to acquire the Preferred Shares in Eletson Gas in March 2022 as it claimed in the arbitration, that its contentions to the contrary were fraudulent, and that the Intervenors accordingly did not obtain the Preferred Shares. Dkt. Nos. 124, 125-36, 127-36. Levona is entitled to discovery regarding whether Intervenors' assertions that they were nominated as the recipients of the Preferred Shares of Eletson Gas were truthful. It is not sufficient to respond, as Intervenors do, that "there as yet has been no accounting for the shares in financial statements and no related communications with accounting advisors regarding the preferred shares." Dkt. No. 479 at 1. It is the function of an interrogatory to identify persons with knowledge or information relevant to a claim or defense in order to test a party's assertions. It would be relevant whether Intervenors reported to an accountant or advisor that they had obtained or would obtain the Preferred Shares. It likewise would be relevant if Intervenors did not consult with an accountant regarding such a large acquisition. Interrogatories 1(j) and 2 are properly framed and must be answered.

The Court already has ordered Intervenors to produce the documents called for by Levona's document requests. *See* Dkt. No. 342. Document Request 4 in each of the three requests for production calls for:

> All Documents and Communications Concerning the ownership of the Preferred Shares and any actual, proposed, or contemplated Transfer of the Preferred Shares, including (a) all versions or iterations of the Share Registry of Eletson Gas, (b) the original non-redacted handwritten notes Concerning the purported transfer of the Preferred Shares to the Cypriot Nominees . . . , and (c) any such materials involving Fentalon, Desimusco, Apargo, Lascarina J. Karastamati, Vasilis A.

3

      Hadjeleftheriadis, Vassilis E. Kertsikoff, Eleini Karastamati, or Konstantinos Hadjieleftheriadis.

Dkt. No. 325-1 at 12 (Apargo); Dkt. No. 325-4 at 12 (Desimusco); Dkt. No. 325-7 at 12 (Fentalon).

      Request 9 calls for "All Documents and Communications Concerning the value of any interest in Eletson Gas or of the Preferred Shares." *Id.* at 13.

      Levona demands that Intervenors produce responsive documents of which they have control but that are in the custody or possession of Intervenors' third-party advisors, including accountants. Dkt. No. 469 at 2. Intervenors do not dispute that there may be responsive documents in the possession or custody of third-party advisors but claim that they need only produce documents "provided to accountants/auditors" that are currently in the possession of Intervenors and that they do not have a duty to produce documents that are on the "servers or other files of third-party professionals." Dkt. No. 479 at 2.

      Federal Rule of Civil Procedure 34(a)(1) permits a party to serve on another party a request documents "in the responding party's possession, custody, or control" that are "within the scope of Rule 26(b)." Fed. R. Civ. P. 34(a)(1). "Control for the purposes of discovery is broadly defined, and includes situations where the party 'has the practical ability to obtain the documents from another, irrespective of his legal entitlement to the documents.'" *Raimey v. Wright Nat. Flood Ins. Co.*, 76 F. Supp. 3d 452, 470 (E.D.N.Y. 2014) (quoting *Golden Trade, S.r.L. v. Lee Apparel Co.,* 143 F.R.D. 514, 525 (S.D.N.Y.1992)). Control includes the "legal right or practical ability to obtain [documents] from another source on demand." *Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.,* 1994 WL 510043 at *3 (S.D.N.Y. Sept. 16, 1994). "'Control' does not require actual physical possession of the documents at issue; rather, documents are considered to be under a party's control when that party has the right,

4

authority, *or* practical ability to obtain the documents." *Mirlis v. Greer*, 80 F.4th 377, 382 (2d Cir. 2023) (internal citations omitted) (emphasis added). Ordinarily, "documents in the possession of a party's accountant are deemed within that party's control for purposes of Rule 34 discovery." *De Vos v. Lee*, 2008 WL 2946010, at *1 (E.D.N.Y. July 29, 2008); *see also Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co.*, 201 F.R.D. 33, 39 (D. Mass. 2001) (documents in possession of party's accountant were within control of party); *MGP Ingredients, Inc. v. Mars, Inc.*, 2007 WL 3353401, at *3 (D. Kan. Nov. 10, 2007) ("A party is also deemed to have control over financial records of the party that are in the possession of the party's accountant"). It is not necessary that the documents have been generated by the party or turned over by the party to the accountant. *Cf.* 7 Moore's Federal Practice § 34.14[2][c] (3d ed. 2024) (stating that documents an attorney comes into possession of as attorney for a party are within the control of the party even if they were not turned over to the attorney by the party).

Accordingly, Intervenors are ordered to produce all documents responsive to Requests 5 and 9 that are in its possession, custody or control, including documents that may be in the possession of third-party advisors.

The Clerk of Court is respectfully directed to close Dkt. No. 469.

SO ORDERED.

Dated: July 9, 2025
New York, New York

_____
LEWIS J. LIMAN
United States District Judge