USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/14/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
    :
ELETSON HOLDINGS INC. and ELETSON   :
CORPORATION,     :
    :
    Cross-Respondents,    :    23-cv-7331 (LJL)
    :
    -v-    :    ORDER
    :
LEVONA HOLDINGS LTD.,     :
    :
    Cross-Petitioner,    :
    :
    and    :
    :
APARGO LIMITED, FENTALON     :
LIMITED, and DESIMUSCO TRADING   :
LIMITED,     :
    :
    Intervenors.    :
    :
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

    Intervenors Apargo Limited, Fentalon Limited, and Desimusco Trading Limited ("Intervenors") have moved for an order to show cause for permission to serve a subpoena on Peter Kanelos pursuant to 28 U.S.C. § 1783. Dkt. No. 458. Cross-Petitioner Levona ("Levona") opposed the proposed subpoena only as to Request 3 in the proposed subpoena. Dkt. No. 478. Intervenors replied in support of the proposed subpoena. Dkt. No. 490.

    On June 20, 2025, the Court determined that "Kanelos's testimony and his production of documents are necessary in the interest of justice," and that he is "not a minor or peripheral witness" to the issues surrounding the alleged fraud in the arbitration and the At-Issue Documents. *See* Dkt. No. 435 at 8. Notwithstanding that determination, the Court denied, without prejudice, Intervenors' request for permission to serve Mr. Kanelos with a subpoena

pursuant to 28 U.S.C. § 1783, "[i]n the absence of any evidence that other means of obtaining Kanelos's testimony are impracticable." *Id.* at 10 and n.2. Intervenors had not demonstrated that: (i) they had made "any efforts . . . to have Kanelos appear voluntarily for a deposition either in the foreign country where he is located or, if a deposition is not practicable there, at a nearby location;" and (ii) that seeking discovery from Mr. Kanelos pursuant to the Hague Evidence Convention would extend beyond the close of discovery in this matter. *See id.* In their renewed request for a subpoena pursuant to 28 U.S.C. § 1783, Intervenors proffer evidence in the form of attorney declarations of their inability to secure Mr. Kanelos's voluntary participation in discovery despite their best efforts, *see* Dkt. Nos. 460, 461, and the opinion of Greek counsel that serving a subpoena pursuant to the Hague Convention in Greece, which, while difficult to predict likely takes in his experience at least six months, in contrast to serving a subpoena issued under 28 U.S.C. § 1783, which could occur promptly upon issuance, via a Greek certified bailiff, *id.* In addition, Intervenors represent that the deposition may be taken remotely without Mr. Kanelos having to travel to the United States. Dkt. No. 460-5 at ECF 2; Dkt. No. 459 at 2. Accordingly, the Court is satisfied that the deficiencies identified by the Court in the June 20, 2025 order denying the previous Section 1783 application have been rectified.

As to substance, Request 3 of the proposed subpoena seeks "All Documents and Communications concerning any communications, discussions, or meetings of any kind with Murchinson, Murchinson Affiliates, or Murchinson Counsel." Dkt. No. 460-5 at ECF 16. That request goes beyond the bounds of the discovery the Court has permitted in this case. To the extent that any such communications relate to issues the Court has deemed relevant, i.e., whether Mr. Kanelos provided Murchinson with the withheld documents such that "Levona would have had independent access to the documents," Dkt. No. 435 at 8, that request is fully subsumed

within Request 1, which seeks "All Documents and Communications concerning any or all of the At-Issue Documents, including their creation and dissemination." Dkt. No. 460-5 at ECF 15. To the extent the request goes beyond that subject matter, it goes beyond the scope of discovery in this proceeding and therefore goes beyond what is "necessary in the interest of justice" for the purposes of 28 U.S.C. § 1783.

Accordingly, the Court grants Intervenors permission to issue the proposed subpoena to Peter Kanelos pursuant to 28 U.S.C. § 1783, striking Request 3. Peter Kanelos shall not be required to produce documents pursuant to Request 3.

The Clerk of Court is respectfully directed to close Dkt. No. 458.

SO ORDERED.

Dated: July 14, 2025
       New York, New York

_____
              LEWIS J. LIMAN
              United States District Judge