```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  7/14/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                          :

ELETSON HOLDINGS INC. and ELETSON      :
CORPORATION,                                  :
                                          :

                 Cross-Respondents,       :             23-cv-7331 (LJL)
                                          :

           -v-                              :                 ORDER
                                          :

LEVONA HOLDINGS LTD.,                    :
                                          :

                 Cross-Petitioner,         :

           and                            :

APARGO LIMITED, FENTALON             :
LIMITED, and DESIMUSCO TRADING      :
LIMITED,                                    :
                                          :

                 Intervenors.              :
                                          :
-----------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Intervenors Apargo Limited, Fentalon Limited, and Desimusco Trading Limited ("Intervenors") have renewed their motion for issuance of a letter rogatory to the Ontario Superior Court of Justice requesting international judicial assistance to compel discovery from Murchinson Ltd., a Canadian entity. Dkt. No. 467. Levona objected only to the second and third topics for deposition and document production. Dkt. No. 476.

On June 20, 2025, the Court found that Intervenors' request for a letter rogatory as to Murchinson would be proper, as not all of the proposed requests to Murchinson would be duplicative of those made to Levona. Dkt. No. 435 at 18–20. The Court found that "[t]he fact that the At-Issue Documents were not 'sent by or addressed to Murchinson' . . . does not mean that Murchinson employees, in their capacity as Murchinson employees, could not have had

communications with Peter Kanelos or internally regarding the At-Issue Documents." *Id.* at 19. Accordingly, "Intervenors have proffered a basis for a request to Murchinson to determine whether, apart from bankruptcy, it had access to the At-Issue Documents." *Id.* The Court indicated that it would sign a letter rogatory respecting Murchinson and the named individuals for Intervenors to discover "whether Murchinson received the At-Issue Documents or whether the proposals made in them were extended to Murchinson through other means." *Id.* at 20. In so ruling, the Court clarified that "the requests . . . must be limited to documents and communications regarding the At-Issue documents prior to July 3, 2024," and "must necessarily exclude those documents and communications relating to knowledge gained by Murchinson as a result of Pach Shemen's participation in the bankruptcy proceeding." *Id.* To effectuate that relief, the Order directed "[t]he parties [to] meet and confer on a revised Request consistent with the limitations set forth in this Memorandum and Order and provide that Request to the Court." *Id.*

Intervenors' renewed proposed letter of request regarding Murchinson proposes three topics for deposition and document production. The first seeks discovery concerning "Murchinson's awareness of the creation and/or substance of the modelling, analysis, and/or development of potential proposals for the buy-out of Murchinson's alleged interests and repayment of its loan reflected in the At-Issue Documents," and incorporates the Order's date limitation and bankruptcy-case limitation. *See* Dkt. No. 467-1 at ECF 5, 15. The first topic is within the scope of the Court's June 20, 2025 Order.

The second and third topics in Intervenors' proposed letter of request exceed the scope of the June 20 Order. Request 2 seeks discovery about documents and communications "received from, or transmitted to" Levona's counsel in the arbitration and in this proceeding, concerning

"the creation and/or substance of the modelling, analysis, and/or development of potential proposals for the buy-out of Murchinson's interests and repayment of its loan reflected in the At-Issue Documents prior to July 3, 2024." Dkt. No. 467-1 at ECF 6, 15.  To the extent that request seeks discovery permitted by the Order, it is denied as unnecessary because the relevant discovery is already called for by Request 1.  To the extent it sweeps more broadly by failing to exclude knowledge that may have been gained by virtue of Pach Shemen's participation in the bankruptcy, it is denied as exceeding what is permitted by the Order.

Request 3, which seeks discovery concerning documents and communications "received from, or transmitted to, Kanelos between June 1, 2022 and August 31, 2022," Dkt. No. 467-1 at ECF 6, 15, without any limitation, is also denied.  The June 20 Order stated that any requests to "Murchinson must be limited to documents and communications regarding the At-Issue documents prior to July 3, 2024." Dkt. No. 435 at 20.  To the extent any such communications involved Kanelos, they are called for by Request 1; otherwise, they exceed the scope permitted by the Order and are denied.

Accordingly, the Court will issue a letter rogatory to the Ontario Superior Court of Justice requesting international judicial assistance to compel discovery from Murchinson Ltd. consistent with the proposed letter submitted by Intervenors, but limiting disposition testimony and document production to Request 1.

The Clerk of Court is respectfully directed to close Dkt. No. 467.

SO ORDERED.

Dated: July 14, 2025
    New York, New York                  LEWIS J. LIMAN
                                       United States District Judge