```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
ELETSON HOLDINGS INC. and ELETSON                                 :
CORPORATION,                                                      :
                                                                  :
                        Cross-Respondents,                        :    23-cv-7331 (LJL)
                                                                  :
             -v-                                                  :    MEMORANDUM &
                                                                  :        ORDER
LEVONA HOLDINGS LTD.,                                             :
                                                                  :
                        Cross-Petitioner,                         :
                                                                  :
             and                                                  :
                                                                  :
APARGO LIMITED, FENTALON                                          :
LIMITED, and DESIMUSCO TRADING                                    :
LIMITED,                                                          :
                                                                  :
                        Intervenors.                              :
                                                                  :
------------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Intervenors Apargo Limited, Fentalon Limited, and Desimusco Trading Limited ("Intervenors") move to compel the production of documents by Cross-Petitioner Levona Holdings Ltd. ("Levona"). Dkt. No. 480. Levona opposes the motion. Dkt. No. 491. For the reasons that follow, the motion to compel is denied.

First, Levona is correct that Intervenors' motion must be denied at the threshold for failure to "specify and quote or set forth verbatim . . . each discovery request and response to which . . . [it] is addressed" and "the grounds on which the moving party is entitled to prevail for each request or response," as required by Local Civil Rule 37.1. The Court should not be made to guess about which specific document requests are at issue.

Second, Levona's substantive objections have merit.

Intervenors' continued drumbeat that they are entitled to demand from Levona any document held by Murchinson on the basis of Justice Belen's finding that Levona, Murchinson, and Pach Shemen are one another's alter egos is unavailing. As Levona points out, the Court vacated that portion of Justice Belen's Final Award. *See* Dkt. No. 104 at 78–83, 123. It is undisputed that Levona is a subsidiary of investment funds subadvised by Murchinson— Murchinson conducts business that is entirely separate and apart from Levona's corporate purpose, i.e., to acquire and hold the preferred shares of Gas. *See* Dkt. No. 435 at 11, 18. It is for that very reason that the Court held, in its June 20, 2025 Order, that a letter of request propounded on Murchinson would not be duplicative of discovery propounded on Levona, *id.* at 18–20, and granted the issuance of a letter of request on Murchinson, appropriately tailored in response to the Court's June 20 Order, on July 14, 2025, Dkt. No. 494.

Given that corporate separateness, the process which counsel for Levona and Murchinson undertook to segregate non-Levona documents from Levona's document production is reasonable. Intervenors had the opportunity to take issue with the specific search terms used by Levona at to identify responsive documents amongst the universe of all Levona documents partitioned by Murchinson—they have not done so. The suggestion that they were entitled to all Levona documents, unfiltered by negotiated search terms, is unavailing. Levona has shown that the burden of production is far disproportionate to the likely relevance of any documents otherwise in the possession of Murchinson that would not already have been produced by Levona.

Intervenors have not demonstrated that Eliyahu Hassett and Joshua Fenttiman should be added as document discovery custodians. Levona avers, and Intervenors do not dispute, that Hassett and Fenttiman were merely pro forma board members of Eletson Gas with "minimal" or

"limited" work relating to Levona. Dkt. No. 491 at 2 ("The only Levona personnel or representatives who performed significant and substantive work for Levona are Messrs. Spears and Lichtenstein, who have managed Levona's investment in Eletson Gas and the resulting arbitrations and litigations on a day-to-day basis from the outset and would have received any board materials sent to Hassett or Fenttiman.").

Levona has demonstrated that Intervenors' proposed date range of January 1, 2022 to May 15, 2025 is disproportionate in the circumstances. In October 2024, prior to the reorganization, Reed Smith, former counsel to Eletson Holdings, agreed to a date range of June 1, 2022–July 3, 2024 for Levona's document production in this case. Dkt. No. 491 at 3. When Intervenors served their own requests on May 15, 2025, largely replicating the requests already made by Reed Smith, Levona indicated that it would use the prior agreed-upon date range, having already engaged in substantial document collection based on the prior requests. *Id.* The additional burden of expanding the date range at this late stage in the discovery schedule is not justified by the potential for uncovering relevant documents, given that Levona's documents from the period of January 1 and June 1, 2022 are unlikely to bear on Levona's argument for equitable tolling and whether the at-issue documents were fraudulently withheld because the at-issue documents did not yet exist. Further, documents from that time period that bore on whether and how the purchase option was exercised would have been responsive to discovery in the arbitration, and there has been no allegation that Levona's document production in arbitration was incomplete. Just weeks before the close of fact discovery, Intervenors have not justified expanding the time range beyond that which was originally agreed to by Reed Smith in October when it represented the same parties in interest.

The Clerk of Court is respectfully directed to close Dkt. No. 480.

SO ORDERED.

Dated: July 14, 2025
New York, New York

_____
LEWIS J. LIMAN
United States District Judge