GT GreenbergTraurig

Hal S. Shaftel, Esq.
Tel 212.801.2164
Fax 212.805.9464
shaftelh@gtlaw.com

July 15, 2025

**Via ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

Re:     *Eletson Holdings, Inc., et al. v. Levona Holdings Ltd.,* **Civil No. 23-cv-7331 (LJL)**

Dear Judge Liman:

On behalf of Intervenors, we seek an order providing for their depositions, which involve three individuals located in Athens, Greece, who plan to appear in both individual and Fed. R. Civ. P. 30(b)(6) representative capacities, to proceed either by remote means or, at the option of Levona, in person in Greece.[1]  Contrary to Levona's pending application to compel travel to New York (ECF 501), no basis exists to require these witnesses, as Levona has purported to do by its notices, to travel from Greece to appear here for depositions. Indeed, Levona never raised the prospect of witness travel from Greece until it served deposition notices on July 3, 2025. Since then, the parties have met and conferred several times, during which Intervenors made plain their position, consistent with clear governing law, for the depositions of witnesses for both sides (including witnesses in Canada on the Levona side) to proceed remotely or in person at a location proximate to where the witnesses respectively reside/work.

Based on well-settled precedent and principles, there is a strong presumption that the deposition of a party, particularly one who did not have discretion over the forum, should proceed where the witness resides or works; here, each of Intervenors' affiliated witnesses reside in Greece. *City of Almaty, Kazakhstan v Ablyazov*, 2017 WL 11699076, at *3 (S.D.N.Y. June 16, 2017) (an "individual defendant's preference for a situs for his or her deposition near his or her place of residence—as opposed to the judicial district in which the action is being litigated—is typically respected.") (quoting *In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 471 (E.D. Va. May 4,2010)); *Sec. and Exch. Commn. v. Aly*, 320 F.R.D. 116, 118 (S.D.N.Y. 2017) ("there is a rebuttable presumption that, absent special circumstances, the deposition of a defendant will be held where the defendant resides.").[2] A party with intervenor status benefits from the exact same presumption

---

[1] The prospective witnesses are Laskarina Karastamati individually and as the 30(b)(6) witness for Fentalon on July 25, 2025; Vasilis Hadjieleftheriadis individually and as the 30(b)(6) witness for Desimusco on July 29, 2025; and Vassilis Kertsikoff individually and as the 30(b)(6) witness for Apargo on July 30, 2025.

[2] As explained in an article by lawyers from the firm representing Levona, depositions of a defendant corporation and its representatives presumptively occur near where the corporation is located or where the witness works or

The Honorable Lewis J. Liman
Page 2

in favor of appearing for depositions proximate to its residence/workplace. *Estate of Goldberg v. Goss-Jewett Co.* 2016 U.S. Dist. LEXIS 190579 (C.D. Cal. Feb. 22, 2016) (granting motion for protective order allowing intervenors to be deposed in a "location within the city that is the principal place of business for [each] company" instead of traveling as plaintiff demanded). The same rule also applies whether the deposition is of a corporate representative or an officer or director in a personal role. *See Snow Becker Krauss P.C. v Proyectos E Instalaciones De Desalacion, S.A.*, 1992 WL 395598, at *2-3 (S.D.N.Y. Dec. 11, 1992) (granting protective order, invoking "Court's discretionary power to protect Defendants from the burden of producing employees for deposition in New York" when located in Spain.)

Further, there is no prejudice to Levona; it can travel to Greece if it genuinely wants in-person testimony or, alternatively, it can take the depositions by remote means. Courts clearly have authority to require depositions to proceed remotely, which of course is a common procedure. *See Packard et al v. City of New York*, 326 F.R.D. 66, 68 (S.D.N.Y. 2018) ("[h]olding a deposition by videoconference is frequently a preferred solution to mitigate the burden of a deposition location inconvenient to one or both sides;" and "[a]ny prejudice to the City of holding a deposition by videoconference seems to the Court to be minimal, since the City will be able to observe [party's] demeanor through the video connection.") (citations omitted) (permitting remote deposition of a party); s*ee also S.E.C. v. Aly*, 320 F.R.D. 116, 119 (S.D.N.Y 2021) ("'[p]arties routinely conduct depositions via videoconference, and courts encourage the same, because doing so minimizes travel costs and permits the jury to make credibility evaluations not available when a transcript is read by another.'") *citing Gee v. Suntrust Mortg., Inc.*, 2011 WL 5597124, at *2 (N.D. Cal. Nov. 15, 2011). For observation of demeanor, a video recording provides the same image whether the witness is located in Greece or New York. As courts also have found, "claimed technical and logistical challenges" provide no genuine grounds for requiring in person depositions. *Aly* at 320 F.R.D. 116 at *119.

In support of its argument to force witnesses to travel internationally (ECF 501), Levona misplaces reliance on readily distinguishable authority. Notably, it cites cases unrelated to witnesses even being asked to travel from out of state, let alone from a different country. *Winfield v. City of New York*, 2018 WL 840085, at *11 (S.D.N.Y. Feb. 12, 2018) (in contrast to here, the court considered "the appropriate standard under which to evaluate the situs of a corporate deposition *when all parties reside in the same forum*" (*i.e.*, New York) and ruled on whether the noticing party can select the *office* within New York to conduct the examination) (emphasis added); *Pruco Life Ins. Co. v. California Energy Dev. Inc.*, 2021 WL 5043289, at *3 (S.D. Cal. Oct. 29, 2021) (outside District decision involving travel solely within California). In addition, two of the cases involve the unrelated issue of remote deposition for medical issues. *See Kiss v. Kenny, 2025* WL 1532744, at *2 (S.D.N.Y. May 29, 2025) (denying request for remote deposition because of anxiety); *Stapleton v. Prince Carpentry, Inc.*, 2023 WL 1785547, at *1 (E.D.N.Y. Feb. 6, 2023) (denying request for remote deposition because of concerns regarding COVID-19). Unlike *Kiss* and *Stapleton*, the issue is not whether Levona can conduct, if it chooses, in-person examinations; rather, it is the distinct issue of where – which raises different presumptions and factors.

---

resides. *See https://www.quinnemanuel.com/the-firm/publications/article-june-2019-where-the-federal-rules-don-t-tread-depositions-in-distant-locations/.*

The Honorable Lewis J. Liman
Page 3

While Intervenors' affiliated witnesses, for the avoidance of any doubt, do not object to appearing for deposition consistent with the law and presumption in favor of proceeding where they reside/work, it bears note none are directors or officers of Intervenors.  As a jurisdictional matter, they accordingly cannot be compelled to travel from Greece to New York. *See E,g*., *Schindler El. Corp. v. Otis El. Co.,* 2007 U.S. Dist. LEXIS 44200, at *5 (S.D.N.Y. June 15, 2007) ("A corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice."); *id* at *6 ("such an employee is treated as any other non-party witness, and must be subpoenaed pursuant to Rule 45 of the Federal Rules of Civil Procedure; or, if the witness is oversees, the procedures of the Hague Convention or other applicable treat must be utilized."); *Boss Mfg. Co. v. Hugo Boss AG,* 1999 U.S. Dist. LEXIS 133 at *2-3 (S.D.N.Y. Jan 13, 1999) ("Employees of a corporate party not subject to notice deposition should be deposed where they work.").

Each of the prospective deponents has daily business responsibilities in Greece for which travel presents serious burdens and complications. That is particularly so, since the request for international travel only was noticed on July 3.  "[T]here is insufficient basis to conclude that the individuals . . . whom [Intervenors] will produce for deposition travel frequently" to New York. *See Snow Becker* at *8. Given the tight time frames for discovery in the case, travel also is highly inefficient and prejudicial as it consumes significant time and creates jet lag issues (particularly across time zones as with Greece) at the expense of the proper preparation to which witnesses are entitled.

Applying the law to these circumstances, depositions of party witnesses for both sides, including Intervenors' witnesses located in Greece, should proceed in the jurisdictions where the witnesses are respectively located (including by remote means at the noticing party's option).  To require otherwise would be highly burdensome and disruptive without any serious justification. Accordingly, a protective order pursuant to Fed. R. Civ. P. 26(c) is justified against requiring witnesses to travel from outside the U.S. for depositions in New York. *Snow Becker* at *3 ("Defendants have fulfilled their burden of demonstrating "good cause" as required by Fed. R. Civ. P. 26(c) merely by objecting to the burden and expense of transporting their designated employees to New York for the purpose of taking depositions.")

Respectfully,

*/s/ Hal S. Shaftel*

Hal S. Shaftel


cc:          Counsel of Record (via ECF)