```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
ELETSON HOLDINGS INC. and ELETSON                                :
CORPORATION,                                                     :
                                                                 :
                        Cross-Respondents,                       :    23-cv-7331 (LJL)
                                                                 :
        -v-                                                      :    MEMORANDUM AND
                                                                 :         ORDER
LEVONA HOLDINGS LTD.,                                            :
                                                                 :
                        Cross-Petitioner,                        :
                                                                 :
        and                                                      :
                                                                 :
APARGO LIMITED, FENTALON                                         :
LIMITED, and DESIMUSCO TRADING                                   :
LIMITED,                                                         :
                                                                 :
                        Intervenors.                             :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/16/2025

LEWIS J. LIMAN, United States District Judge:

Cross-Petitioner Levona Holdings Ltd. ("Levona") moves to compel the depositions of Intervenors Apargo Limited, Fentalon Limited, and Desimusco Trading Limited ("Intervenors"), and their principals, Vassilis Kertsikoff, Vasilis Hadjieleftheriadis, and Laskarina Karastamati at the offices of Levona's counsel in New York, New York. Dkt. No. 501. On July 2, 2025, Levona noticed the depositions of Intervenors and their principals for July 25, 2024, July 29, 2024, and July 30, 2024. Dkt. Nos. 501-1 through 501-6. The parties have agreed that the Rule 30(b)(6) depositions of the Intervenors and the Rule 30(b)(1) depositions of the principals will be combined for a total of three depositions. Dkt. No. 501 at 1. On July 10, 2025, however, Intervenors asserted that all of the depositions should take place remotely from Greece rather than in New York. *Id.* The motion to compel is supported by Petitioner Eletson Holdings Inc. Dkt. No. 501 at 1 n.1. Intervenors oppose the motion. Dkt. No. 502. For the reasons that

follow, the motion is granted and Intervenors and the identified principals are ordered to appear for their depositions at the locations noticed in New York.

"A district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012), *aff'd sub nom. Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134 (2014) (citation omitted). "The general rule regarding the location of a deposition is that the 'party noticing the deposition usually has the right to choose the location.'" *United States v. M/Y Amadea*, 2024 WL 4799887, at *4 (S.D.N.Y. Nov. 15, 2024) (quoting *Buzzeo v. Bd. of Educ., Hempstead*, 178 F.R.D. 390, 392 (E.D.N.Y. 1998)). Absent exceptional circumstances, a plaintiff will be subject to deposition in the forum district because "the plaintiff selected the forum and thus has consented to participating in proceedings there." *City of Almaty, Kazakhstan v. Ablyazov*, 2017 WL 11699076, at *3 (S.D.N.Y. June 16, 2017); *see Cerco Bridge Loans 6 LLC v. Schenker*, 2024 WL 4165128, at *1 (S.D.N.Y. July 16, 2024) ("Courts in this District have 'long enunciated the policy of requiring a . . . plaintiff who chooses this district as his forum to appear for deposition in this forum absent compelling circumstances.'") (quoting *MPD Accessories B.V. v. Target Corp.*, 2013 WL 1200359, at *1 (S.D.N.Y. 2013)). The defendant, who has not selected the forum, is ordinarily deposed in the district of his residence, particularly when that residence is in the United States—except when the defendant has invoked the jurisdiction of the court by asserting permissive counterclaims. *See City of Almaty*, 2017 WL 11699076, at *3; Moore's Federal Practice § 30.20[1][b[ii] (3d ed. 2024). "[A] foreign corporation's agents are frequently compelled to appear for depositions in the United States, particularly when the foreign corporation is doing business in the United States and is subject to the court's jurisdiction." *Id.*[1]

---

[1] "Factors considered by courts in determining the location of a defendant's deposition include:

Rule 30(b)(4) provides that a court on motion may order that a deposition be taken "by telephone or other remote means." Fed. R. Civ. P. 30(b)(4).[1]  Local Civil Rule 30.2 provides that "[t]he motion of a party to take the deposition of an adverse party by telephone or other remote means will presumptively be granted."  Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Rule 30.2.

Levona has offered compelling reasons why the depositions should be taken in person and in New York, and Intervenors have offered no good cause for why they should be taken remotely from Greece.  The three witnesses whose depositions Levona has noticed are among the key witnesses in the case.  As the principals and representatives of the entities purportedly designated by Eletson Gas to receive Levona's shares in that entity, they are particularly well-positioned to testify both as to whether the option was in fact exercised and whether they were in fact designated to receive the shares.  There are few, if any, more critical witnesses.  A remote deposition is no substitute for an in-person deposition in this case.  "[D]istrict courts have continued to recognize that there is nothing extraordinary or inappropriate about seeking to take a deposition in person, particularly for a key witness." *M/Y Amadea*, 2024 WL 4799887, at *5. Intervenors argue that "[f]or observation of demeanor, a video recording provides the same image whether the witness is located in Greece or New York." Dkt. No. 502 at 2.  But, in terms of the truth-seeking function of a deposition, a remote video deposition is not a substitute for the in-person, face-to-face confrontation between adversaries.  *See Charr v. King*, 2023 WL

---

the location of counsel for the parties, the number of corporate representatives to be deposed, the likelihood of significant discovery disputes and the Court's ability to resolve those disputes, whether the persons to be deposed often travel for business purposes, a balancing of the equities, issues of comity/Federal Rule of Civil Procedure 28(b), the relative costs of the depositions, and criminal liability." *City of Almaty*, 2017 WL 11699076, at *3.

9792732, at *2 (S.D. Fla. Nov. 3, 2023) (noting that "[r]emote depositions preclude in-person confrontation"); *Tsien v. Bd. of Regents of Univ. Sys. of Georgia*, 2021 WL 6617307, at *3 (S.D. Ga. Nov. 12, 2021), *aff'd*, 2021 WL 6617308 (S.D. Ga. Dec. 20, 2021) (same). "Apart from credibility assessments, a remote deposition would also present logistical challenges. The opportunity for mischief arises when a deponent logs into a remote deposition without counsel or a court reporter physically present in the same room." *Tsien*, 2021 WL 6617307, at *3. An oath administered in the physical presence of the designated officer has an immediacy and gravity that may not be felt over the internet. *See* Fed. R. Civ. P. 30(b)(5)(A).

There is no reason why Levona should have to travel to Greece to take the depositions in person, even assuming that depositions could be taken in full compliance with Federal Rule of Civil Procedure 30 in Greece.[2] *See Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 551 (S.D.N.Y. 1989) ("Although less important than any hardship on the parties, the convenience of counsel should be taken into account."). It is undisputed that all three witnesses testified in and/or attended the New York arbitration and the bankruptcy proceedings in New York in person. Dkt. No. 501 at 2; *see, e.g.*, *In re Eletson Holdings Inc. et al.*, No. 23-10322 (Bankr. S.D.N.Y.), Bankr. Dkt. No. 1130 at 256; Bankr. Dkt. No. 556 at 2; Bankr. Dkt. No. 51-33 at 3; *see also Balk v. New York Institute of Technology*, 974 F.Supp.2d 147, 157–58 (E.D.N.Y. 2013) (holding that a key witness could be compelled to appear in the United States for a deposition

---

[2] The Court notes that voluntary depositions of Greek and third country nationals require prior permission from the Greek Central Authority for the Hague Evidence Convention. *See* U.S. Department of State, "Judicial Assistance Country Information: Greece," https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Greece.html#ExternalPopup (last visited July 16, 2025). Intervenors have made no showing that such permission has been sought or could readily be obtained.

4

because, *inter alia*, he had recently appeared in the United States for other litigation-related reasons).

Intervenors are not in the true position of a defendant forced to sit for a deposition in a jurisdiction into which they were involuntarily haled. They voluntarily inserted themselves into this case in New York in order to defend a sizable arbitration award. That award was granted them pursuant to an arbitration agreement that provided that disputes between the parties would be determined by arbitration in New York, New York. Dkt. No. 67-2 § 12.14(a). Levona thus did not unilaterally choose this forum. New York was chosen in the arbitration agreement to which Eletson, who allegedly designated Intervenors to receive the award, was party. Intervenors thus are in effect trying to have it both ways. They sought to benefit from the Court's offices when they, through Eletson, sought confirmation of the arbitral award. They now attempt to distance themselves from this venue when it is Levona that seeks to vacate the award in the only jurisdiction in which the award can be vacated under the Federal Arbitration Act. *See Zurich American Ins. Co. v. Team Tankers A.S.*, 811 F.3d 584, 588 (2d Cir. 2016) ("The award in this case having been rendered in the United States, available grounds for vacatur include all the express grounds for vacating an award under the FAA."); *Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71 (2d Cir. 2012) ("Because the Award . . . was entered in the United States, however, the domestic provisions of the FAA also apply, as is permitted by Articles V(1)(e) and V(2) of the New York Convention.").

Lead counsel for all parties in this case are located in New York. The history of this case strongly suggests that there will continue to be disputes for the Court to resolve related to the depositions of the three principals, disputes which would be extraordinarily difficult for the Court to resolve as a logistical matter if the depositions took place in Greece.

Levona's witnesses, who reside in Canada, have agreed to travel to New York to be deposed. Dkt. No. 501 at 2. There is no reason why Intervenors and their principals, who are involved in an international shipping business and who can and have travelled for business, cannot also travel to New York to be deposed.

Levona's motion to compel is GRANTED. The Clerk of Court is respectfully directed to close Dkt. No. 501.

SO ORDERED.

Dated: July 16, 2025
      New York, New York

                                                          LEWIS J. LIMAN
                                           United States District Judge