**GT GreenbergTraurig**

Hal S. Shaftel, Esq.
Tel 212.801.2164
Fax 212.805.9464
shaftelh@gtlaw.com

July 18, 2025

**Via ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

Re:   *Eletson Holdings, Inc., et al. v. Levona Holdings Ltd.,* **Civil No. 23-cv-7331 (LJL)**

Dear Judge Liman:

In accordance with the Court's Individual Rules 1(D) and 3(A), as well as Federal Rule of Civil Procedure 16(b)(4), Intervenors submit this letter motion seeking a modest, 15-day extension to the Case Management Plan and Scheduling Order ("CMO"). ECF 371. The CMO, which was adopted shortly after Intervenors' intervention, provided for two and a half months of discovery. In what indisputably is a vigorously litigated matter, Intervenors have not merely been diligent, but immersed, in discovery and other aspects of the litigation. As the Court is aware, since May 9, 2025 (when intervention was granted), there have been 162 docket entries. Even so, too much party and non-party discovery, including international discovery, is outstanding to reasonably, responsibly squeeze into the remaining 12 days before the July 30 discovery close. As the Court stated at the May 21 hearing: "it's not my intent to create an artificial basis for cutting off discovery" (May 21 Tr. 48:2-3); and that "[m]y order always is subject to an exception for a good cause." *Id.* 47:16-17. Referring to discovery it wanted, Levona also "imagine[d] a scenario in which we would believe it would be appropriate to have a short extension." *Id.* 9:19-21.

Under the circumstances, the requested extension is necessary to fairly develop the relevant record. Not only will Intervenors face "a substantial risk of unfairness" (*Furry Puppet Studio Inc. v. Fall Out Boy,* 2020 WL 4978080 at *1 (S.D.N.Y. Feb 24, 2020), *citing* 3 J. Moore, Moore's Federal Practice § 16.14[1][b] (3d ed. 2019)), absent an adjustment, but the other parties face no genuine prejudice—particularly given the anti-suit injunction, which was granted to avoid incentivizing a "race to judgment" with a parallel proceeding. *See* ECF 413 at 42. Below we summarize (a) the significant work to be completed despite Intervenors' diligence; and (b) some (not all) of the substantial efforts made to date to actively litigate this matter:

**Pending Discovery**:
- While neither side has taken any depositions to date as document productions have been proceeding, the parties currently have noticed for the last *nine* days of July at least *eleven* party and non-party depositions (combining 30(b)(6) and individual witnesses where applicable). In addition, on July 10, Levona requested to depose Marina Orfanoudaki, who is named on

The Honorable Lewis J. Liman
Page 2

- certain of the At-Issue Documents and evidently played a role with Peter Kanleos in their creation. While not subject to deposition notice, she is available (in Greece, including by remote means) on August 5. We also understand there is the prospect of a deposition of Castalia Advisors, which produced documents. Another issue is scheduling the deposition of Levona's Joshua Fenttiman, who was noticed for July 31 (Levona objected) given the crowded calendar. Following the Court's order (ECF 505) requiring Intervenors' witnesses to appear in New York, they are separately evaluating certain logistical issues potentially to raise promptly with the Court.
- Pursuant to the Court's Order of July 14 (ECF 494), Letters Rogatory for non-party Murchinson, Ltd. in Canada were issued on July 15, and Intervenors are working with Canadian counsel to serve the Letters Rogatory on Murchinson. Because Murchinson's counsel refused to accept service of Intervenors' discovery requests, Intervenors must pursue a formal, cumbersome process with the court in Ontario to effectuate service. Canadian counsel states it is difficult to predict how long the Canadian court process will take. That said, there is a clear risk that absent Murchinson's cooperation (which it has not provided) additional time beyond Intervenors present request will be required for that aspect of discovery.
- Pursuant to the Court's Order of July 14 (ECF 493), permitting Intervenors to serve a subpoena on Peter Kanelos, Intervenors, working with Greek counsel, understand that the official bailiff already has served Mr. Kanelos in Greece. Intervenors are now working to obtain discovery from and schedule a specific deposition date with Mr. Kanelos.
- Intervenors filed a letter motion to compel production of documents from Quinn Emanuel on July 8 (ECF 482), which remains pending. Further, Quinn Emanuel informed Intervenors on the evening of July 16 that it objects to appearing for its noticed deposition for the same reasons it has not produced documents subject to the pending motion. That position if it stands will require additional motion practice and disrupt the date noticed for deposition. Other non-party discovery also is ongoing.
- Levona, without first discussing the terms with Intervenors, requested that Intervenors run 13 pages of search terms, which, when run as Levona insisted, generated over 62,000 hits. The parties then had to negotiate significantly revised terms, and Intervenors are reviewing the documents hitting on those terms, anticipating completing production on July 21.
- Levona's document productions—discussed below—include metadata that is deficient per the ESI Stipulation and Order (ECF 398), which Intervenors have asked Levona to remedy. On July 16, Levona replied that they were still "investigat[ing] and [would] follow up" at some unspecified time.

**Non-Exhaustive Summary of Prior Litigation Activities**:

Since intervening in early May, Intervenors have diligently produced documents, making their first production on May 20, eleven days after being granted leave to intervene. (Presently, as noted above, Intervenors are applying recently-negotiated terms with Levona and anticipate completing that production shortly.) While Levona has made multiple document productions, until July 9, Levona had produced just under 200 documents. Then, on the evening of July 9, Levona produced 881 documents (with over 13,000 pages); on July 11, they produced 201 documents (with over 1400 pages); and July 16, they produced additional 79 documents (with over 1300 pages).

There also have been productions of documents in this proceeding from Castalia Advisors; Dechert; Odinbrook Global Advisors; Quinn Emanuel; Reed Smith, Eletson—which produced

The Honorable Lewis J. Liman
Page 3

over 7,000 documents, the bulk of which (over 35,000 pages), were produced on July 3, and Pach Shemen, which made its first production of 103 documents (over 5,000 pages) on the evening of July 16. Multiple discovery issues involving Reed Smith also have been the subject of extensive (and still ongoing) motion practice. In addition, Intervenors subpoenaed Togut, Segal, which represented Pach Shemen in the Bankruptcy Case, and have been informed that its discovery remains forthcoming.

As another time focus, the parties litigated the anti-suit injunction motion, filing, collectively, over 192 pages of briefing counting exhibits (ECF 361, 362, 363, 392, 393 397). The parties participated in a hearing on May 30. Pursuant to the Court's Order (ECF 407), steps then were taken to dismiss confirmation proceedings pending in Greece and England. *See* ECF 418, 419, 421, 422, 426. Relatedly, 14 letters then were submitted to the Court, including from non-parties, and associated Orders regarding the Section 32 proceeding pending in England. *See* ECF 426, 427, 428, 431, 432, 433, 439, 440, 441, 442, 443, 444, 451 and 452.

\*     \*     \*

This is Intervenors' first request seeking an adjournment or extension of time of the dates in the CMO adopted after intervention.[1] The current and proposed (in bold) deadlines are set forth below:

| | |
|---|---|
| Requests to Admit: | July 21, 2025 (**August 5, 2025**) |
| Completion of fact discovery/depositions: | July 30, 2025 (**August 14, 2025**) |
| Motion for summary judgment: | August 13, 2025 (**August 28, 2025**) |
| Opposition to summary judgment: | August 27, 2025 (**September 11, 2025**) |
| Reply to summary judgment: | September 8, 2025 (**September 23, 2025**) |

Intervenors met and conferred with Levona and Reorganized Eletson regarding their proposed extension. Claiming prejudice, they do not agree to an extension of time for discovery. Intervenors, for their part, would certainly be prejudiced absent the extension. Pursuant to the Court's Orders (ECF 493, 494), discovery from Kanelos and Murchinson is critical. It would materially prejudice the discovery process to not have sufficient time to obtain that discovery. Even apart from that discovery, the squeezing and multi-tracking of so many depositions by both sides in the last nine days of July unnecessarily hinders orderly, reasonable factual development, as, among other things, preparation time for witnesses is impaired. It is our hope and expectation that counsel will rationalize the deposition schedule with two added weeks.

In a case pending for 23 months, Intervenors respectfully submit that a 15-day extension to the deadlines would not be prejudicial to anyone or excessive; indeed, the opposite is true. This is particularly so as the Court already enjoined Intervenors from pursuing parallel litigation (*see* ECF 413) as a means to safeguard the primacy of this proceeding, thereby negating any claimed prejudice to Levona/Reorganized Eletson. Rather, the requested extension would facilitate responsible, orderly discovery. Intervenors therefore respectfully request that the Court grant an additional 15 days to complete discovery, subject, for good cause, to further extension depending on the status of international discovery out of Intervenors' hands.

---

[1] The parties do not currently have a hearing scheduled before the Court. A revised CMO is attached hereto as Exhibit A.

        Respectfully,

        */s/ Hal S. Shaftel*

        Hal S. Shaftel

cc:  Counsel of Record (via ECF)