```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/24/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
ELETSON HOLDINGS INC. and ELETSON                                 :
CORPORATION,                                                      :
                                                                  :
                           Cross-Respondents,                     :   23-cv-7331 (LJL)
                                                                  :
           -v-                                                    :   MEMORANDUM &
                                                                  :   ORDER
LEVONA HOLDINGS LTD.,                                             :
                                                                  :
                           Cross-Petitioner,                      :
                                                                  :
           and                                                    :
                                                                  :
APARGO LIMITED, FENTALON                                          :
LIMITED, and DESIMUSCO TRADING                                    :
LIMITED,                                                          :
                                                                  :
                           Intervenors.                           :
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Intervenors Apargo Limited, Fentalon Limited, and Desimusco Trading Limited ("Intervenors") move for reconsideration of the Court's order of July 16, 2025, Dkt. No. 505,[1] requiring Intervenor witnesses, Vassilis Kertsikoff, Laskarina Karastamati, and Vasilis Hadjieleftheriadis to appear for deposition in New York on July 25, July 29, and July 30, 2025, and for an order protecting them against being served with process in connection with other proceedings while they are in New York, Dkt. No. 508. Cross-Petitioner Levona Holdings Ltd. ("Levona") and Cross-Respondents Eletson Holdings Inc. ("Holdings") and Eletson Corp. ("Corp.") oppose the motions. Dkt. Nos. 522, 523. For the reasons that follow, the motion for reconsideration is denied and the motion for a protective order is denied.

---

[1] The Court's July 16 Order mistakenly states that the depositions were scheduled for July 2024. Dkt. No. 505 at 1. From context, it is clear the Court was referring to July 2025.

Intervenors first argue that the deposition of Ms. Karastamati be adjourned to the week of August 4, 2025 and that Mr. Hadjieleftheriadis be relieved from the requirement to appear in New York for deposition. Dkt. No. 508 at 2–3. Ms. Karastamati states that she assumed that the deposition would proceed in Greece and needs time to prepare for travel, "since no one else is capable of assuming my responsibilities on short notice." Dkt. No. 509 ¶ 6. Mr. Hadjieleftheriadis also states that he assumed that his deposition would take place in Greece and that, because he has non-delegable duties with respect to "multiple shipping-related entities," his departure for New York "would create great hardship on our operations and business affairs." Dkt. No. 510 ¶¶ 2,4, 6.

The Court construes Intervenors' application with respect to the dates and location of the depositions as a motion for reconsideration and denies it. The Court's July 16, 2025 Order resolved Levona's motion for an order compelling Intervenors and their principals to be deposed in New York on the dates noticed in July 2025. Dkt. No. 501. In opposition to that motion, Intervenors argued in part that they should be relieved of the responsibility to appear in New York for deposition on their noticed dates in July because "[e]ach . . . has daily business responsibilities in Greece for which travel presents serious burdens and complications." Dkt. No. 502 at 3. Intervenors also asserted that travel was "inefficient and prejudicial" because it "consume[d] significant time and create[d] jet lag issues." *Id.* Intervenors did not argue that Ms. Karastamati had a particular issue with respect to the July 25, 2025 date for which her deposition had been noticed. Nor did Intervenors argue that Mr. Hadjieleftheriadis had any particular business responsibilities that prevented him from traveling to New York.

"A motion for reconsideration should be granted only if the movant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a

2

clear error or prevent manifest injustice.'" *Spin Master Ltd. v. 158*, 2020 WL 5350541, at *1 (S.D.N.Y. Sept. 4, 2020) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)).  Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000).  "The standard for granting a motion for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the Court.'" *Justice v. City of New York*, 2015 WL 4523154, at *1 (E.D.N.Y. July 27, 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

Intervenors have not satisfied the standard for reconsideration.  The depositions of Ms. Karastamati and Mr. Hadjieleftheriadis were noticed on July 3, 2025, for New York, New York, or such other place as may be agreed by counsel.  Dkt. No. 501-1 at 2–3; 501-3 at 2–3.  They had no reason to assume that the deposition would take place in a location other than the location noticed.  Fed. R. Civ. P. 30(b)(1).  Neither points to evidence with respect to their ability to travel that did not exist on July 16, 2025, when they submitted their opposition to the motion to compel.[2]  If there were particular obstacles to their appearance in New York, they had the

---

[2] In any event, such evidence as is proffered in the witnesses' declarations is improper without leave of the Court.  *See* Local Rules of the U.S. District Courts for the Southern and Eastern Districts of N.Y., Rule 6.3 (in connection with a motion for reconsideration, "No party is to file an affidavit unless directed by the court"); *New York City Transit Auth. v. Express Scripts, Inc.*, 2022 WL 3577426, *2 (S.D.N.Y. Aug. 19, 2022), *objections overruled*, 2022 WL 20056027 (S.D.N.Y. Oct. 12, 2022) ("[Plaintiff] did not seek, and the Court did not grant, leave to file an affidavit in connection with [Defendant's] motion for reconsideration.  Accordingly, the Court declines to consider [the] declaration.").

3

opportunity to present them in opposition to the motion to compel. Even if Intervenors were entitled to a second bite at the apple, the Court would not reach a different conclusion. Ms. Karastamati and Mr. Hadjieleftheriadis each admit to having travelled to New York for the JAMS arbitration hearings. Dkt. No. 509 ¶ 2; Dkt. No. 510 ¶ 2. They offer no persuasive reason why they cannot rearrange their schedules to attend a one-day deposition in the same city. The motion to change the date and location of their depositions is accordingly denied.

Separately, Intervenors ask for a protective order precluding Eletson Holdings, Levona, "and/or any other affiliated persons or entities from serving warrants or any other legal papers on Intervenor witnesses when traveling to/from the U.S., or present here, for purposes of appearing for their respective depositions, or otherwise using their visits to New York for purposes other than obtaining testimony for this case." Dkt. No. 508 at 2. Both Ms. Karastamati and Mr. Hadjieleftheriadis have been subject to sanctions orders of the United States Bankruptcy Court for the Southern District of New York. Dkt. No. 509 ¶ 3; Dkt. No. 510 ¶ 8.

The Supreme Court has stated that as a general rule "suitors, as well as witnesses, coming from another state or jurisdiction, are exempt from the service of civil process while in attendance upon court, and during a reasonable time in coming and going." *Stewart v. Ramsay*, 242 U.S. 128, 129 (1916); *see Shapiro & Son Curtain Corp. v. Glass*, 348 F.2d 460, 461 (2d Cir. 1965). "The general rule . . . is founded, not upon the convenience of the individuals, but of the court itself." *Lamb v. Schmitt*, 285 U.S. 222, 225 (1932). "[I]t proceeds upon the ground that the due administration of justice requires that a court shall not permit interference with the progress of a cause pending before it, by the service of process in other suits, which would prevent, or the fear of which might tend to discourage, the voluntary attendance of those whose presence is necessary or convenient to the judicial administration in the pending litigation." *Id.* "The

4

purpose of the rule is to remove any inducement to the party or witness to avoid appearance." *Dwelle v. Allen*, 193 F. 546, 548 (S.D.N.Y. 1912) (L. Hand, J.).  Application of the rule is, accordingly, context-specific.  "Whether a grant of immunity actually furthers the 'necessities of judicial administration' spoken of in *Stewart v. Ramsay* varies considerably depending on whether the nonresident invoking the immunity is a plaintiff, defendant, witness, or attorney, whether his appearance is 'voluntary,' and whether the suit in which the immunity is being invoked is related to the litigation on behalf of which the nonresident has entered the jurisdiction." 4A C. Wright & A. Miller, Federal Practice and Procedure § 1076 (4th ed. 2025).  The Second Circuit has held, for example, that immunity was properly withheld when the first action (in which the party appeared) was an ancillary proceeding intended to make possible the second proceeding (in which the party was served) and both "involve[d] vindication of the same cluster of rights and interests." *McDonnell v. Am. Leduc Petroleums, Ltd.*, 456 F.2d 1170, 1180 (2d Cir. 1972); *see also Cabiri v. Assasie-Gyimah,* 921 F. Supp. 1189, 1194 (S.D.N.Y. 1996) ("*McDonnell* stands for the proposition that where there is a close relationship between the two actions, and both involve vindication of the same cluster of rights and interests, then immunity from service of process should be withheld").  The "Court has a significant amount of discretion in determining whether immunity should be extended to a nonresident party." *Viking Penguin, Inc. v. Janklow*, 98 F.R.D. 763, 766 (S.D.N.Y. 1983).

Intervenors have not shown their entitlement to a protective order.  Each of the three witnesses formerly served on the Board of Holdings, the debtor in the related Bankruptcy Proceeding.  *See In re Eletson Holdings Inc. et al.*, No. 23-10322 (Bankr. S.D.N.Y.); *see also Eletson Holdings Inv. v. Levona Holdings Ltd.*, 2025 WL 1558380, at *3 (S.D.N.Y. June 2, 2025).  Under their stewardship, Holdings voluntarily sought the protection and assistance of the

5

United States Bankruptcy Court for the Southern District of New York. *See* Bankr. Dkt. No. 215. It is as a result of their then-leadership of Holdings that the three witnesses are subject to the Bankruptcy Court's orders. It is further in Mr. Hadjieleftheriadis's role on the self-described "provisional" board of Holdings that he is subject to sanctions. Accordingly, it is dubious that the principles of *Stewart v. Ramsay* and *Lamb v. Schmitt*, would apply in this case or that an order granting them blanket immunity would do anything other than to further obstruct the interests of justice.

However, the Court need not reach that question. Intervenors do not cite a single case in which a court in one case grants immunity from service of process in another case. That is for good reason. If in fact Intervenors or their principals are served with process while they are in the United States, and if that service violates principles of immunity, the court in which to raise that issue is the court out of which process has issued. *See, e.g., Lamb*, 285 U.S. at 228 (upholding circuit court's reversal of *issuing court's* decision on motion to quash a subpoena); *Stewart*, 242 U.S. at 131 (upholding *issuing court's* decision on motion to quash a subpoena); *McDonnell*, 456 F.2d 1170 at 1180 (same); *In re Equitable Plan Company*, 277 F.2d 319, 321 (2d Cir. 1960) (Friendly, J.) (reversing *issuing court's* decision on motion to quash a subpoena); *Estate of Ungar v. Palestinian Authority*, 396 F.Supp.2d 376, 383 (S.D.N.Y. 2005) (*issuing court* in civil suit quashed subpoenas served upon an Egyptian national as a witness *in that civil suit* who was only in the district for his sentencing in an unrelated criminal matter). That is not this Court. At this stage, it is purely hypothetical whether the Intervenor Witnesses will be served and in what action they would be served. Intervenors have come to the wrong court at the wrong time.

The motion for reconsideration is DENIED.  The motion for a protective order is DENIED.

The Clerk of Court is respectfully directed to close Dkt. No. 508.

SO ORDERED.

Dated: July 24, 2025
      New York, New York

                                            LEWIS J. LIMAN
                                       United States District Judge