```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  9/2/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
ELETSON HOLDINGS INC. and ELETSON :
CORPORATION, :
:
                        Cross-Respondents, :     23-cv-7331 (LJL)
:
          -v- :     ORDER
:
LEVONA HOLDINGS LTD., :
:
                        Cross-Petitioner, :
:
         and :
:
APARGO LIMITED, FENTALON :
LIMITED, and DESIMUSCO TRADING :
LIMITED, :
:
                        Intervenors. :
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Intervenors Apargo Limited, Fentalon Limited, and Desimusco Trading Limited ("Intervenors") and Reed Smith LLP ("Reed Smith") seek continued sealing of certain documents filed by Eletson Holdings ("Holdings") and Levona Holdings Ltd. ("Levona") in connection with their respective memoranda in support of Levona's cross-petition to vacate the arbitral award. Dkt. Nos. 573–577.[1] Levona and Eletson oppose sealing. Dkt. Nos. 579, 580.

---

[1] Of the documents submitted in support of Eletson's memorandum, Reed Smith seeks to file redacted versions of Dkt. Nos. 556-4, 556-28, and retain under seal in their entirety Dkt. Nos. 556-5, 556-30, while Intervenors seek to file redacted versions of Dkt. Nos. 556-3, 556-4, 556-5, 556-28, 556-30. Of the documents submitted in support of Levona's memorandum, Reed Smith seeks to file redacted versions of Dkt. Nos. 551-53, 551-54, 551-55, 551-56, as well as Dkt. Nos. 551-23, 551-26, 551-31, 551-37 (the latter set being documents that the Court had previously ordered be filed with redactions, *see* Dkt. No. 141, before the change of ownership in bankruptcy). Intervenors seek to file redacted versions of Dkt. Nos. 551-1, 551-23, 551-26, 551-31, 551-34, 551-37, 551-53, 551-54, 551-55, 551-56.

There is a presumption of public access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); *Brown v. Maxwell*, 929 F.3d 41, 47–48 (2d Cir. 2019). A judicial document is a document "relevant to the performance of the judicial function and useful in the judicial process." *Brown*, 929 F.3d at 49 (quoting *U.S. v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). If a document is determined to be a judicial document, then the Court must assess the "weight of the presumption" of public access against any "countervailing interests." *Lugosch*, 435 F.3d at 119. "[I]n discussing the continuum along which the strength of the presumption will be measured, . . . where documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches." *Id.* at 121. In other words, "[t]he weight will be strongest when the documents will 'directly affect an adjudication' of the merits and weakest when they will 'play only a negligible role.'" *Pauwels v. Bank of N.Y.Mellon Corp.*, 2025 WL 41199, at *1 (S.D.N.Y. Jan. 7, 2025) (quoting *Lugosch*, 435 F.3d at 121). "[I]t is well-settled that 'documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches.'" *Brown*, 929 F.3d at 47 (quoting *Lugosch*, 435 F.3d at 121). "Under the law in this Circuit, a petition to confirm an arbitration is treated as a motion for summary judgment. . . The petition, much like a motion for summary judgment, results in a final adjudication of the rights as between the parties." *Eletson Holdings, Inc. v. Levona Holdings Ltd.*, 2023 WL 5956144, at *3 (S.D.N.Y. Sept. 13, 2023) (citing *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 109–10 (2d Cir. 2006)).

If a presumptive right of public access exists, "the proponent of [sealing] must establish through 'specific, on the record findings . . . that [sealing] is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Courthouse News Serv. v. Corsones*, 2025 WL

758028, at *4 (2d Cir. Mar. 11, 2025) (quoting *Press-Enterprise Co. v. Superior Court of California for Riverside County*, 478 U.S. 1, 13–14 (1986)). "Courts have . . . frequently held that protection of confidential commercial information and trade secrets may overcome the presumption of public access." *Adstra, LLC v. Kinesso, LLC*, 2025 WL 1002253, at *1 (S.D.N.Y. Mar. 31, 2025) (collecting cases). In determining whether such information is properly sealed, courts may look to whether "the information [is] still relevant to the business" and "the degree to which a party would be competitively harmed if [the information] were revealed." *Jackpocket, Inc. v. Lottomatrix NY LLC*, 2022 WL 17738779, at *2 (S.D.N.Y. Dec. 15, 2022) (quotation marks and citation omitted).

      To the extent that the documents that Reed Smith and Intervenors seek to redact or seal contain commercial or financial information, such information is stale, dating from years ago and before the Bankruptcy Court's order of confirmation which ordered a change of ownership of Eletson. To the extent that Intervenors and Reed Smith seek sealing of documents purportedly protected by the Bankruptcy Court's protective order, that order is not binding as to this Court's determination of whether documents submitted in connection with a petition to vacate and for summary judgment in this Court should be sealed. The Court has conducted an independent review under the *Lugosch* standards and determined the documents should be unsealed. Moreover, under the Bankruptcy Court's order, the "Producing Party" has the right to authorize the disclosure of documents protected by the protective order. *See* Bankr. Dkt. No. 37 at 6. Control of the "Producing Party" has now changed.

      Reed Smith identifies only a limited number of documents that allegedly contain privileged information: Dkt. Nos. 556-4, 556-5, and 556-30. One of those documents includes correspondence with attorneys other than Reed Smith. *See* Dkt. No. 556-5. The other two

contain or relay correspondence between Reed Smith and Eletson.  However, those documents were produced to Eletson pursuant to the Microsoft Order.  For reasons previously stated at Dkt. No. 571, neither Reed Smith nor Intervenors have a protected interest in those documents.  Furthermore, Levona, Intervenors' erstwhile adversary, already has access to those documents by virtue of the Court's order.  There is, accordingly, no justification in keeping their contents concealed from the public.

The following documents provisionally filed under seal in accordance with the Court's Individual Practices in Civil Cases, Rule 2(H), are ordered to be unsealed along with all attachments to each: Dkt. Nos. 549, 550, 551, 555, 556, 559, 557.

The Clerk of Court is respectfully directed to close Dkt. Nos. 548 and 554.

Dated: September 2, 2025  
      New York, New York

                                            LEWIS J. LIMAN  
                                     United States District Judge