```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
ELETSON HOLDINGS INC. et al,                                     :
                                                                 :
                               Plaintiff(s),                     :
                                                                 :        23-cv-7331 (LJL)
        -v-                                                      :
                                                                 :            ORDER
LEVONA HOLDINGS LTD.,                                            :
                                                                 :
                               Defendant.                        :
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

      Cross-Petitioner Levona Holdings, Ltd. ("Levona") moves, pursuant to Federal Rule of Civil Procedure 45(d)(2)(B), to compel the production of documents from third-party Reed Smith LLP ("Reed Smith") pursuant to the crime-fraud exception to attorney-client privilege or work product protection. Dkt. No. 446. Levona has submitted a memorandum of law in support of its motion and the declaration of counsel. Dkt. Nos. 447–449. Eletson Holdings Inc. and Eletson Corp. ("Eletson") join in Levona's motion to compel. Dkt. No. 492. Reed Smith has submitted a memorandum of law in opposition to the motion along with the declaration of Louis M. Solomon, Esq. Dkt. Nos. 484–486. On July 14, 2025, Levona submitted a reply memorandum of law and a declaration of counsel in further support of its motion. Dkt. Nos. 498–500. For the reasons that follow and subject to the conditions and limitations that follow, the motion to compel is GRANTED.

      Familiarity with the prior proceedings in this matter is presumed. As currently configured, this case involves a petition by Levona to vacate an arbitration award issued in favor of Eletson. Dkt. No. 125–136. The award found in favor of Eletson on its claims that it had

exercised an option for the purchase of the Preferred Shares in Eletson Gas and awarded those shares to purported nominees of Eletson. *See Eletson Holdings, Inc. v. Levona Holdings Ltd.*, 731 F. Supp. 3d 531, 560–61 (S.D.N.Y. 2024). The Court permitted the nominees to intervene for the limited purpose of to defending the arbitral award. *See Eletson Holdings, Inc. v. Levona Holdings Ltd.*, 2025 WL 1369730, at \*12 (S.D.N.Y. May 9, 2025).

Levona alleges that Eletson committed a fraud upon the arbitrator by improperly withholding documents that would have demonstrated that it did not exercise the option and that Levona retained ownership of the Preferred Shares. It also asserts that Eletson committed fraud on the arbitrator by asserting that the Intervenors had been nominated to receive the Preferred Shares.

The Court has conducted an *in camera* review of a sample of the challenged documents withheld under an assertion of privilege at the invitation of both Levona and Reed Smith.[1] Dkt. No. 588. It also permitted Reed Smith to submit *ex parte* explanations as to why the crime-fraud exception did not apply to each of the sample documents. *Id.*; *cf. In re Omnicom Grp., Inc. Sec. Litig.*, 2007 WL 2376170, at \*11 (S.D.N.Y. Aug. 10, 2007) (requiring defendants to provide an explanation of the evidence proffered by plaintiffs). The Court has proceeded with caution in light of the Second Circuit's instruction that the Court should tailor its proceedings to protect the property over which Reed Smith claims attorney-client privilege. Dkt. No. 450.

"The crime-fraud exception strips the privilege from attorney-client communications that

---

[1] *See* Dkt. No. 484 at 27 (Reed Smith inviting the Court to exercise its discretion and to "conduct an *in camera* review of a limited set of documents prior to ordering the production of any privileged documents" and noting that good cause existed for the exercise of such discretion); Dkt. No. 498 at 11 ("[I]f the Court wishes to conduct an *in camera* review, Levona is prepared to identify example documents for *in camera* submissions."); *see also* Dkt. No. 492 (Eletson suggesting that the Court review a selective sample of documents).

2

'relate to client communications in furtherance of contemplated or ongoing criminal or fraudulent conduct.'" *In re John Doe, Inc.*, 13 F.3d 633, 636 (2d Cir. 1994) (quoting *In re Grand Jury Subpoena Duces Tecum Dated September 15, 1983,* 731 F.2d 1032, 1038 (2d Cir.1984)). "A party seeking to invoke the crime-fraud exception must demonstrate that there is probable cause (1) 'that the client communication or attorney work product in question was *itself* in furtherance of the crime or fraud' and (2) 'to believe that the particular communication with counsel or attorney work product was intended in some way to facilitate or to conceal the criminal activity.'" *In re Grand Jury Subpoenas Dated Sept. 13, 2023*, 128 F.4th 127, 141–42 (2d Cir. 2025) (quoting *In re Richard Roe, Inc.*, 168 F.3d 69, 71 (2d Cir. 1999)). "A party wishing to invoke the crime-fraud exception must demonstrate that there is a factual basis for a showing of probable cause to believe that a fraud or crime has been committed and that the communications in question were in furtherance of the fraud or crime." *United States v. Jacobs*, 117 F.3d 82, 87 (2d Cir. 1997); *see Richards v. Kallish*, 2023 WL 8111831, at *10 (S.D.N.Y. Nov. 22, 2023) ("[A] party must establish a factual basis, supported with evidence, showing probable cause that a crime or fraud has been committed."); *Lively v. Wayfarer Studios LLC*, 2025 WL 1591282, at *1 (S.D.N.Y. June 5, 2025) (holding that crime-fraud exception was not established where no evidence was offered that a crime or fraud had been committed). "[T]he allegations in [a] complaint cannot suffice to establish probable cause to believe that a fraud was perpetrated." *Conopco, Inc. v. Wein*, 2007 WL 1859757, at *8 (S.D.N.Y. June 28, 2007). It is not sufficient that "privileged communications would provide an adversary with evidence of a crime or fraud . . . Instead, . . . the client communication or attorney work product in question [must] itself [be] in furtherance of the crime or fraud." *Richard Roe*, 68 F.3d at 40.

Levona has submitted evidence that provides probable cause that a fraud was committed

3

upon the arbitrator and in the arbitration. The Court previously held that "Levona has submitted substantial evidence that a fraud was committed by Eletson . . . including by withholding the Withheld Documents and critical evidence on a pivotal issue and by presenting perjured testimony." Dkt. No. 342 at 3; *see also* Dkt. No. 413 at 4 (finding that there was "evidence that tended to show that there was fraud that went to a pivotal issue in the arbitration proceeding"). The Court reaffirms and reiterates those findings here. There is strong evidence that Eletson understood and believed that it never exercised the option to acquire the Preferred Shares of Eletson Gas. There further is evidence that Eletson willfully and fraudulently concealed evidence from Levona that would have established that Eletson never exercised an option to acquire the Preferred Shares of Eletson Gas. There also is evidence that provides probable cause to believe that Eletson, under its prior management, contrived an after-the-fact and false story that the Intervenors had been nominated to receive the Preferred Shares of Eletson Gas in order to keep those shares remote from an involuntary bankruptcy proceeding that had been commenced against Eletson.

The Court has also determined that there is a reasonable basis to believe that certain of the documents that the Court has reviewed *ex parte* contain communications that were intended to facilitate or to conceal fraudulent activity. In particular, Document Nos. 7–9, 11, 13–15, 17–20, and 25 fall within the crime-fraud exception to the attorney-client privilege. There is a "reasonable basis" to believe that the objective of the communications was to further fraudulent conduct. *See Amusement Indus., Inc. v. Stern*, 293 F.R.D. 420, 426 (S.D.N.Y. 2013). These documents include communications regarding the drafting of an affidavit alleged to be false and misleading, responses to document production that were intended to be fraudulent and to conceal fraudulent conduct, a conversation among lawyers and client where testimony to be given and

4

that is alleged to be false was discussed, communications regarding the recitation of facts alleged to be false, and documents concerning the concealment of fraudulent conduct after the conclusion of the arbitration.

By contrast, Levona has not established that a reasonable basis exists to believe that Document Nos. 1–6, 10, 12, 16, 21–24, and 26–28 were in furtherance of a fraud. Certain of these documents are from the time period in July 2022 before there is any evidence of an intent to perpetuate fraud through the attorney-client relationship, while others relate to historical events without any indication that the communication was intended as part of an effort to commit fraud. Still others relate to the review of Levona's documents by Eletson or to issues irrelevant to the claim of fraud such as the question whether documents that had been produced in the arbitration could be used in the bankruptcy proceeding. Levona has not shown a basis for the application of the crime-fraud exception to these documents.

Reed Smith makes a number of arguments against the application of the crime-fraud exception. With the exception of its document-specific objections that the Court has reviewed *in camera*, none is persuasive. Reed Smith relies in part upon the findings of the arbitrator to suggest that no fraud occurred, Dkt. No. 484 at 6–7, but there is probable cause to believe that such findings themselves were induced by fraud. That is the very question raised by Levona's cross-petition. Reed Smith also argues that the Court should not reach a final determination on the merits in the course of deciding a discovery dispute. Dkt. No. 484 at 16–17. The Court is cognizant that Intervenors have not had an opportunity in connection with this motion to present all their evidence why fraud was *not* committed and why the award should not be vacated. The Court reiterates only that the evidence submitted to it establishes probable cause to believe that fraud was committed.

Reed Smith further argues that the law firm itself was not a knowing participant in fraud. *See* Dkt. No. 484 at 6 ("Reed Smith's arbitration team first became aware of one At-Issue Document on July 7, 2023"); *id.* at 19 ("Reed Smith UK did not even have the documents until June 2023").  The applicability of the crime-fraud exception does not depend upon whether counsel itself was culpable.  *See Chevron Corp. v. Donziger,* 2013 WL 1087236, *3 (S.D.N.Y. March 15, 2013) ("If probable cause exists as to the commission of a fraud or crime, it is not necessary to show also that a lawyer from whom otherwise privileged or protected documents may be sought was a culpable or knowing participant in the fraud or crime.") (citing cases). Even if Reed Smith was a victim of its client's fraud rather than complicit in it, the crime-fraud exception would apply if the communications at issue were in furtherance of the fraud.

Finally, Reed Smith (but not its clients) attempts to put its own positive spin on the Withheld Documents.  *See* Dkt. No. 484 at 18–20.  There is ample reason to question Reed Smith's interpretation.  That interpretation is not supported by any evidentiary submission and in some instances appears implausible on its face.  It argues, for example, that a withheld document from August 2022 (after the option supposedly was exercised), which on its face discusses obtaining a new investor to obtain funds "to use in negotiations with Murchinson for acquisition of preferred shares," is somehow consistent with the notion that Eletson already owned the preferred shares.  Dkt. No. 484 at 11.  The Court need not reach a conclusion as to whether the Withheld Documents support the interpretation given them by counsel.  "The fact that an innocent explanation may be consistent with the facts alleged does not negate probable cause" of fraud.  *A.I.A. Holdings v. Lehman Bros., Inc.*, 1999 WL 61442, *5 (S.D.N.Y. Feb. 3, 1999).

Levona also asks that the Court compel Reed Smith to produce all documents that fall into the following categories: (1) Eletson's document collection and production in the arbitration;

6

(2) the meaning or import of the Withheld Documents; (3) submissions in which Eletson's former principals, individually or through their counsel, made false representations regarding the content of the Withheld Documents; and (4) the purported exercise of the purchase option.  Dkt. No. 447 at 5.  It has submitted a 130-page privilege log listing 1,767 documents.  Dkt. No. 447 at 12–133.

The Second Circuit has held that "to properly override the privilege, a court must determine whether each communication at issue was made in furtherance of a crime or fraud." *Danisco A/S v. Novozymes A/S*, 427 F. Supp. 2d 443, 444–45 (S.D.N.Y. 2006) (Lynch, J.).  In addition, as noted, the Second Circuit in this case has instructed the Court to tailor its proceedings to protect the privileged property at issue.  *See* Dkt. No. 450.  Thus, to the extent that Levona asks that the Court issue a blanket order directing the production of all of the documents on the privilege log (except those from the sample the Court has found not to be subject to the crime-fraud exception), the motion is denied.

Levona and Reed Smith shall attempt to meet and confer with respect to a process regarding the review of the remainder of the documents, including whether the Court should retain a special master to review the documents at issue.  The Court will hold an in-person conference on October 9, 2025, at 12 p.m.  Levona and Reed Smith are invited to submit letter proposals on how to proceed three days in advance of the conference.  Reed Smith is ordered to turn over Document Nos. 7–9, 11, 13–15, 17–20, and 25 by Monday, September 22, 2025.

SO ORDERED.

Dated: September 19, 2025
      New York, New York

                                        LEWIS J. LIMAN
                                    United States District Judge