```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/03/3035
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
ELETSON HOLDINGS, INC. et al.,                                     :
                                                                   :
                                    Plaintiffs,                    :
                                                                   :        23-cv-7331 (LJL)
              -v-                                                  :
                                                                   :        ORDER
LEVONA HOLDINGS et al.,                                            :
                                                                   :
                                    Defendants.                    :
                                                                   :
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Levona asks the Court to review 150 documents *in camera* to determine whether the crime-fraud exception applies. Dkt. No. 631. The request is opposed by Reed Smith LLP. Dkt. No. 632.

"A blanket rule allowing *in camera* review as a tool for determining the applicability of the crime-fraud exception . . . would place the policy of protecting open and legitimate disclosure between attorneys and clients at undue risk." *United States v. Zolin*, 491 U.S. 554, 571 (1989). "Before engaging in *in camera* review to determine the applicability of the crime-fraud exception, 'the judge should require a showing of a factual basis adequate to support a good faith belief by a reasonable person,' that *in camera* review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies." *Id.* at 572 (quoting *Caldwell v. District Court,* 644 P.2d 26, 33 (Colo. 1982)); *see also United States v. Costanzo*, 2024 WL 2046053, at *3 (S.D.N.Y. May 8, 2024). As a first step, the party wishing to invoke the crime-fraud exception must make a factual showing that would "strike 'a prudent person' as constituting a 'reasonable basis to suspect the perpetration or attempted perpetration of a crime

or fraud, and that the communications were in furtherance thereof.'" *United States v. Jacobs*, 117 F.3d 82, 87 (2d Cir. 1997) (quoting *In re John Doe, Inc.*, 13 F.3d 633, 637 (2d Cir. 1994)). Once such a showing is made, "the decision whether to engage in *in camera* review rests in the sound discretion of the district court." *Zolin*, 491 U.S. at 572. "If the court finds that the crime-fraud exception is applicable, it 'does not extend to all communications made in the course of the attorney-client relationship, but rather is limited to those communications and documents in furtherance of the contemplated or ongoing criminal or fraudulent conduct.'" *Amusement Indus., Inc. v. Stern*, 293 F.R.D. 420, 427 (S.D.N.Y. 2013) (quoting *In re Grand Jury Subpoena,* 419 F.3d 329, 343 (5th Cir.2005)).

The Court has reviewed Levona's log of 150 documents. Dkt. No. 631-1. Levona has made a sufficient showing to permit *in camera* review as to some but not all of the documents on that list. In particular, Reed Smith need *not* produce for in camera review documents 1–2, 91–92, 97–99, 110, 114, 118–22, 125–26, 131–43, and 146–48. Reed Smith shall produce the remaining documents on Levon's log of 150 documents to chambers for *in camera* review no later than November 5, 2025. The Court declines to review the log of 20 additional documents. Dkt. No. 631-2.

SO ORDERED.

Dated: November 3, 2025
      New York, New York

                                            LEWIS J. LIMAN
                                        United States District Judge