```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
ELETSON HOLDINGS INC., et al.,                                         :
                                                                       :
                            Petitioners,                               :
                                                                       :        23-cv-7331 (LJL)
            -v-                                                        :
                                                                       :           ORDER
LEVONA HOLDINGS LTD., at al.,                                          :
                                                                       :
                            Respondents.                               :
                                                                       :
-----------------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

The law firm Reed Smith LLP ("Reed Smith") moves on behalf of what it calls "Unreorganized Holdings" for an order, pursuant to Federal Rule of Civil Procedure 24, permitting it to intervene in this action to assert and protect purported "privileged interests in property." Dkt. No. 627. Levona opposed the motion, Dkt. No. 640 (joined by Eletson, Dkt. No. 642), to which Reed Smith replied, Dkt. No. 645. The motion is denied as untimely and on the merits.

First, the Court's order of October 17, 2025, set a deadline of October 24, 2025 for a motion to intervene. Dkt. No. 643 at 17:19–22. No motion was made by that deadline. Instead, in disregard of this Court's Individual Practices, the Local Rules for the Southern District of New York, and the Federal Rules of Civil Procedure, Reed Smith filed on the docket a letter stating that it represented "Unreorganized Holdings," and entity with "sufficient existence to assert a privilege interest." Dkt. No. 624. Reed Smith attached to that letter a declaration from Vasilis Hadjieleftheriadis and from Greek lawyer John Markianos-Daniolos. *Id.* In response to the letter, the Court extended the deadline for an interested party to move to intervene but with

qualifications. It ordered that "[t]o the extent Mr. Hadjieleftheriadis, or any other individual, maintains an interest in the privileged documents at issue and wishes to be heard to protect that interest," the Court would "give them until October 27 to file a motion to intervene individually through a proper formal motion whereby, if granted, the individuals would be subject themselves to the jurisdiction of the Court." Dkt. No. 625. Instead, on October 27, Reed Smith filed a motion to intervene on behalf of "Unreorganized Holdings." Dkt. No. 627. No motion to intervene was filed on behalf of "Unreorganized Holdings" by October 24, 2025, so the motion filed now purportedly on behalf of "Unreorganized Holdings" is untimely. And no motion was filed by any individual, including Mr. Hadjieleftheriadis, to intervene by October 27, so the window for such a motion has now expired.

Second, even if not untimely, the motion to intervene on behalf of "Unreorganized Holdings" fails on the merits. Reed Smith's reply memorandum admits that what it now calls "Unreorganized Holdings" is nothing other than "the pre-reorganization Holdings." Dkt. No. 645 at 7. But "pre-reorganization Holdings" made the voluntary decision to ask the Bankruptcy Court to reorganize it, and the Bankruptcy Court complied with those wishes. It reorganized Holdings and Holdings, as reorganized, made the decision to terminate Reed Smith's representation.[1] The Bankruptcy Court's order has never been stayed or reversed. Reed Smith cannot speak on behalf of Holdings. "Unreorganized Holdings" is simply a fiction created to evade the effect of the Bankruptcy Court's order and to obtain by repeated incantation relief that the officers and directors of Holdings never sought from this Court. *See In re Eletson Holdings, Inc.*, 2025 WL 2710411, at *13 (S.D.N.Y. Sept. 22, 2025).

Third, recognizing that the Second Circuit has not addressed the question of "who

---

[1] The Second Circuit's most recent order recognizes that Holdings has new owners under the terms of the bankruptcy reorganization plan. Dkt. No. 634.

controls" Holdings and has signaled its "trust" that both this Court and the Bankruptcy Court "will tailor their proceedings to protect the privileged property at issue" pending the Second Circuit decision, Dkt. No. 450, the Court has permitted and will continue to permit Reed Smith as custodian of the documents in its possession to assert a privilege on behalf of Holdings on the assumption that its prior owners and directors remain in control of that entity. There is no reason to believe that Reed Smith could not adequately protect the interests of "pre-reorganized Holdings."

    The Clerk of Court is respectfully directed to close the motion at Dkt. No. 627.

    SO ORDERED.

Dated: November 18, 2025  
       New York, New York

                                                      LEWIS J. LIMAN  
                                          United States District Judge