```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/03/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ELETSON HOLDINGS INC.,

              Petitioner,

     -v-

LEVONA HOLDINGS LTD.,

             Respondent.
-------------------------------------------------------------------X

23-cv-7331 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

      On November 6, 2025, Reed Smith produced an *ex parte* document setting forth its argument as to why various documents submitted to the Court for *in camera* review should not be disclosed under the crime-fraud privilege exception. On November 19, the Court issued an order requiring Reed Smith to show cause as to why that *ex parte* submission should not be filed on the docket. Dkt. No. 647. The Court was concerned that the information in the *ex parte* submission was of the sort that would ordinarily be included in the privilege log and that it would undermine the Court's ability to make an informed decision on the challenge to privilege if Reed Smith's arguments were not subject to adversarial testing. Reed Smith requested the opportunity to submit, *ex parte*, proposed redactions, Dkt. No. 649, which this Court granted, Dkt. No. 650. On December 2, 2025, Reed Smith submitted the proposed redactions *ex parte*.

      Most, but not all, of the redactions proposed by Reed Smith are appropriate because they would reveal attorney-client communications or constitute (or would reveal) work product. The Court orders that Reed Smith file on the public docket the *ex parte* document with the redactions proposed by Reed Smith subject to the following exceptions.

- The proposed redactions to the *ex parte* explanations for documents 49, 87, and 90 are rejected. The filing shall not contain any redactions under those entries.

- The proposed redaction for document 77 is accepted as to only the third full sentence in that explanation.

With respect to documents 25–27, the subject of Gas's acquisition of its own shares is not privileged, but the language on the *ex parte* submission is privileged or would reveal work product.

Reed Smith shall file the document with the appropriate redactions by 5 p.m. on Thursday, December 4, 2025. Levona will file any challenges to the privileges asserted by 5 p.m. on Monday, December 8, 2025.

The Court has determined that the following documents fit within the crime-fraud exception in that they are "related to client communications in furtherance of contemplated or ongoing criminal or fraudulent conduct." *U.S. v. Jacobs*, 117 F.3d 82, 87 (2d Cir. 1997) (quoting *In re John Doe, Inc.*, 13 F.3d 633, 636 (2d Cir. 1994)). They are documents 57–70, 77, 79–80. Those documents shall be produced by Reed Smith to Levona no later than 5 p.m. on December 5, 2025.

SO ORDERED.

Dated: December 3, 2025
New York, New York

_____
LEWIS J. LIMAN
United States District Judge

2