UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
ELETSON HOLDINGS, INC.,                                            :
                                                                   :
                              Plaintiff,                           :
                                                                   :
       -v-                                                         :
                                                                   :
LEVONA HOLDINGS, LTD.,                                             :
                                                                   :
                              Defendant.                           :
                                                                   :
-------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/20/2026

23-cv-7331 (LJL)

MEMORANDUM AND
ORDER

LEWIS J. LIMAN, United States District Judge:

Familiarity with these proceedings is assumed.

On January 20, 2026, Levona submitted a motion for sanctions under Federal Rule of

Civil Procedure 11 and 28 U.S.C. § 1927, as well as the Court's inherent powers, against Reed

Smith, Greenberg Traurig, Certain of their Respective Lawyers, and their Respective or Actual

Putative Clients, along with an accompanying memorandum of law.  Dkt. Nos. 681–82.  On

January 29, counsel for Greenberg Traurig and Hal S. Schaftel ("Schaftel") requested an

extension to respond to the motion, which the Court granted.  Dkt. Nos. 684, 689.  On March 5,

2026, counsel for Reed Smith LLP ("Reed Smith") and Louis M. Solomon ("Solomon")

submitted its memorandum of law in opposition to the motion for sanctions, Dkt. No. 707, along

with a 115-page Declaration of Louis M. Solomon and 44 exhibits, Dkt. No. 708.  The same day,

counsel for Greenberg Traurig and Schaftel submitted a memorandum of law in opposition and

an eleven page declaration of Schaftel.  Dkt. Nos. 713–14.  Following submission of the motions

in opposition and the accompanying declarations, on March 11, 2026, Levona submitted a letter

motion seeking discovery and a stay of briefing on the motion for sanctions based on the

submissions.  Dkt. No. 715.  Both Reed Smith/Solomon and Greenberg Traurig/Schaftel submitted responses to the letter, to which Levona replied.  Dkt. Nos. 717–19.

Levona seeks discovery with respect to facts asserted in the declarations accompanying the opposition that "cannot be tested without discovery."  Dkt. No. 715 at 1.  Solomon's declaration includes, *inter alia*, references to client interviews conducted of which there is no previous factual record, Dkt. No. 708 ¶¶ 220–21, 243–45, 256, 309, to relevant client meetings, *id.* ¶¶ 226–27, 228–33, and further investigations of which no record was previously provided, *id.* ¶¶ 105–30, 185.  As Levona details in its reply, some of these assertions appear to correspond directly to documents it has identified on privilege logs produced by Reed Smith.  Dkt. No. 719 at 2; Dkt. No. 715 at 1–2 ("If contemporaneous records of the purported 'interviews,' 'discussions,' 'consultations,' 'investigations' and the like exist, they should be made subject to discovery; if not, that fact too is relevant to resolution of the motion.").  Schaftel's declaration includes factual assertions without reference to supporting documentation.  *See* Dkt. No. 715 at 2 (listing examples); Dkt. No. 714 ¶ 21 (referencing "our own assessment" based on "information we received from our clients").

In addressing a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure, the court retains the discretion to determine "[w]hether the matter should be decided solely on the basis of written submissions or should be scheduled for oral argument (or, indeed, for evidentiary presentation) . . . depend[ing] on the circumstances."  Fed. R. Civ. P. 11 adv. committee's note (1993).  Earlier commentary to Rule 11 noted as well that "[t]o assure that the efficiencies achieved through more effective operation of the pleading regimen will not be offset by the cost of satellite litigation over the imposition of sanctions, the court must to the extent possible limit the scope of sanction proceedings to the record.  Thus, discovery should be

2

conducted only by leave of court, and then only in extraordinary circumstances." Fed. R. Civ. P. 11 adv. Committee's note (1983). Courts that have addressed similar requests have looked to the language in the advisory committee notes as a guidepost in determining whether to permit discovery. *See Vasudevan Software, Inc. v. Int'l Bus. Machines Corp.*, 2011 WL 940263, at *5 (N.D. Cal. Feb. 18, 2011) ("Federal judges, and implicitly members of the bar, are urged by the Advisory Committee Note to the 1983 amendment of Rule 11 to 'limit the scope of sanction proceedings to the record' to the extent possible, allowing discovery only in extraordinary circumstances.") (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure 3D § 1337.3 (2004)); *see also Fairchild Semiconductor Corp. v. Third Dimension Semiconductor, Inc.*, 20009 WL 536917, at *2 (D. Me. Feb. 25, 2009).

This is the unusual case where discovery is appropriate. The parties opposing sanctions have asked the Court to go far beyond the existing record before the Court and to draw inferences in their favor by submitting two lengthy declarations. The declarations contain assertions about hotly-contested factual matters, as to which Levona has raised serious questions but which it also has not had the opportunity to test through discovery. Those matters are potentially material to the Court's resolution of the sanctions motions. Accordingly, in fairness to Levona and to be faithful to the deterrent purposes of Section 1927 and Rule 11, Levona must be afforded the opportunity to test those factual assertions.

Reed Smith argues that the submission of a declaration in connection with sanctions proceedings is commonplace and that to permit discovery on this basis would be tantamount to permitting discovery in every Rule 11 proceeding. Dkt. No. 717 at 2. But this is not the ordinary proceeding. The Court has already found that fraud was committed in the underlying arbitration proceeding in which Reed Smith was counsel. There exists a basis for Levona to

3

challenge the factual assertions in Reed Smith's 115-page factual declaration.

To the extent that the opposing parties are concerned that such discovery will impact the schedule for the sanctions motion, it was their own choice to introduce new facts into this already long-running litigation. Moreover, Levona is clear that it "not suggesting a lengthy discovery period." Dkt. No. 719 at 3. Reed Smith's argument that Levona is seeking through discovery to supplement their own motion is mistaken. Through their factual declarations Reed Smith and Greenberg Traurig have challenged the basis for Levona's sanctions motion. Levona has a right to respond to that challenge.

Levona's motion is granted. The Court will permit limited discovery into the factual assertions made in the declarations accompanying Reed Smith/Solomon's and Greenberg Traurig's/Schaftel's oppositions to the motion for sanctions. The parties are hereby ordered to meet and confer with respect to the conduct of that discovery. By one week from the date of this Order, the parties file on ECF a proposed joint schedule or, if no agreement is reached, competing proposals for discovery. Levona's time to reply to the opposition papers is stayed pending further order of the Court. The Clerk of Court is respectfully requested to close Dkt. No. 715.

SO ORDERED.

Dated: March 19, 2026
New York, New York

_____
LEWIS J. LIMAN
United States District Judge

4