USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 07/21/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELETSON HOLDINGS INC.,

Petitioner,

-v-

LEVONA HOLDINGS LTD.,

Respondent.

23-cv-7331 (LJL)

MEMORANDUM & ORDER

LEWIS J. LIMAN, United States District Judge:

Levona Holdings Ltd. ("Levona") moves for an order compelling Respondents Reed Smith LLP ("RS"), Louis M. Solomon ("Solomon" and with RS, the "RS Parties"), Greenberg Traurig , LLP ("GT"), and Hal S. Shaftel, Esq. ("Shaftel" and with GT, the "GT Parties" and with the RS Parties, "Respondents") to produce privilege logs. Dkt. No. 749.

Levona has filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the Court's inherent authority against the RS Parties, the GT Parties, and their respective actual or putative clients. Dkt. No. 681. In opposition to that motion, RS submitted a 115-page factual declaration of Solomon. Dkt. No. 708. GT submitted an 11-page factual declaration of Shaftel. Dkt. No. 714

By order of March 19, 2026, the Court permitted limited discovery into the factual assertions made in the Solomon and Shaftel declarations. Dkt. No. 727. The Court did so because the RS Parties and GT Parties had asked the Court to go beyond the existing record and to draw inferences in their favor by submitting lengthy declarations on "hotly-contested factual matters." *Id.* at 3. The Court ordered the parties to meet and confer with respect to the conduct of discovery and to submit either joint schedules or competing proposals for discovery. *Id.* at 4.

The parties submitted competing proposals. Dkt. Nos. 732–34. The Court resolved the disputes between the parties by order of April 14, 2026. Dkt. No. 737. It limited discovery to RS, GT, Solomon, and Shaftel; permitted the service of document requests; permitted the depositions of Solomon and Shaftel on the factual assertions made in their respective declarations; and precluded the service of interrogatories absent leave of the Court. *Id.* Privilege logs were not a disputed issue and so the Court did not rule on the issue of privilege logs. The Court stated that "Reed Smith/Solomon and Greenberg Traurig/Shaftel are relieved of the obligation to serve a privilege log pending further order of the Court." *Id.* at 2. The Court's intent in writing that sentence (which admittedly was not expressed) was to relieve the parties of the obligation set forth in Local Rule 26.2(b) of the Court's Local Rules that a privilege log be served at the time of the response to discovery. L. Civ. R. 26.2(b). The Court did not intend to convey that no privilege log would ever have to be served.

Levona argues that it needs a privilege log in order to assess and/or challenge Respondents' privilege claims. Dkt. No. 749. It asserts that without such a log Respondents would be able to withhold responsive and relevant documents "based merely on *ipse dixit* assertions of privilege." *Id.* at 3. It asks for information about, for example, "the number of withheld documents, their subjects, dates, and senders/recipients, which privilege is being asserted, and whose privilege is being asserted." *Id.* at 3. The RS Parties argue that the production of a privilege log would be burdensome and inappropriate when discovery is sought into a law firm's internal files and that instead, to the extent that the Court wishes to review any withheld documents, it be permitted to submit such documents *in camera*. Dkt. No. 750. For their part, the GT Parties say that they have never been opposed to production of a privilege log and that, to the extent that the Court is inclined to order a privilege log, it should be a categorical

log. Dkt. No. 751 at 2.

Respondents shall be ordered to produce a privilege log. By making factual assertions in their respective declarations, Respondents have put at issue the basis for those assertions. Respondents did not have to do so. They could have rested upon the court record alone and made arguments from that record as to why their conduct and that of their clients was not sanctionable. *See* Dkt. No. 727. The Court also gave Respondents a further offramp. It permitted document requests to test the factual assertions in the Solomon and Shaftel declarations "provided that such assertions [we]re not withdrawn." Dkt. No. 737 at 1. Respondents did not take that offramp. The volume of the documents to be reviewed is at least in part a function of the number of factual representations made in the declarations.

What Respondents cannot do is simultaneously ask the Court to rely upon the factual assertions made in their declarations and deny Levona the opportunity to test those assertions—or to test the privilege that would deprive them of documents relevant to testing those assertions. *See QBE Ins. Corp. v. Jorda Enters., Inc.*, 286 F.R.D. 661, 664 (S.D. Fla. 2012); *Deutche Bank Sec. Inc. v. Kingate Global Fund Ltd.*, 2022 WL 3644822, at *5 ("The purpose of a privilege log is to enable the opposing party and the court to test the asserted privilege.") (cleaned up). Indeed, both the RS Parties and the GT Parties apparently initially recognized the need for a privilege log. In setting forth their respective proposals for discovery, the RS Parties themselves offered to provide a privilege log, and the GT parties did not object to the production of such a log. Dkt. No. 732 at 1 (letter of RS Parties: "any privileged documents will be produced in the first instance in camera, with a log provided to Levona"); Dkt. No. 734 at 2 (letter of GT Parties: "GT is not in principle opposed to producing additional non-privileged documents (or logging metadata from privileged documents).").

The RS Parties now argues instead that a log is not necessary, and that instead courts "routinely use *in camera* review procedures in sanctions proceedings against counsel." Dkt. No. 750 at 2. The cases cited by the RS Parties do not support a different course of action. They stand for the uncontroversial proposition that a court may review privileged material *ex parte* either on its own order or where requested by the parties. But they do not speak to the question presented here, which is whether the *in camera* review of privileged documents can and should replace the delivery of privilege log with non-privileged information to a party challenging the assertion of the privilege. *See, e.g., Hassoun v.* Searls, 524 F. Supp. 3d 101, 108 (W.D.N.Y. 2021); *Int'l Bus. Counselors, Inc. v. Bank of Ikeda, Ltd.*, 1991 WL 51173, at *1–2 (S.D.N.Y. Apr. 3, 1991). Without that nonprivileged information, Levona would be unable to inform the Court of its view as to whether documents are privileged or not. And without such challenges by Levona, the Court would be left in the uncomfortable and unpalatable position of ordering the disclosure of documents as non-privileged *sua sponte* without the benefit of adversarial briefing and when no party has challenged the assertion of the privilege.

The parties have not joined issue on the form that a privilege log should take. Local Rule 26.2(c) encourages the use of efficient means of providing information regarding claims of privilege and further encourages parties to discuss measures that further this end. L. Civ. R. 26.2(c). There is no "one-size-fits-all" answer to the question whether an itemized log should be required or instead a categorical or metadata log permitted. The parties and the Court must consider, among other things, the nature of the privilege at issue, the volume of the documents, and the information that is needed for a party to challenge the assertion of the privilege. Those considerations can and may lead to different results for different parties. In this case, for example, there may be questions regarding the identity of the privilege holder with respect to one

of the Respondent groups that are not raised with respect to the other Respondent group. Those issues should be discussed by the parties.

The motion to compel the production of privilege logs is granted. The parties are directed to have the meet and confer as encouraged by Local Rule 26.2(c) and to report to the Court by one week from today with proposals regarding the timing and form of the privilege logs to be ordered. The Clerk of Court is respectfully requested to close Dkt. No. 749.

SO ORDERED.

Dated: July 21, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge