quinn emanuel trial lawyers | new york
295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7253**

WRITER'S EMAIL ADDRESS
**isaacnesser@quinnemanuel.com**

October 16, 2026

**VIA ECF**

Honorable Lewis J. Liman
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1620
New York, NY 10007-1312

Re: *Eletson Holdings, Inc. v. Levona Holdings Ltd.*, 23-cv-07331 (LJL)

Your Honor:

I am writing for Levona, jointly with Reed Smith LLP and Louis Solomon (collectively, the "RS Parties") and Greenberg Traurig, LLP and Hal Shaftel (collectively, the "GT Parties," and collectively with the RS Parties, "Respondents"), as required by the Court's October 7, 2026 order (ECF 766, the "Order"). The Order directed Levona and Respondents to provide a joint status report "detailing the status of discovery" on Levona's pending sanctions motion (ECF 681), "indicating when discovery will be completed," and "containing a proposal for when briefing on the motion for sanctions will conclude, either jointly or via separate position statements."

***"Status of discovery."*** Pursuant to the Court's April 14, 2026 order (ECF 737), Levona served document requests on Respondents on April 21. The current status of document productions, privilege logs, and related matters, is as follows:

(a) *GT Parties' production*. Beginning with an initial document production in early May and a meet-and-confer period thereafter, the GT Parties have produced a total of 1,722 documents across six productions, the last of which was served on September 9. On September 25, pursuant to the Court's prior order (ECF 755), the GT Parties served a privilege log with 1,887 entries. Levona identified perceived deficiencies in the log in an October 2 letter to which the GT Parties responded on October 8, in which they disagreed with certain of Levona's contentions but agreed to supplement their log to address others. They have since indicated they expect to serve a supplemental log by October 19.

(b) *RS Parties' production*. The RS Parties made four document productions between May 15 and September 9, at which point they indicated they had "substantially complete[d]" their

productions except for a "small production [expected to] follow next week." The additional production of 25 documents followed on September 25, bringing the Reed Smith Defendants' total production to 1,747 documents. They served an 8,060-entry log the same day, pursuant to the Court's prior order (ECF 755). Levona identified perceived deficiencies in the log in an October 2 letter to which the RS Parties responded on October 12, disagreeing with certain of Levona's contentions and agreeing to supplement their production and log to address others. The RS Parties' October 12 letter also indicated that the RS Parties were re-examining their document production in view of certain issues Levona had identified.

The RS Parties have since disclosed errors in their document review process that they are in the process of remedying and that will delay the completion of discovery. Specifically, in a series of communications over the course of this week, the RS Parties have stated that approximately 26,000 documents were inadvertently omitted from their document review population; that they are currently reviewing those documents; that they expect to complete the production of any non-privileged, responsive documents from that review by October 30, 2026; and that they expect to provide a log of any additional withheld documents by November 6, 2026.

(c) *Anticipated motion to compel*. Based on its review of the Respondents' document productions and privilege logs, and related meet-and-confer discussions, Levona anticipates moving to compel the production of certain documents. For example, Levona believes that Respondents are asserting privileges that Respondents do not control, that Mr. Solomon's and Mr. Shaftel's declarations waived, and/or that never existed pursuant to the crime-fraud exception. Respondents disagree, contending that their assertions of privilege have been appropriate. Accordingly, subject to a further meet-and-confer, Levona intends to file a motion to compel promptly after Respondents serve their supplemental logs and the RS Parties complete their supplemental document production. Levona respectfully requests the Court's guidance regarding whether the motion to compel should be filed as a letter-motion under Paragraph 4(C) of the Court's Individual Practices or as a formal motion; Respondents believe it should be filed as a formal motion in view of the number and importance of the issues that Levona has previewed to date.

Two recent developments may have implications for the foregoing privilege disputes. First, the Second Circuit Court of Appeals recently scheduled oral argument for December 16, 2026, on the various pending appeals from decisions issued in this action and the related bankruptcy case. Those appeals implicate, among other things, the effectiveness of Eletson Holdings' bankruptcy plan; this Court's order requiring Reed Smith to turn over its client file; and this Court's orders concerning the crime-fraud exception to privilege. Second, on October 6, 2026, the Piraeus Court of Appeal issued a decision that, Levona contends, rules that Eletson Holdings has been lawfully managed by its post-Plan board since November 2024 (*see* No. 26-cv-03620, ECF 113-17). In light of that decision, Levona on October 13, 2026, asked Respondents to confirm that they will not continue withholding documents on the basis of a privilege held by Holdings or its subsidiaries. The RS Parties have advised that they intend to continue to assert such privileges; in their view, the issue of who controls Holdings is pending on appeal in the Second Circuit and the documents being sought by Levona include those that are the subject of the Second Circuit's stay of this Court's turnover order and its expectation that this Court would tailor its proceedings "to protect the privileged property at issue." Second Cir. Case No. 25-445, Dkt. 66.1 (June 25,

2025). The GT Parties have advised that they are not withholding any documents on the basis of any privilege held by Holdings.

***"When discovery will be completed."*** The Court previously ordered (ECF 737) that only Mr. Solomon and Mr. Shaftel may be deposed on the sanctions motion. Levona and Respondents expect that those depositions, and hence all discovery on the sanctions motion, can be completed within 21 days after (i) the Court's resolution of Levona's anticipated motion to compel, if the motion is denied, or (ii) the production of any documents called for by Levona's anticipated motion to compel, if the motion is granted in whole or in part.

***"Proposal for when briefing on the motion for sanctions will conclude."*** The current posture is that Levona filed a 21-page opening brief in support of its sanctions motion (ECF 682); the RS Parties and GT Parties filed 25-page opposition briefs (ECFs 707, 713) supported respectively by Mr. Solomon's 115-page declaration (ECF 708) and Mr. Shaftel's 10-page declaration (ECF 714); and the Court stayed the date for Levona's reply (ECF 727). To accommodate the documents and testimony developed during discovery, Levona and Respondents jointly propose that remaining briefing on the sanctions motion should be as follows, without prejudice to subsequent requests for extensions of deadlines and/or page limits: (i) within 21 days after the final deposition, Levona may file one 25-page reply to Respondents' 50 pages of opposition briefs and 125 pages of declarations; (ii) within 14 days thereafter, the RS Parties and the GT Parties may each file a 10-page sur-reply; and (iii) within 7 days after the last sur-reply, Levona may file one 10-page sur-sur-reply.

Respectfully submitted,

*/s/ Isaac Nesser*

Isaac Nesser